**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHIEF HENRY V. TOBIN III,          :
                                   :
          Plaintiff,               :
                                   :    C.A. No. 04-1211 ***
          v.                       :
                                   :
THOMAS P. GORDON, individually:
and in his official capacity; :
SHERRY FREEBERY, individually :
and in her official capacity; :
COLONEL JOHN L. CUNNINGHAM,         :
RETIRED, individually;              :
COLONEL DAVID F. MCALLISTER,        :
individually and in his            :
official capacity; and             :
NEW CASTLE COUNTY,                  :
a municipal corporation,           :
                                   :
          Defendants.              :

JOINT PROPOSED
SCHEDULING ORDER

     This ____ day of _____, 200__, the Court

having conducted an initial Rule 16 scheduling and planning

conference pursuant to Local Rule 16.2(a) on December 7, 2007,

and the parties having determined after discussion that the

matter cannot be resolved at this juncture by settlement,

voluntary mediation, or binding arbitration;

     IT IS ORDERED that:

     1.  Rule 26(a)(1) Initial Disclosures and E-Discovery

Default Standard.  Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal

-1-

Rule of Civil procedure 26(a)(1) within five days of the date of this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

    2. <u>Joinder of other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before <u>March 7, 2008</u>.

    3. <u>Discovery</u>.

        a. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of <u>70</u> hours of taking testimony by deposition upon oral examination.

        b. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

        c. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before

June 13, 2008. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

      d.   Disclosure of Expert Testimony. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before April 14, 2008. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before May 14, 2008. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      e.   Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6173 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the

Court a letter, not to exceed three (3) pages, outlining the
issues in dispute and its position on those issues.  (The Court
does not seek extensive argument or authorities at this point; it
seeks simply a statement of the issue to be addressed and a
summary of the basis for the party's position on the issue.) Not
less than twenty-four (24) hours prior to the conference, any
party opposing the application for relief may file a letter, not
to exceed three (3) pages, outlining that party's reasons for its
opposition.  Should any document(s) be filed under seal, a copy
of the sealed document(s) must be provided to the Magistrate
Judge within one (1) hour of e-filing the document(s).  Should
the Court find further briefing necessary upon conclusion of the
telephone conference, the Court will order it.  Disputes over
protective orders or motions for extensions of time for briefing
case dispositive motions which are related to discovery matters
are to be addressed in the first instance in accordance with this
paragraph.

        4.  <u>Application to Court for Protective Order</u>.  Should
counsel find it will be necessary to apply to the Court for a
protective order specifying terms and conditions for the
disclosure of confidential information, counsel should confer and
attempt to reach an agreement on a proposed form of order and
submit it to the Court within ten (10) days from the date of this
Order.  Should counsel be unable to reach an agreement on a

proposed form of order, the counsel must first follow the
provisions of Paragraph 3e above.

Any proposed order should include the following paragraph:

> Other Proceedings. By entering this order
> and limiting the disclosure of information in
> this case, the Court does not intend to
> preclude another court from finding that
> information may be relevant and subject to
> disclosure in another case. Any person or
> party subject to this order who becomes
> subject to a motion to disclose another
> party's information designated "confidential"
> pursuant to this order shall promptly notify
> that party of the motion so that the party
> may have an opportunity to appear and be
> heard on whether that information should be
> disclosed.

5.    Papers Filed Under Seal. When filing papers under seal,
counsel should deliver to the Clerk an original and one copy of
the papers.

6.    ADR Process. To be discussed during the Rule 16
scheduling conference.

7.    Interim Status Report. On May 22, 2008, counsel shall
submit a joint interim report to the Court on the nature of the
matters in issue and the progress of discovery to date.

8.    Status Conference. On May 29, 2008, the Court will hold
a Rule 16(a), (b) and (c) conference by telephone with counsel
beginning at 9:00 a.m. Plaintiff's counsel shall initiate the
telephone call. At the time of this conference, counsel shall
also be prepared to discuss the progress, if any, of settlement
discussions and shall be prepared to discuss the possibility of

setting up a settlement conference with the Court, counsel and
their clients.  If all parties agree that there is nothing to
report, nor anything to add to the interim status report or to
this order, they shall notify the Court in writing before the
conference is scheduled to occur, and the conference will be
taken off of the Court's calendar.

9.  <u>Case Dispositive Motions</u>.  All case dispositive motions,
an opening brief, and affidavits, if any, in support of the
motion shall be served and filed on or before <u>August 15, 2008</u>.
Briefing will be presented pursuant to the Court's Local Rules.

10.  <u>Applications by Motion</u>.  Except as otherwise specified
herein, any application to the Court shall be by written motion
filed with the Clerk.  Unless otherwise requested by the Court,
counsel shall not deliver copies of papers or correspondence to
Chambers.  Any non-dispositive motion should contain the
statement required by Local Rule 7.1.1.

11.  <u>Pretrial Conference</u>.  On _____, 200__, the
Court will hold a Final Pretrial Conference in Chambers with
counsel beginning at ____ __.m.  Unless otherwise ordered by the
Court, the parties should assume that filing the pretrial order
satisfies the pretrial disclosure requirement of Federal Rule of
Civil Procedure 26(a)(3).  The parties shall file with the Court
the joint proposed final pretrial order with the information
required by the form of Final Pretrial Order which accompanies

-6-

this Scheduling Order on or before _____, ___, 200__.

    12.  <u>Motions in Limine</u>.  Motions *in limine* *shall* not be
separately filed.  All *in limine* requests and responses thereto
shall be set forth in the proposed pretrial order.  Each party
shall be limited to five *in limine* requests, unless otherwise
permitted by the Court.  The *in limine* request and any response
shall contain the authorities relied upon; each *in limine* request
may be supported by a maximum of three pages of argument.  If
more than one party is supporting or opposing an *in limine*
request, such support or opposition shall be combined in a single
three (3) page submission, unless otherwise ordered by the Court.
No separate briefing shall be submitted on *in limine* requests,
unless otherwise permitted by the Court.

    13.  <u>Jury Instructions, Voir Dire, and Special Verdict</u>
<u>Forms</u>.  Where a case is to be tried to a jury, pursuant to Local
Rules 47 and 51, the parties should file proposed voir dire,
instructions to the jury, and special verdict forms and jury
interrogatories three (3) full business days before the final
pretrial conference.  That submission shall be accompanied by a
computer diskette (in WordPerfect format) which contains the
instructions, proposed voir dire, special verdict forms, and jury
interrogatories.

    14.  <u>Trial</u>.  This matter is scheduled for a <u>five (5)</u> day
_____ trial beginning at 9:30 a.m. on _____, 200__.

For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of ___ hours to present their case.

**IT IS SO STIPULATED.**

| | |
|---|---|
| **THE NEUBERGER FIRM, P.A.** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| /s/ Thomas S. Neuberger | /s/ William W. Bowser |
| **THOMAS S. NEUBERGER, ESQ.** | **WILLIAM W. BOWSER, ESQ.** |
| Delaware Bar No. 243 | Delaware Bar No. 2239 |
| **STEPHEN J. NEUBERGER, ESQ.** | The Brandywine Building, 17th Floor |
| Delaware Bar No. 4440 | 1000 West Street |
| Two East Seventh Street | Wilmington, DE 19801 |
| Suite 302 | (302) 571-6601 |
| Wilmington, Delaware 19801 | wbowser@ycst.com |
| (302) 655-0582 | |
| TSN@NeubergerLaw.com | Attorney for Defendants |
| SJN@NeubergerLaw.com | Colonel David McAllister and |
| | New Castle County |
| | |
| **LAW OFFICE OF JOHN M. LaROSA** | **CHARLES E. BUTLER, ESQUIRE** |
| /s/ John M. LaRosa | /s/ Charles E. Butler |
| **JOHN M. LaROSA, ESQ.** | **CHARLES E. BUTLER, ESQ.** |
| Delaware Bar No. 4275 | Delaware Bar No. 2349 |
| Two East 7th Street | 1224 North King Street |
| Suite 302 | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | (302) 655-4100 |
| (302) 888-1290 | ceb@cebutler.com |
| JLR@LaRosaLaw.com | |
| | Attorney for Defendants |
| Attorneys for Plaintiff | Sherry L. Freebery and Thomas P. Gordon |
| | |
| | **OBERLY JENNINGS & RHODUNDA, P.A.** |
| | /s/ Kathleen M. Jennings |
| | **KATHLEEN M. JENNINGS, ESQ.** |
| | Delaware Bar No. 913 |
| | 800 Delaware Avenue, Suite 901 |
| | Wilmington, DE 19801 |
| | (302) 576-2000 |
| | kjennings@ojlaw.com |
| | |
| | Attorney for Defendant |
| | John L. Cunningham |
| | |
| Dated: December 4, 2007 | Dated: December 4, 2007 |

**IT IS SO ORDERED** this ____th day of _____,

200__.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

Tobin, Henry/Pleadings/Joint Proposed Sched Ordr