**EXHIBIT E**

## John M. LaRosa, Esquire

| | |
|---|---|
| From: | "DiBianca, Margaret" <mdibianca@ycst.com> |
| To: | "John M. LaRosa, Esquire" <JLR@LaRosaLaw.com> |
| Sent: | Monday, November 26, 2007 5:50 PM |
| Subject: | RE: Tobin v. Gordon |

Very creative. Thank you. We will be in touch regarding the proposed scheduling order prior to the deadline of next Monday, December 3, 2007.


Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Phone: 302-571-5008
Facsimile: 302-576-3476
mdibianca@ycst.com

-----Original Message-----
From: John M. LaRosa, Esquire [mailto:JLR@LaRosaLaw.com]
Sent: Monday, November 26, 2007 5:45 PM
To: DiBianca, Margaret
Cc: Neuberger, Esq., Stephen: Neuberger, Esq. Thomas S.
Subject: Re: Tobin v. Gordon

Ms. DiBianca,

Your obstructive email found below has been forwarded to me for a response.

You cannot blackmail plaintiff, into consenting to meritless briefing, designed to delay the gathering of evidence and the entry of a scheduling order, by offering to consent to the jurisdiction of the magistrate.

My client has the right to discovery now, and he insists on that right. Your clients have delayed plaintiff's day in court for far too long. Your request is simply incredible.

Agree to the proposed discovery plan submitted to defense counsel by 10am
tomorrow,
or I will just submit the plan and its related correspondence to the magistrate tomorrow. The court will have to deal with your obstruction and delay at the scheduled teleconference.

The defendants for several years now have sought to delay the gathering

of evidence in this case. That is now coming to an end.

As to your purported rationale, I point out that there are more than individual defendants in this case. The County is a municipal defendant, accordingly you can file no case dispositive motion relating to the County and discovery has to go forward for that reason alone. Qualified immunity does not apply to a municipal defendant.

I also remind you of your obligations under Rule 11. Perhaps you are not versed in its requirements, or your senior associates are treating you as the low person on the totem pole and they are setting you up for the fall.

An assertion of qualified immunity on the legal theories in this case is without factual or legal basis. The law prohibiting the retaliation asserted has been established for several decades. Before you sign any such qualified immunity motion, think long and hard about your obligations as an officer of the court and the possibility of sanctions against you. Beware of being the fall guy for the County or its prior officials who now have criminal records.

If you still think that such a motion is appropriate, and the court permits it at this late date, then we can brief it while discovery is progressing.

Very truly yours,

John M. LaRosa

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)
----- Original Message -----
From: "Stephen J. Neuberger" <SJN@neubergerlaw.com>
To: "Thomas S. Neuberger" <TSN@neubergerlaw.com>; "Cheryl Hertzog" <CherylH@neubergerlaw.com>; "John M. LaRosa, Esquire" <JLR@LaRosaLaw.com>
Sent: Monday, November 26, 2007 1:03 PM
Subject: FW: Tobin v. Gordon



-----Original Message-----
From: DiBianca, Margaret [mailto:mdibianca@ycst.com]
Sent: Monday, November 26, 2007 12:49 PM
To: Stephen J. Neuberger

Cc: Bowser, William; kjennings@ojlaw.com; ceb@cebutler.com; Wilson, Gregg
Subject: Tobin v. Gordon

Good afternoon,

I am writing in regards to the proposed scheduling order you forwarded before the holiday in the above-referenced matter.


> As you may know, the Defendants filed a Motion to Dismiss, which, in
> part, was based on grounds of qualified immunity in a related matter,
> Jamison v. Gordon. We expect to likely do the same for the Riddell
> and Tobin cases. Due to the qualified immunity issues, we will ask
> the Court to refrain from issuing a scheduling order until those
> motions have been decided.
>
> If you are amenable, Defendants would agree to Judge Thygne's
> jurisdiction if Plaintiff would agree to submit a jointly proposed
> briefing schedule in lieu of the proposed scheduling order.
>
> Please let me know if Plaintiff may be interested in such an
> agreement.
>
> Thank you,
>
> Molly DiBianca
>
> Margaret M. DiBianca, Esq.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE  19899-0391
> Phone: 302-571-5008
> Facsimile: 302-576-3476
> mdibianca@ycst.com
>
> This message may contain confidential attorney-client communications
> or other protected information. If you believe you are not an
> intended recipient (even if this message was sent to your e-mail
> address), you may not use, copy, or retransmit it. If you believe you
> received this message by mistake, please notify us by return e-mail,
> and then delete this message. Thank you for your cooperation.
>

11/28/2007