**EXHIBIT 2**

```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF DELAWARE

CHIEF HENRY V. TOBIN III,         :
                                  :
         Plaintiff,               :
                                  :
   v.                             :    C.A. No. 04-1211 MPT
                                  :
THOMAS P. GORDON, individually    :
and in his official capacity;     :
SHERRY FREEBERY, individually     :
and in her official capacity;     :
COLONEL JOHN L. CUNNINGHAM,       :
RETIRED, individually;            :
COLONEL DAVID F. MCALLISTER,      :
individually and in his           :
official capacity; and            :
NEW CASTLE COUNTY,                :
a municipal corporation,          :
                                  :
         Defendants.              :
```

UNSWORN DECLARATION OF JOHN M. LaROSA, ESQUIRE
UNDER 28 U.S.C. § 1746, IN SUPPORT OF CHIEF HENRY V. TOBIN III'S
MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

I, John M. LaRosa, Esquire, hereby depose and state as follows:

1. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I am competent to testify as to those facts.

2. I am an attorney admitted to practice in the States of Delaware, Pennsylvania and New Jersey. I currently practice through my own law firm, The Law Office of John M. LaRosa. I was co-counsel for plaintiff in this action through judgment.

### I. MY BACKGROUND

3. I have been practicing law for eight years. I received my Juris Doctor degree in 1999, from Widener University School of Law. There I was selected to be a member of the *Widener University Law Symposium Journal* through a legal writing competition in 1997, and served as a Research Assistant for Legal Research and Writing Professor Camille Chin from 1997 to 1998. I received my B.A. degree in Criminal Justice with a minor in Spanish in 1996, from the University of Delaware.

4. From approximately May of 1998 to December of 2000, I worked as a law clerk for Thomas S. Neuberger, Esquire while enrolled in law school, completing my Delaware preceptorship requirements under his tutelage and studying for three state Bar Exams.

5. I was admitted to the following bars on the dates indicated: the Pennsylvania Supreme Court, 2000; the New Jersey Supreme Court, 2000; the U.S. District Court for the District of New Jersey, 2000; the U.S. Court of Appeals for the Third Circuit, 2001; the U.S. District Court for the Eastern District of Pennsylvania, 2001, the Delaware Supreme Court, 2002; the U.S. District Court for the District of Delaware, 2003; and the U.S. Supreme Court, 2004. I am a member of the American Bar Association, the Delaware State Bar Association and the National Employment Lawyers Association.

6. In January of 2001, I founded my own firm, The Law Office of John M. LaRosa. I have a successful practice in employment, discrimination, civil rights and other civil litigation, in which I have represented clients throughout the States of Delaware, Pennsylvania and New Jersey.

7. Since admission to the Bar, some of my more significant employment, discrimination and civil rights reported judicial decisions include the following. I have not included numerous employment discrimination cases which were settled.

> Plummer v. Ryan,
> 2008 WL 400195 (Del. Supr. Feb. 15, 2008) (No. 4, 2008) (defeating town government's appeal to the state Supreme Court in a breach of employment contract and whistle blower case).
>
> Ryan v. Plummer,
> No. 06C-12-030 WLW (Del. Super. Dec. 18, 2007) (Witham, J.) (defeating town government's motion for summary judgment in a breach of employment contract case).
>
> Blozis v. Mellon Trust of Delaware National Association
> 494 F.Supp.2d 258 (D.Del. 2007) (Robinson, C.J.) (defeating financial institution-employer's motion for summary judgment in a retaliation and age discrimination case).
>
> Farrell v. AstraZeneca Pharmaceuticals, LP,
> 2005 WL 2122678 (D.Del. Sept. 2, 2005) (No. Civ. A. 04-285-KAJ) (Jordan, J.) (defeating pharmaceutical-employer's motion for summary judgment in a Family and Medical Leave Act case).
>
> Nolan v. Reading Blue Mountain & Northern Railroad Co.,
> 2005 WL 627981, 95 Fair Empl.Prac.Cas. (BNA) 772 (E.D.Pa. Mar. 11, 2005) (No. CIV. A. 02-2805) (Tucker, J.) (defeating transportation-employer's motion for summary judgment in an age discrimination case).

Pratta v. American General Financial Services, Inc.,
2004 WL 2537081 (D.Del. Nov. 5, 2004) (No. Civ. A. 04-089-JJF) (Farnan, J.)(defeating consumer lender-employer's motion to dismiss an age discrimination case from court and send the dispute to its own arbitrator).

Cuffee v. The Dover Wipes Co.,
334 F.Supp.2d 565, 94 Fair Empl.Prac.Cas. (BNA) 1461 (D.Del. Sept. 7, 2004) (No. Civ. A. 03-276-SLR) (Robinson, J.) (defeating two manufacturer-employers' motion for summary judgment on claims of pay discrimination based on sex and race).

Parker v. State,
2003 WL 24011961 (Del. Super. Oct. 14, 2003) (No. Civ. A. 99C-07-323-JRJ) (Jurden, J.) (granting nurse's motion to amend the complaint against a state health department in a race discrimination case).

## II. ATTORNEY'S FEES

8. As co-counsel, I ensured that an appropriate amount of time was being expended on the case. To the best of my ability, I have endeavored to limit the time expended on pleadings preparation, fact investigation and briefing, consistent with my professional obligation to our client and the financial loss he was suffering and to achieve the maximum level of efficiency in light of the level of experience of each professional working on the case. I believe we achieved these goals, and the services for which I request compensation as set forth herein were reasonable and necessary to the prosecution of this action. To avoid unnecessary duplication of effort, Thomas S. Neuberger, Stephen J. Neuberger and I divided tasks as follows. Thomas S. Neuberger oversaw all strategy, pleadings preparation, the course of factual investigation, our final work product on the briefing

4

and took the lead in all telephonic appearances before the Court. Stephen Neuberger ultimately was responsible for the legal research, first amendment law and briefing relating to all legal issues. I had responsibility for drafting the pleadings, the factual investigation including interviewing and preparing declarations for the fact witnesses and most communications with the Court, our client and opposing counsel, including acceptance of the offer of judgment in plaintiff's favor.

9. My office's normal practice of keeping time for billing purposes consists of recording electronically time, the date, a timekeeping code and a brief description of the services rendered on timekeeping software which is a part of the Quickbooks Pro 2005 software package. That information then can be collated and retrieved. In support of this fee application, I am attaching the following documents which are tabbed alphabetically.

    A.   A chronological listing describing all time spent on this case at the trial court level from its inception. Records include the date, the task and the time expended on the task.

    B.   A summary by task description for the total of all my time.

10. The time set forth in this declaration is taken from my office records. I believe that this time accurately depicts the time and services for this case for which I am seeking payment.

11. Set out below is the value of the lodestar and time in this case for my law firm at the trial court level.

**Total Lodestar Time at Trial Court Level: Law Office of John M. LaRosa**

Settlement communications

    Total Hours: 32.8

Complaint preparation (for original and First Amended Complaint)

    Total Hours: 16.5

Meetings and preparation

    Total Hours: 15.0

Draft documents

    Total Hours: 14.2

Factual investigation

    Total Hours: 13.8

Briefing (opposing Motion to Stay and Motion to Dismiss)

    Total Hours: 12.5

Telephone calls made

    Total Hours: 12.5

Memorandums and e-mails

    Total Hours: 6.7

Telephone calls received

    Total Hours: 4.2

Legal and factual analysis

    Total Hours: 3.7

Damages preparation and experts

                                                  Total Hours:    3.1

Legal research

                                                  Total Hours:    2.3

Initial consultation

                                                  Total Hours:    1.4

Total Hours for Law Office of John M. LaRosa:    138.7

                    Total Value of 138.7 hours

JLR   138.7[1] @ $250/hour

                                                  $    34,675.00

Total value of time after exercise of all billing judgment:
Law Office of John M. LaRosa

                                                  $    34,675.00

TOTAL VALUE OF TRIAL COURT LODESTAR: LAW OFFICE OF JOHN M. LaROSA

                                                  $    34,675.00

    12.   From the above, it can be seen that a total of 138.7 hours were devoted by my firm in this case.  In the exercise of billing judgment, I subtracted 14.8 hours from the higher total of 153.5, leaving a difference of 138.7 hours for which compensation is being sought at my normal hourly billing rate.  Accordingly, an attorneys' fee award of $34,675.00 for my firm is

---

    [1] This is the balance after 14.8 hours were eliminated for representation before the EEOC, media related activity and other administrative matters.

reasonable and appropriate in this case through February 22, 2008.

13. My hourly rate is the normal hourly rate that I regularly bill to clients who pay on an hourly, non-contingent basis. My firm has no other hourly rates, and it always has had a structure of just one hourly rate for the firm.

14. Finally, my time which is devoted to this present fee application will be set forth separately in another declaration which I will file in connection with Plaintiff's Reply Memorandum.

### III. CONCLUSION

15. From the above, it can be seen that a grand total of 138.7 hours were devoted by my firm to the successful resolution of this case.

16. Accordingly, I believe that an attorneys' fee award of $34,675.00 is reasonable and appropriate in this case for my work through February 22, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 1, 2008.

_____
JOHN M. LaROSA

Tobin/Motions/Attorneys' Fees/JLR Decl