**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIEF HENRY V. TOBIN III, | : |
| Plaintiff, | : |
| v. | : C.A. No. 04-1211 MPT |
| THOMAS P. GORDON, individually and in his official capacity; SHERRY FREEBERY, individually and in her official capacity; COLONEL JOHN L. CUNNINGHAM, RETIRED, individually; COLONEL DAVID F. MCALLISTER, individually and in his official capacity; and NEW CASTLE COUNTY, a municipal corporation, | : |
| Defendants. | : |

**UNSWORN DECLARATION OF WILLIAM H. EWING, ESQUIRE UNDER 28 U.S.C. § 1746, IN SUPPORT OF CHIEF HENRY V. TOBIN III'S MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS**

I, William H. Ewing, hereby state that the following facts are true and correct to the best of my knowledge, information and belief:

1. I make this declaration on my own personal knowledge, and I will testify hereto if called as a witness.

2. After graduating from the University of Pennsylvania Law School, magna cum laude, in 1965, I clerked for the Honorable Warren E. Burger on the United States Court of Appeals for the District of Columbia Circuit. I was admitted to the District of Columbia Bar in 1965, and the Pennsylvania Bar in 1970, and am

also a member of the Bars of the United States Supreme Court, the Courts of Appeals for the District of Columbia Circuit, the Third Circuit and the Tenth Circuit, and the District Courts for the District of Columbia, Eastern and Middle Districts of Pennsylvania, and Northern District of California.

3. Since 1970, I have been active in the private practice of law in Philadelphia, Pennsylvania. Until June 30, 1999, I was a shareholder in the firm of Connolly Epstein Chicco Foxman Oxholm & Ewing and its predecessors, and from July 1, 1999, to March 31, 2007, I was a member of Eckert Seamans Cherin & Mellott, LLC. I have had extensive experience in the preparation, trial and management of employment cases and other civil litigation.

4. Eckert Seamans has an office in Wilmington, Delaware, where my then-law-partner Karen Lee Turner practices bankruptcy law. Thomas S. Neuberger was the preceptor for Karen Lee Turner for five months, as she worked from his offices prior to her admission to the Delaware Bar.

5. My litigation experience includes representation of a substantial number of plaintiffs and defendants in employment cases, as well as bankruptcy, commercial and securities actions. I was the lead counsel for the plaintiff class in *Goodman v. Lukens Steel Company*, 580 F. Supp. 1114 (E.D. Pa. 1984), and argued that case in the Third Circuit, 777 F.2d 113 (1985), and

the United States Supreme Court, 482 U.S. 656 (1987).  Among the several other cases I have argued in the Court of Appeals for the Third Circuit are *McNaboe v. NVF Company*, 276 F.3d 578 (3d Cir. 2001), *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 920 F.2d 1175 (3d Cir. 1992), and *United Retail & Wholesale Emp. v. Yahn & McDonnell, Inc.*, 787 F.2d 128 (3d Cir. 1986), *aff'd by an equally divided court*, 481 U.S. 735 (1987).

6.  Upon invitation, I have made presentations in a number of professional education programs, including the following:

**Plaintiff's Employment Panel of the United States District Court for the Eastern District of Pennsylvania: Educational Program**

"Damages and Attorney's Fees", 1990, 1991 and 1992.

"Discovery in Employment Cases", 1993.

"Ethics Issues in Employment Litigation", 1994.

"Alternative Dispute Resolution in Employment Discrimination Cases", 1995.

"Settlement Strategies", 1996.

Moderator, Panel of District Judges, 1997, 1998, 1999 and 2000.

Panelist, "Attorney's Fees After *Buckhannon*," 2001.

Panelist, "The Latest on *Buckhannon* and Attorney Fees," 2002.

Panelist, "After-Acquired Evidence: Reviewing the Landscape," 2003.

**Pennsylvania Bar Institute: Annual Employment Law Institutes**

Panelist, "ETHICS: Communicating With Employees & Former Employees", 1995.

-3-

>Co-presenter, "Negotiation And Settlement Strategies In The Age Discrimination Case", 1996. (Repeated in Hot Topics In Employment Law course, 1996.)
>
>Panelist, "The Trial of an Age Discrimination Case," 1999.
>
>Co-Presenter, "Sexual Harassment Update," 2007.

**American Bar Association Section of Labor and Employment Law: Anniversary Celebration**

>Panelist, "Advancement in the Workplace: Pay, Promotion, Pregnancy and the Glass Ceiling", 1995.

**National Employment Lawyers Association: Regional Conference**

>Co-presenter, "Fee Applications: A Practical Discussion", 1996.

**National Employment Lawyers Association: Trial Practice for the Plaintiff Employment Lawyer**

>Co-presenter, "Exploring 'Backroom' Strategies During Trial", 1997.

**National Employment Lawyers Association Annual Convention, 2005**

>Moderator, "How To Pick Apart The Defendant's Human Resources Procedures."

**Philadelphia Bar Education Center: Helping Real Estate Clients To Do Business in Philadelphia**

>Materials editor and participant, 1995.

--4--

**Philadelphia Bar Education Center: Real Estate and Land Use Practice Under Disability and Fair Housing Law**

> Co-Course Planner and presenter, "Fair Housing Law As Applied", 1996.

**City of Philadelphia Law Department: Life in the Big City V – Selected Topics for Municipal Attorneys**

> Presenter, "What Zoning Is All About" and "Standing", 1999.

7. The practice of employment law is full of pitfalls for the practitioner who is not both skillful and diligent because the law is still evolving at a rapid rate. Section 1983 First Amendment cases are particularly problematic because the adversary is a governmental entity, and they involve complex issues of immunity and whether the speech addresses a matter of public concern. This area of the law is unique in requiring the plaintiff to prove not only that his right was infringed, but also that the right is "clearly established." Successful representation of a plaintiff in a First Amendment case requires a high degree of competence and dedication, along with a greater time commitment than would be required in less complex and more settled areas of the law.

8. In my years of practice, I have become familiar with the market rates for attorneys who engage in civil rights and other employment litigation in the Third Circuit, including Wilmington and Philadelphia, Pennsylvania.

9. I am also personally familiar with the background,

skill, reputation and federal court litigation experience of both Thomas S. Neuberger and Stephen J. Neuberger.  Thomas S. Neuberger and I have served as co-counsel with one another, and jointly we tried *McNaboe v. NVF Company,* 2000 U.S. Dist. LEXIS 4418 (D.Del. 2000), *aff'd in part and rev'd in part,* 276 F.3d 578 (3d Cir. 2001).  I have also had occasion to work with Stephen J. Neuberger and have often sought his opinion and advice on various aspects of employment law.

    10.  Thomas S. Neuberger's requested rate of $450 per hour is well within the range of rates prevailing in the community for representation before a United States District Court and for other services of similar complexity and specialization by lawyers whose background, skill, experience and reputation are reasonably comparable to his.  I no longer handle litigation, but, when I was still handling litigation at Eckert Seamans Cherin & Mellott, LLC, my own hourly rate for such services was $425.

    11.  The hourly rate of $250 per hour for Stephen J. Neuberger is also reasonable and within the range of rates prevailing in the community for attorneys of his background, skill, reputation, and experience.  Although young in years, he has demonstrated formidable legal understanding and talent.

     I declare under penalty of perjury that the foregoing is true and correct. Executed on ___April 19___, 2008.

_____
WILLIAM H. EWING