**EXHIBIT 6**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHIEF HENRY V. TOBIN III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1211 MPT |
| | : | |
| THOMAS P. GORDON, individually | : | |
| and in his official capacity; | : | |
| SHERRY FREEBERY, individually | : | |
| and in her official capacity; | : | |
| COLONEL JOHN L. CUNNINGHAM, | : | |
| RETIRED, individually; | : | |
| COLONEL DAVID F. MCALLISTER, | : | |
| individually and in his | : | |
| official capacity; and | : | |
| NEW CASTLE COUNTY, | : | |
| a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

UNSWORN DECLARATION OF MARTIN D. HAVERLY, ESQUIRE
UNDER 28 U.S.C. § 1746, IN SUPPORT OF CHIEF HENRY V. TOBIN III'S MOTION
FOR REASONABLE ATTORNEYS' FEES AND COSTS

I, Martin D. Haverly, Esquire, hereby depose and state as follows:

1.    I make this declaration on my own personal knowledge, and I will testify hereto if called as a witness.

2.    I have been practicing law for fourteen years. I am licensed to practice in Delaware and Pennsylvania. I received my J.D. degree from Dickinson School of Law in Carlisle, Pennsylvania. While at Dickinson, I was a member of the Trial Moot Court Board and President of the School's Chapter of the Christian Legal Society. I received my B.A. in 1989 from the College of William and Mary, Williamsburg, Virginia, having double majored in Economics and Government. While at William & Mary, I was a member of the Government

Honor Society.

3.      I have been admitted to the following Bars on the years indicated:  the

Pennsylvania Supreme Court, 1993: the Delaware Supreme Court, 1994; the U.S. District Court

for the District of Delaware, 1995;  the Third Circuit Court of Appeals, 1995; the U. S. Supreme

Court, 1997; and the U.S. District Court for the Middle District of Pennsylvania, May 2001.  I

am a member of the Delaware and Pennsylvania State Bar Associations, the Delaware

Employment Lawyers Association, and the American Association for Justice (formerly the

American Trial Lawyers Association).  Presently, I am the Vice Chair and Treasurer for the

Small Firms & Solo Practitioners Section of the Delaware State Bar Association.

4.      Since 1994, I have been a practicing attorney in Wilmington, Delaware and the

founder of the firm of Martin D. Haverly, Attorney At Law, practicing in the areas of

constitutional law, employment discrimination, plaintiff's personal injury, wills and estates,

family law and other civil litigation.  Throughout the years, the majority of my practice has

involved employment discrimination and constitutional rights.  I have had significant experience

in the preparation, trial and management of employment cases and other civil litigation.  Some of

my previous cases include the following:

> Price v. Chaffinch, 2006 WL 1313 178 (D.Del.2006) (Constitutional Free Speech Clause
> case with a $1.9 million jury verdict, which was vacated due to Ceballos, 126 S.Ct. 1951
> (2006), issues):
>
> Sheridan v. E. I. DuPont de Nemours & Co., 100 F.3d 1061 (3rd Cir. 1996) (en banc)
> (Plaintiff's jury verdict and the "pretext only" paradigm for proof of intentional
> discrimination established);
>
> Hawkins v. Division of State Police, et al., C.A. No. 99-297-SLR (Religious
> discrimination case which successfully obtained an offer of judgment and caused the
> State to stop using the MMPI-1 test and begin using the MMPI-2 test for psychiatric
> testing of Delaware State Troopers):

Panaro v. J.C. Penny, Inc., C.A. 01C-02-010 JOH, 2002 WL 130692 (Del. Super. 2002)(In a personal injury case, admission into evidence of direct examination of deceased deponent/plaintiff does not infringe upon defendant's right of confrontation or cross-examination where defendant's counsel conducted nearly one and a half hours of discovery deposition cross examination of deponent/plaintiff prior to deponent/plaintiff's death).

Underwood v. Sear Roebuck and Co., 343 F.Supp.2d 259 (D.Del. 2004) (Gender discrimination claim survived Motion for Summary Judgment);

Shotzberger v. State of Delaware Dept. Of Correction, 2004 WL 758354 (D.Del. Jan. 30, 2004) (Gender discrimination claim survived Motion for Summary Judgement);

Stull v. Thomas S. Neuberger, P.A., 2003 WL 21481016 (Del. Super. Feb. 28, 2003) (Effect of Delaware accord and satisfaction law on a contract for legal services).

This list does not include numerous employment discrimination cases which I settled. Most of those matters are subject to confidentiality agreements and the names of the parties cannot be disclosed.

5.    I have lectured on employment law matters in Delaware. On June 15, 2000, I lectured at the Delaware State Bar Association's Labor and Employment Law Continuing Legal Education Seminar on "Summary Judgment and the Burden of Proof in the Third Circuit." On March 23, 2005, I lectured at the Delaware State Bar Association's Labor and Employment Law Continuing Legal Education Seminar on "Drafting Employment Related Documents." On April 5, 2007, I guest lectured on employment law at the University of Delaware Nonprofit Management Certificate Course at the University of Delaware.

6.    The practice of employment law is full of pitfalls for the practitioner who is not both skillful and diligent because the law is still evolving at a rapid rate. Section 1983 First Amendment cases are particularly problematic because the adversary is a governmental entity, and they involve complex issues of immunity and whether the speech addresses a matter of public concern. This area of law is unique in requiring the plaintiff to prove not only that his

3

right was infringed, but also that the right is "clearly established." Successful representation of a plaintiff in a First Amendment case requires a high degree of competence and dedication, along with a greater time commitment than is required in less complex and more settled areas of law.

7.      In my years of practice, I have become familiar with the market rates for attorneys who engage in civil rights cases and litigation in the Third Circuit, including Wilmington, Delaware.

8.      I also am personally familiar with the background, skill, reputation and federal litigation experience of John M. LaRosa. As a member of the Pennsylvania bar, I sponsored John M. LaRosa and moved his admission to the Pennsylvania bar on May 18, 2000. Since then, John M. LaRosa and I also have served as co-counsel with one another in civil rights and employment cases and other civil litigation matters.

9.      I believe that the hourly rate of $250.00 per hour which is sought by John M. LaRosa in this action is very reasonable under the circumstances of this case for an attorney of the background, skill, reputation and experience of John M. LaRosa. and is within the range charged by lawyers of comparable experience and skill in the Third Circuit and Wilmington, Delaware for services in such litigation. and also in litigation of similar complexity which also requires comparable skill and experience.

I declare under penalty of perjury that the foregoing is true and correct. Executed on ____April 23rd____. 2008.

MARTIN D. HAVERLY

4