IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HENRY V. TOBIN, III,                          )
                                              )
                              Plaintiff,      )
                                              )
              v.                              )   C.A. No. 04-1211-MPT
                                              )
THOMAS P. GORDON, individually and in         )
his official capacity; SHERRY FREEBERY,       )
individually and in her official capacity;    )
COLONEL JOHN L. CUNNINGHAM,                    )
RETIRED, individually; COLONEL                )
DAVID F. MCALLISTER, individually and         )
in his official capacity; and NEW CASTLE      )
COUNTY, a municipal corporation,              )
                                              )
                              Defendants.      )

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION OF PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

William W. Bowser, Esq. (Bar I.D. 2239)
Margaret M. DiBianca, Esq. (Bar I.D. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
Email: mdibianca@ycst.com
*Attorneys for Defendant New Castle County*

and

Charles E. Butler, Esq. (Bar I.D. 2349)
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com
*Attorneys for Defendants Sherry Freebery, Thomas P.
Gordon, and Colonel David F. McAllister, each in their
individual capacity*

{Signatures continued on following page}

Kathleen M. Jennings, Esquire (Bar I.D. 913)
WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
1220 North Market Street, Suite 710
P.O. Box 2054
Wilmington, Delaware 19899-2054
Telephone: (302) 777-6926
Facsimile: (302) 778-7906
E-mail: kjennings@wolfblock.com
*Attorneys for Defendant John L. Cunningham*

Dated:  June 2, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... iv

FACTS ......................................................................................................................................... 1

    A.    The Procedural History of the Present Case and Other, Related Cases ................... 1

    B.    The Inactivity In This Case During the Stay ........................................................... 3

ARGUMENT ............................................................................................................................. 9

I.    APPLICABLE STANDARD OF LAW ....................................................................... 9

II.    PLAINTIFF'S RECOVERY DOES NOT ENTITLE HIM TO AN
    AWARD OF ATTORNEY'S FEES .............................................................................. 12

    A.    Plaintiff Is Not Eligible for Fees Because He is Not a "Prevailing
        Party" ..................................................................................................................... 12

    B.    Even If Plaintiff Is a Prevailing Party, His Purely Technical or *De
        Minimis* Success Precludes an Award of Attorney's Fees ..................................... 15

III.    IF ANY FEE AWARD IS GRANTED, ALL ENTRIES THAT ARE
    NON-COMPENSABLE, EXCESSIVE, DUPLICATIVE, AND
    UNSPECIFIC REQUESTS MUST FIRST BE ELIMINATED .................................... 22

    A.    Activities That Are Ineligible for Compensation.................................................... 23

    B.    Excessive Time Should Be Reduced or Eliminated............................................... 26

    C.    Time Compensable at a Paralegal's Rate Must Be Reduced to Reflect
        the Proper Rate....................................................................................................... 27

    D.    Entries That Lack the Requisite Specificity Must Be Eliminated ......................... 28

    E.    Reduction to the Reduced Lodestar ...................................................................... 29

CONCLUSION ........................................................................................................................ 30

# TABLE OF AUTHORITIES

**Cases**

Annunziato v. The Gan, Inc.
  744  F.2d 244 (2d Cir. 1984)......................................................................9

Ashley v. Atlantic Richfield Co.,
  794 F.2d 128 (3d Cir. 1986)..............................................................9, 10

Barber v. T.D. Williamson, Inc.,
  254 F.3d 1223 (10th Cir. 2001).............................................................19

Blum v. Stenson,
  465 U.S. 866 (1984) ....................................................................11, 28

Briggs v. Marshall,
  93 F.3d 355 (7th Cir. 1996).............................................................19, 20

Clark v. Sims,
  28 F.3d 420 (4th Cir. 1994).................................................................19

Connolly v. Nat'l Sch. Bus Serv., Inc.,
  177 F.3d 593 (7th Cir. 1999)................................................................23

Cook v. Block,
  609 F. Supp. 1036 (D.D.C. 1985) ..........................................................24

Cruz v. Hauck,
  762 F.2d 1230 (5th Cir. 1985)..........................................................9, 28

Domanski v. Funtime, Inc.,
  149 F.R.D. 556 (N.D. Ohio 1993)...........................................................19

Eruv Assn., Inc. v. Borough of Tenafly,
  195 Fed. App'x 93 (3d Cir. 2006)..........................................................24

Evans v. Port Auth. of N.Y. & N.J.,
  273 F.3d 346 (3d Cir. 2001)...........................................................11, 28

Farrar v. Hobby,
  506 U.S. 103 (1992) .................................................................... passim

Fisher v. Kelly,
  105 F.3d 350 (7th Cir. 1997)...............................................10, 12, 15, 21

Garcetti v. Ceballos,
  126 S. Ct. 1951 (2006)........................................................................5

Gekas v. Attorney Registration & Disciplinary Commn.,
  793 F.2d 846 (7th Cir. 1986)................................................................13

Halderman v. Pennhurst State Sch. & Hosp.,
  49 F.3d 939 (3d Cir. 1995)..................................................................24

Hensley v. Eckerhart,
    461 U.S. 424 ( 1983) ...............................................................................9, 28

Hill v. Richardson,
    7 F.3d 656 (7th Cir. 1993) ...........................................................................14

Holmes v. Milcreek Twp. Sch. Dist.,
    205 F.3d 583 (3d Cir. 2000)....................................................................13, 14

Hooper v. Demco, Inc.,
    37 F.3d 287 (7th Cir. 1994)....................................................................13, 15

In re Fine Paper Litig.,
    751 F.2d 562 (3d Cir. 1984)..........................................................................28

Isabel v. City of Memphis,
    404 F.3d 404 (6th Cir. 2005).........................................................................17

Jacobs v. Mancuso,
    825 F.2d 559 (1st Cir. 1987) .........................................................................28

Lowe v. UNUM Life Ins. Co.,
    No. 05-00368,
    2007 U.S. Dist. LEXIS 94300 (E.D. Cal. Dec. 14, 2007) ...........................25

Lundin v. Mecham,
    980 F.2d 1450 (D.C. 1992) ...........................................................................25

Maldonado v. Neb. Dep't of Pub. Welfare,
    223 Neb. 485 (Neb. 1986).............................................................................25

Manders v. Okla.,
    875 F.2d 263 (10th Cir. 1989).......................................................................25

Mango v. Commc'ns Workers, Local 1105,
    765 F. Supp. 152 (S.D.N.Y. 1991) ...............................................................24

Marek v. Chesny,
    473 U.S. 1 (1985) ...................................................................................10, 23

Mercer v. Duke Univ.,
    401 F.3d 199 (4th Cir. 2005).........................................................................19

Metro. Pittsburgh Crusade for Voters v. Pittsburgh,
    964 F.2d 244 (3d Cir. 1992)...........................................................................13

Missouri v. Jenkins,
    109 S. Ct. 2463 (1989)............................................................................24, 28

N.Y. Gaslight Club, Inc. v. Carey,
    447 U.S. 54 (1980) ........................................................................................25

Northeast Women's Ctr. v. McMonagle,
    889 F.2d 466 (3d Cir. 1989),
    cert. denied, 494 U.S. 1068 (1990)...............................................................11

Petrunich v. Sun Building Sys., Inc.,
   C.A. No. 04-2234,
   2008 U.S. Dist. LEXIS 28188 (M.D. Pa. Apr. 7, 2008) .................................. 16, 19, 20

Pigeaud v. McLaren,
   699 F.2d 401 (7th Cir. 1983).................................................................. 12, 21

Pino v. Locascio,
   101 F.3d 235 (2d Cir. 1996)....................................................................... 20

Pouillon v. Little,
   326 F.3d 713 (6th Cir. 2003)...................................................................... 19

Pretlow v. Cumberland County Bd. of Soc. Servs.,
   C.A. No. 04-2885,
   2005 U.S. Dist. LEXIS 35547 (D.N.J. Dec. 20, 2005)......................................... 24, 26

Public Int. Research Group of N.J., Inc. v. Windall,
   51 F.3d 1179 (3d Cir. 1995)........................................................................ 11

Randolph v. Schubert,
   No. 06-0050; -005,
   2007 U.S. Dist. LEXIS 55050 (M.D. Tenn. July 27, 2007) ...................................... 17

Rock Creek Ltd. v. State Water Resources Control Bd.,
   972 F.2d 274 (9th Cir. 1992)....................................................................... 25

Rode v. Dellarciprete,
   892 F.2d 1177 (3d Cir. 1990)...................................................................... 11

Sampson v. Embassy Suites,Inc.,
   C.A. No. 95-7794,
   1998 U.S. Dist. LEXIS 16646 (E.D. Pa. Oct. 16, 1998) ................................... passim

Smith v. Robinson,
   468 U.S. 992 (1984) .................................................................................. 9

Starnes v. Hill,
   589 F. Supp. 341 (W.D.N.C. 1984),
   aff'd in relevant part, 790 F.2d 1071 (4th Cir. 1986)........................................ 28

Tenafly Eruv Ass'n v. Borough of Tenafly,
   195 Fed. Appx. 93 (3d Cir. N.J. 2006) ......................................................... 28

Tobin v. Haverford Sch.,
   936 F. Supp. 284 (E.D. Pa. 1996)............................................................ 10, 11

UAW Local 529 v. Metro Auto Ctr.,
   501 F.2d 283 (3d Cir. 2007)....................................................................... 28

Washington v. Phila. County Court of Common Pleas,
   89 F.3d 1031 (3d Cir. Pa. 1996)................................................................... 29

Webb v. Bd. of Educ.,
   471 U.S. 234 (1985) ................................................................................ 25

**Statutes**

42 U.S.C § 1988 ........................................................................................... 9, 10

42 U.S.C. § 1983 ......................................................................................... passim

Fed. R. Civ. P. 6 .............................................................................................. 6

Fed. R. Civ. P. 68 ......................................................................................... 6, 10

# FACTS

## A.    The Procedural History of the Present Case and Other, Related Cases

This case was the first of three related cases to be filed.[1]  Each case was brought against the same defendants and each was brought by a current or former member of the New Castle County Police Department ("NCCPD").  The plaintiffs in all three cases are represented by The Neuberger Firm.  Additionally, John M. LaRosa, Esq. is co-counsel on two of the three cases, including the case *sub justice*.

Plaintiff filed his Complaint with this Court on August 27, 2004.[2]  Named as defendants were New Castle County ("NCC" or the "County"), Thomas P. Gordon, Sherry Freebery, John L. Cunningham, and David F. McAllister (collectively, the "Individual Defendants").  The Complaint contained two counts, both alleging violation of Plaintiff's rights under the First Amendment of the United States Constitution.[3]

Less than one week after the Complaint in this case was filed, Plaintiff's counsel filed the complaint in the second related case, Riddell v. Gordon, *et al.*.  Like Tobin, the Riddell complaint asserted First Amendment violations and, additionally, an Equal Protection Clause claim.  The third of the three cases was Jamison v. Gordon, *et al.*, which was filed less than four months after Tobin and Riddell, on December 30, 2004.  The Jamison complaint alleged a claim of age discrimination as well as a First Amendment claim.

A brief comparison of the three complaints may be warranted at this juncture.  More than one-half of the 147 paragraphs contained in the Tobin Complaint are identical to

---

[1] See Jamison v. Gordon, et al., C.A. No. 04-1568 (D. Del.); Riddell v. Gordon, et al., C.A. No. 04-1201 (D. Del.).

[2] (D.I. 1).

[3] (D.I. 1).

paragraphs in the <u>Riddell</u> and <u>Jamison</u> complaints or are pulled straight out of the criminal indictment cited therein.[4]  Without the duplicate paragraphs, Plaintiff's Complaint is reduced from 29 to approximately 13 pages in length.

The relief sought by Plaintiff is set forth in thirteen paragraphs.[5]  Plaintiff sought monetary damages in the form of compensatory and punitive damages;[6] attorney's fees, costs and pre- and post-judgment interest.[7]  He sought several forms of injunctive relief, including the promotion to Captain that served as the alleged adverse action.[8]

Additionally, Plaintiff requested a reparative injunction directing that a signed document be placed in his personnel file indicating that he was qualified for promotion but, only because of Defendants' illegal conduct, did not receive such promotion.[9]  He also sought a declaratory judgment declaring the acts of the defendants to be in violation of Plaintiff's constitutional rights.[10]  He also requested a reparative injunctive directing that, upon his retirement, Plaintiff's pension and other benefits be calculated as if he had been promoted to the rank of Captain on May 12, 2003.[11]  And, finally, Plaintiff requested the Court to issue a

---

[4] <u>See, e.g.,</u> (D.I. 1 at ¶¶ 2, 4, 5, 6, 8-13, 15); (D.I. 1 at ¶¶ 15, 16A-F) (citing the paragraph of the indictment from which the language was taken).

[5] (D.I. 1 at 27-29).

[6] (D.I. 1 at 27(C)(D)).

[7] <u>Id.</u> at L.

[8] <u>Id.</u> at E.

[9] <u>Id.</u> at J.

[10] <u>Id.</u> at B.

[11] <u>Id.</u> at G.

mandatory injunction "ending the continuing illegal actions of the defendants" and a permanent injunction protecting him from retaliation.[12]

**B.    The Inactivity In This Case During the Stay**

After the complaints were filed, Defendants moved to stay <u>Tobin</u> and <u>Riddell</u> until the resolution of criminal charges then pending against Defendants Gordon and Freebery. The Court granted the motions and ordered the cases stayed on December 15, 2004.[13]  Both cases remained under stay for approximately three years.  <u>Jamison</u> was not officially stayed but the parties agreed to consecutive extensions of the time for Defendants to file their Answer.  Thus, <u>Jamison</u> was effectively stayed at the same time as <u>Tobin</u> and <u>Riddell</u>.

**1.    Plaintiff Makes a Multi-Million Dollar Settlement Demand**

In April 2005, approximately eight months after filing his Complaint, Plaintiff issued his first settlement demand in a 37-page letter sent to County Attorney Gregg E. Wilson, Esq. and signed by Thomas S. Neuberger, Esq. (the "2005 Demand").[14]  The first five pages of the 2005 Demand are taken, *verbatim*, from the Complaint.[15]

The demand sought compensatory damages in the amount of $1.5 million plus legal fees and costs of $34,200. [16]  But, for this nearly $2 million payment, only the County

---

[12] <u>Id.</u> at H,I, K.

[13] <u>Tobin</u> (D.I. 13); (<u>Riddell</u> D.I. 13).

[14] <u>See</u> Letter to Gregg E. Wilson, Esq. from Thomas S. Neuberger, Esq. dated April 26, 2005, attached as Exhibit 1.

[15] 2005 Demand:  pp. 1-5.

[16] 2005 Demand at p. 64.  According to the 2005 Demand, Defendants had incurred legal fees in the amount of $25,179.66 paid to the law firm of Young Conaway Stargatt & Taylor, LLP, and $3,770 paid to the law firm of Oberly Jennings & Rhodunda, P.A.  Thus, according to Plaintiff's estimates, the seven defendants in the case had incurred a total of $28,949.66—more than $5,000

would have been released; the Individual Defendants were excluded from the proposal.[17]  In his

proposal, Plaintiff justified this multi-million-dollar demand by explaining what he believed to

be the County's potential liability:

> [T]here is no way any jury will not return a very sizeable judgment
> against all defendants in this case.  First, there is the value of the
> wage, pension, and other economic losses in the case which range
> from $275,000, $331,000, $361,000, and $574,000.  The latter two
> figures are for lost promotion opportunities beyond captain.  His
> pension loss is as high as $333,992, as explained by [Plaintiff's
> economic expert].  His lost earnings and other benefits are as high
> as $205,014.[18]

The settlement proposal goes on that a jury would likely award Plaintiff $300,000 or more for his

emotional distress, an equal amount for the damage to his reputation, and another $300,000 for

humiliation.

And finally, Plaintiff's settlement demand warned that the "plethora of  record

evidence" supported "crushing punitive damage awards."[19]  He estimated that Defendants

Gordon and Freebery would both be subject to punitive damages that would start at $1.5 million

each and could range as high as $5 to $10 million, per defendant.[20]  In all, Plaintiff alleged that

Defendants would be subject to damages totaling **no less than $5.5 and as high as $21.5**

**million**.

---

*less* than Plaintiff's own counsel had incurred by that time for its representation of a single
person.

[17] Id. at 29. Plaintiff further estimated that, should the case proceed to trial, he would incur
attorney's fees likely to exceed $225,000.

[18] 2005 Demand at pp. 66-67.

[19] 2005 Demand at p. 58.

[20] 2005 Demand at p. 67.

### 2. Plaintiff Makes a Second Offer After Eighteen Months of Inactivity

The County did not accept the 2005 Demand. Then, for eighteen months, there was no activity in the case. During this time, the United States Supreme Court issued its decision in Garcetti v. Ceballos, a First Amendment case that altered the legal framework used to analyze free speech cases brought by public employees.[21] After a year and a half of inactivity, and five months after the Garcetti ruling, Plaintiff issued his second demand letter (the "2006 Demand").[22]

The 2006 Demand consisted of a three-page letter, dated October 3, 2006, and signed by John M. LaRosa, Esq. Unlike the 2005 Demand, this offer was extended to all of the defendants. The new demand was for $600,000, presumably plus attorney's fees and costs, though the letter did not specifically delineate counsel's fees.[23] Like its predecessor, the 2006 Demand was rejected.

Another period of inactivity followed and, for nine months, there were no developments in the case. Then, in July 2007, Plaintiff filed his First Amended Complaint.[24] In all, approximately twelve sentences were changed, added, or removed from the original Complaint.

---

[21] 547 U.S. 410 (2006) (decided on May 3, 2006).

[22] See letter to Gregg E. Wilson, Esq. from John M. LaRosa, Esq. dated October 3, 2006, attached as Exhibit 2.

[23] 2006 Demand at 3.

[24] (D.I. 15).

On December 10, 2007, the Stay was lifted at the mutual request of the parties and an agreed-upon briefing schedule was entered.[25]  Defendants filed their Motion to Dismiss on January 7, 2008.[26]  Plaintiff timely filed his opposition to Defendants' Motion to Dismiss on February 7, 2008.[27]

One week before Plaintiff's brief was set to be due, Defendants served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.[28]  The offer was in the amount of $25,000.  The same day, Offers of Judgment, in the same amount, were served to Plaintiff's counsel for Riddell and Jamison.  Pursuant to Rule 68, Plaintiff had ten days, until Friday, February 15, 2008, to accept the offer.[29]

Plaintiff apparently did not need the full ten days to consider his options.  On Saturday, February 9, 2008, John M. LaRosa, Esq., sent an e-mail to Defendants' counsel purporting to accept the Offer of Judgment on behalf of Plaintiff Tobin.  This peculiar method and timing of acceptance came just two days after Plaintiff filed his Answering Brief.

In all, this case involved the most minimal activity.  Plaintiff's counsel's total involvement included the initial client consultation; the drafting and filing of a Complaint, which was produced from a boilerplate form also used in the Jamison and Riddell matters; preparation

---

[25] (D.I. 21).

[26] (D.I. 26).  The same day, Defendants also filed a Motion to Dismiss in Riddell.  By this time, Plaintiff Jamison had agreed to withdraw his constitutional claim and dismiss the Individual Defendants.  The voluntary dismissal was a result of Defendants' Partial Motion to Dismiss, filed on October 31, 2007.

[27] (D.I. 25).

[28] (D.I. 31, Exhibit A); Fed. R. Civ. P. 68.

[29] See Fed. R. Civ. P. 68 (ten days for acceptance); Fed. R. Civ. P. 6 (instructing that, when calculating deadlines when the response time is less than eleven days, holidays and weekends should not be counted).

of a brief in opposition to the Motion to Stay, which was re-filed and re-used in <u>Riddell</u>; preparation of a settlement demand, large portions of which were taken directly from the Complaint and the rest of which was a standard form setting forth the basic elements of a § 1983 claim and the standard for punitive damages; updating of the Complaint for use as an amended complaint, which involved the alteration of approximately twelve sentences; preparation of a second settlement letter, which consisted of a total of twenty-six sentences; and research and drafting an answering brief opposing the Motion to Dismiss, which was later reused in subsequent cases.[30]

The case was under a court-ordered stay for three years. Discovery never even began. No written discovery requests were propounded and no depositions were taken. Yet, for generating a Complaint, a settlement demand, and two answering briefs, Plaintiff's counsel now seeks to be compensated for 243.2 hours of time, constituting a staggering total of $70,456.00.[31] An award of such staggering proportions cannot be justified given that this case barely breathed life before it was put to rest.

This shocking amount of hours was incurred, according to Plaintiff, by the following division of labor between two law firms:

- Firm #1,

  Attorney LaRosa was charged with responsibility for drafting pleadings, conducting the factual investigation, and corresponding with the court, the client and opposing counsel.

- Firm #2,

---

[30] <u>See</u> <u>Riddell</u>, (D.I. 29).

[31] In Plaintiff's Opening Memorandum In Support of His Fee Petition, he indicates that Mr. LaRosa seeks payment for 138.7 hours. The numbers provided actually total 138.4 hours. (D.I. 42 at 15).

Attorney Stephen Neuberger was charged with responsibility for conducting all necessary legal research, and brief drafting.

Attorney Thomas S. Neuberger oversaw the strategy of the case, the pleadings, the factual investigation, final brief submissions, and took the lead at all "court appearances."

## ARGUMENT

I.    **APPLICABLE STANDARD OF LAW**

The present analysis begins with 42 U.S.C § 1988 ("Section 1988"), which provides for an award of reasonable attorney's fees to a prevailing party in actions pursuant to 42 U.S.C. § 1983 ("Section 1983").[32]   Thus, the first inquiry is whether the party seeking fees is a "prevailing party."  If prevailing-party status is established, the lodestar-adjustment approach normally is utilized to calculate reasonable attorney's fees.[33]  But there are special circumstances in which a prevailing party will not recover it attorney's fees.[34]  Thus, although the prevailing-party status may "create a presumption in favor of a fee award . . . this presumption is not irrefutable."[35]

One example of a "special circumstance" that may preclude recovery of fees is where the parties enter into a "nuisance settlement."[36]  The nuisance-settlement argument may be a proper basis for denying any fees to a prevailing party when the "plaintiff's claim clearly appears to be legally or factually non-meritorious and, accordingly, . . . it appears that the 'some benefit obtained' has been conferred by the defendant *solely* as a means of saving litigation

---

[32] 42 U.S.C. § 1983; 42 U.S.C. § 1988.

[33] Hensley v. Eckerhart, 461 U.S. 424 ( 1983).

[34] Smith v. Robinson, 468 U.S. 992, 1006 (1984).

[35] Annunziato v. The Gan, Inc. 744  F.2d 244, 253 (2d Cir. 1984).  See also, Cruz v. Hauck, 762 1230, 1233 (5th Cir. 1985).

[36] Ashley v. Atlantic Richfield Co., 794 F.2d 128, 131-35 (3d Cir. 1986).

expense."[37]  The nuisance-settlement argument applies with equal force in a case revolved with a Rule 68 offer of judgment.[38]

An offer of judgment that specifically includes the term "costs" is read to include all costs awardable under the relevant substantive statute, in this case Section § 1988.[39]  Under Section § 1988, costs include attorney's fees, provided that the plaintiff is the prevailing party.[40]  Thus, where a case is resolved by an offer of judgment, attorney's fees are available because technically a plaintiff is a prevailing party.  But the court may determine that no amount of fees would be reasonable because the plaintiff's victory was only a technical one based on the fact that the defendant settled the case merely for a nuisance value.[41]

If the case was not resolved with a nuisance settlement and no other special circumstances weigh against awarding any fee at all, the court will engage in the well-settled lodestar calculation.[42]  The first step in this calculation is the multiplication of reasonable hours expended on the litigation by reasonable hourly rates for attorneys and paraprofessionals.  That product is known as the lodestar.  Time for non-compensable activities or time that is duplicative, excessive, or which lacks the requisite level of specificity will first be removed from the number of hours expended.  These hours should not be included in determining the

---

[37] Id. at 134 n.9  (emphasis in original).

[38] Sampson v. Embassy Suites, Inc., 1998 U.S. Dist. LEXIS 16646, at *11 (E.D. Pa. Oct. 16, 1998) (reducing the requested award first by the amount of hours unreasonably incurred and then by 50% of the remaining amount on account of the plaintiff's limited success despite entry of judgment pursuant to Rules 58 and 68).

[39] Marek v. Chesny, 473 U.S. 1 (1985). 42 U.S.C. § 1983.

[40] 42 U.S.C. § 1988.

[41] Fisher v. Kelly, 105 F.3d 350, 352 (7th Cir. 1997).

[42] Tobin v. Haverford Sch., 936 F. Supp. 284, 287 (E.D. Pa. 1996).

lodestar.[43]  The Court then determines whether the lodestar should be adjusted generally.  This consideration is based on factors such as the extent of success in the case or the quality of the representations.

At each stage of this analysis, the party seeking fees has the burden to prove that its request for attorney's fees is reasonable.  To meet its burden, the fee petitioner must submit evidence supporting the hours worked and rates claimed.[44]  The party opposing the fee award then has the burden to challenge by affidavit or brief with sufficient specificity, the reasonableness of the requested fee.

Once the court is in receipt of the parties' submissions, it makes two reasonableness determinations: the number of hours expended and the hourly rate of the attorneys on the case.[45]  The court is obligated to "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"[46]  The Third Circuit has emphasized that the court should take a "thorough and searching analysis" and should conduct an analysis that looks at the submitted billing records "line, by line, by line."[47]

---

[43] Blum v. Stenson, 465 U.S. 866, 888 (1984).

[44] Northeast Women's Ctr. v. McMonagle, 889 F.2d 466, 477 (3d Cir. 1989), cert. denied, 494 U.S. 1068 (1990).

[45] See Tobin, 936 F. Supp. 284 at 288.

[46] Public Int. Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995) (internal citation omitted); see also Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The district court should exclude hours that are not reasonably expended.")

[47] See, e.g., Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001) (internal citations omitted).

## II.    PLAINTIFF'S RECOVERY DOES NOT ENTITLE HIM TO AN AWARD OF ATTORNEY'S FEES

Defendants' Offer of Judgment in this and the Jamison and Riddell cases were nuisance settlements.  The nominal-sum offers were made only to avoid further cost to the taxpayers to defend a meritless case.  It can hardly be said that such a fractional recovery actually renders Plaintiff a "prevailing party" for purposes of the present petition.[48]

Also supporting such a conclusion is the fact that Plaintiff obtained none of the injunctive and declaratory relief that he sought.[49]  In fact, Defendants expressly disclaimed any wrongdoing or sought-after admission of liability in their offer.[50]  It is, after all, the purpose of our civil rights laws that alleged wrongs be righted and injustices corrected.  But Plaintiff accepted Defendants' offer without any change in position.

### A.    Plaintiff Is Not Eligible for Fees Because He is Not a "Prevailing Party"

Plaintiff is not eligible for an award of fees in any amount because he is not a "prevailing party."[51]  Despite his contention that this status is "self-evident,"[52] the law of this circuit requires a bit more from a party requesting fees than this blanket statement made without

---

[48] See Fisher, 105 F.3d 350 (1997) (declining to award attorney's fees where the plaintiff accepted an Offer of Judgment for an amount equal to a fraction of the initial demand on the ground that the plaintiff could not be considered a "prevailing party").

[49] See Sampson, 1998 U.S. Dist. LEXIS 16646, at *14  (and, on that basis, reducing the lodestar amount by 50%).

[50] See Pigeaud v. McLaren, 699 F.2d 401, 402 (7th Cir. 1983) (holding that the plaintiff cannot be considered a prevailing party because the offer of judgment specified that nothing therein "shall be construed as an admission of liability").

[51] See Fisher v. Kelly, 105 F.3d 350 at 352 (7th Cir. 1997).

[52] (D.I. 42 at ¶ 16).

any legal factual support. The mere fact that Plaintiff obtained some recovery does not automatically make him a prevailing party.[53]

The Supreme Court has explained that the crux of whether a party has prevailed for the purposes of awarding attorney's fees is whether the party achieved success on the merits.[54] The Third Circuit has explained that this requires the application of a two-part inquiry.[55] The court first determines where the party has obtained relief on a significant claim in the litigation.[56] Next, the court looks to whether there is a causal connection between the litigation and the relief obtained.[57]

A third requirement is imposed where, like here, the parties resolved the matter independently without a determination on the merits by judge or jury.[58] This third requirement asks the court to determine whether the defendants acted gratuitously; that is, was the lawsuit "frivolous, unreasonable, or groundless."[59] To satisfy this prong, the petitioning party must

---

[53] See Hooper v. Demco, Inc., 37 F.3d 287, 292 (7th Cir. 1994).

[54] Id.

[55] Holmes v. Milcreek Twp. Sch. Dist., 205 F.3d 583, 593 (3d Cir. 2000); see also Metro. Pittsburgh Crusade for Voters v. Pittsburgh, 964 F.2d 244, 250 (3d Cir. 1992) (internal quotations omitted) (explaining the second prong as whether "the litigation constituted a material contributing factor in bringing about the events that resulted in the obtaining of the desired relief").

[56] Id.

[57] Id.

[58] Gekas v. Attorney Registration & Disciplinary Commn., 793 F.2d 846, 849, 850 (7th Cir. 1986).

[59] Id.

show that it received some kind of relief that changed the legal relationship between the parties and that relief was obtained because of the potential merit of his position.[60]

Plaintiff is unable to make the required showing and has not shown that the settlement had anything to do with the underlying issues in this case. His position was unchanged and he did not receive any of the several forms of relief requested, except for the fractional amount received through the nuisance settlement. This fully supports the denial of attorney's fees on the ground that Plaintiff is not a prevailing party.

### 1. Plaintiff Has Failed to Meet the First Prong of the Inquiry

Although Plaintiff need not demonstrate "complete and exacting success" to satisfy this test, he must show that the relief obtained caused a material alteration in his technical relationship with Defendants and that this alteration is not a technical one.[61] Here, Plaintiff's "victory," despite his clever description otherwise, was no more than a technical one. Plaintiff accepted Defendants' offer, which was a tiny fraction of the monetary compensation he initially sought.

Further, Defendants' offer did not constitute a declaratory judgment like the one Plaintiff sought. In fact, Defendants expressly disclaimed any wrongdoing in the Offer.[62] Finally, Plaintiff did not obtain any relief that he initially sought.

It is important to note that Plaintiff never made so much as a single counter-offer to Defendants' Offer of Judgment. Instead he "accepted" in an e-mail sent to opposing counsel

---

[60] Id. at 850; Hill v. Richardson, 7 F.3d 656, 658 (7th Cir. 1993).

[61] See Holmes, 205 F.3d at 593.

[62] (D.I. 26 at Exhibit A).

on a Saturday—five business days before the Offer was set to expire.  In his rush, it appears that Plaintiff overlooked the other forms of relief that he was agreeing to forgo.  Perhaps realizing his haste, Plaintiff's counsel later requested Defendant NCC to consider changing his pension calculations, which was originally requested in his Complaint.  This glaring oversight makes the great hurry seem even more peculiar.  All he truly "won" was $25,000.00, which represents approximately one-half of one percent of the value initially sought.[63]

### B.    Even If Plaintiff Is a Prevailing Party, His Purely Technical or *De Minimis* Success Precludes an Award of Attorney's Fees

A district court may deny attorney's fees even to a prevailing party on the ground that recovery is merely technical or *de minimis*.[64]  Special issues are raised in cases that are resolved by a Rule 68 Offer of Judgment or by other means that do not involve a final determination of the merits by a court or jury.  With these claims is that "there are reasons for parties to settle that are wholly unrelated to the substance and issues involved in the litigation.  A suit may be groundless, and settled for its nuisance value, or settled by a party for wholly gratuitous reasons."[65]  This case presents just such a situation; Defendants extended an offer of judgment to the plaintiff in each of the three related cases in the same amount and each without admission of liability merely for the nuisance value of the claim to avoid the expense of further litigation.

---

[63] And this amount represents the lowest value initially estimated. (2005 Demand at p. 67).

[64] Farrar v. Hobby, 506 U.S. 103 (1992).

[65] Fisher, 105 F.3d at 535 (citing Hooper, 37 F.3d at 292).

Even if Plaintiff is deemed to be a prevailing party, the only reasonable fee is no fee at all.[66] That a party is afforded prevailing-party status merely makes him *eligible* for an award of attorney's fees—it does not mandate such an award.[67] Instead, before calculating the lodestar, the court is "obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."[68] The difference between the two may justify abandoning the lodestar calculation and simply awarding low fees or no fees at all.[69]

The courts of this circuit have adopted the three-factor test enunciated by Justice O'Connor in her concurring opinion in <u>Farrar v. Hobby</u> to determine whether a plaintiff's success if purely technical or *de minimis*, therefore precluding any award of fees.[70] The factors to be considered include: (1) the difference between the amount recovered and the amount sought; (2) the significance of the legal issue on which the plaintiff claims to have prevailed; and (3) the public purpose served by the litigation.[71] Because Plaintiff cannot demonstrate that he achieved more than a technical or *de minimis* victory, the only reasonable fee is no fee at all.[72]

---

[66] <u>Farrar</u>, 506 U.S. at 115.

[67] <u>Petrunich v. Sun Building Sys., Inc.</u>, No. 04-2234, 2008 U.S. Dist. LEXIS 28188, at *12 (M.D. Pa. Apr. 7, 2008).

[68] <u>Id.</u> (internal citations omitted).

[69] <u>Id.</u> at *14 (<u>citing</u> <u>Farrar</u>, 506 U.S. at 115).

[70] <u>Id.</u> at *15, n.6 (collecting cases).

[71] <u>Farrar</u>, 506 U.S. at 121-22.

[72] <u>Petrunich</u>, 2008 U.S. Dist. LEXIS 28188, at *25.

1. **The Extraordinary Difference Between the Recovery Sought and Recovery Obtained Weighs Against an Award of Fees**

The first factor is a comparison between the "amount recovered and the damages sought."[73] Where the purpose of litigation is monetary recovery, this comparison is the most critical factor in determining the propriety of a fee award.[74] "A substantial difference between the judgment recovered and the recovery sought suggests that the victory is in fact purely technical."[75]

Here, Plaintiff's recovery-to-requested ratio can be seen as any of the following: (1) 1:60 based on his initial settlement demand of $1.5 million, excluding fees; (2) 1:220, based on Plaintiff's lowest prediction of damages; or (3) 1:860, based on Plaintiff's highest estimated expected damages.

Even using the amount of his lowest initial settlement offer, $1.5 million, Plaintiff recovered only **.**6% of the damages sought. This is a quintessential example of a *de minimus* victory. The most critical factor in determining reasonableness of a fee award is the degree of success obtained.[76] "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee; if a plaintiff obtains limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained."[77]

---

[73] Farrar, at 121.

[74] Id. at 114-15 (majority opinion).

[75] Id. at 121 (O'Connor, J., concurring).

[76] Farrar, 506 U.S. at 114.

[77] Isabel v. City of Memphis, 404 F.3d 404, 415 (6th Cir. 2005) (quoted in Randolph v. Schubert, No. 06-0050; -005, 2007 U.S. Dist. LEXIS 55050, at *6 (M.D. Tenn. July 27, 2007)).

Also significant to this prong of the analysis is Plaintiff's failure to obtain any of the injunctive or declaratory relief he sought in.  As explained above, Plaintiff's requested a variety of relief that he did not recover.  Most notably, Plaintiff was not awarded the promotion that was the alleged reason for bringing his claim.  Nor did he receive any adjusted pension calculation.  And, as set forth above, because Defendants' offer of Judgment expressly disclaimed any wrongdoing, Plaintiff cannot say that he was successful even in obtaining a declaration in his favor.

Injunctive relief, "though admittedly difficult to quantify, adds considerable value to the judgment finally obtained."[78]  Conversely, the failure to obtain such relief sought generally to vindicate the civil rights at issue diminishes the value of the ultimate judgment.[79]  The vindication of a constitutional right alone does not justify a fee award.[80]  Where the primary purpose of litigation is to recover damages, a "civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages."[81]

### 2. Significance of the Legal Issues on Which Plaintiff Prevailed

The second factor is the significance of the legal issue on which Plaintiff prevailed.[82]  This factor is accorded the least weight.[83]  Here, Plaintiff cannot be said to have

prevailed on any legal issue.  Much like a settlement agreement, the Offer of Judgment included

an express declaration of no wrong-doing by Defendants.  Further, there was no opinion a verdict

that could offer significant legal precedent.  Thus, this factor weighs against an award of fees.

### 3.  Public Purpose of the Litigation

The final factor is the public purpose served by the litigation.[84]  "A plaintiff's

success might be considered material if it also accomplished some public goal other than

occupying the time and energy of counsel, court, and client."[85]  Thus, the question becomes

whether the litigation served a public purpose as opposed to simply vindicating the party's

individual rights.[86]  A case will be said to have served a public purpose if it vindicates the rights

of others, creates new precedent, deters future deprivations, and provokes a change in the

defendant's behavior.[87]

This factor is not easily satisfied generally and is especially difficult to meet in

light of the facts presented here.  Where a civil-rights plaintiff recovers only a small percentage

---

[78] Sampson, at *11 (quoting Domanski v. Funtime, Inc., 149 F.R.D. 556, 558 (N.D. Ohio 1993)).

[79] Id. (citing Clark v. Sims, 28 F.3d 420 at 425 (4th Cir. 1994) (noting importance of denial of injunctive relief in assessing the degree of success and reasonableness of fee award)).

[80] Pouillon v. Little, 326 F.3d 713, 716 (6th Cir. 2003).

[81] Id. at 717.  See also Briggs v. Marshall, 93 F.3d 355, 361 (7th Cir. 1996) (denying award of fees based on plaintiff's recovery-to-request ratio).

[82] See Farrar, 506 U.S. at 121 (O'Connor, J., concurring).

[83] Petrunich, 2008 U.S. Dist. LEXIS 28188, at *21.

[84] Id. at *23.

[85] Id. (quoting Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring)).

[86] Id. (citing Mercer v. Duke Univ., 401 F.3d 199, 204 (4th Cir. 2005)).

[87] Id. (citing Mercer, 401 F.3d at 207-08; Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1232 (10th Cir. 2001)).

of the monetary award initially sought, without any other relief, such as an injunction to prohibit or otherwise deter future violations, the plaintiff's "victory" cannot be said to have advanced a public purpose.[88]  Such is the case here.

This conclusion was not meant to trivialize the import of vindicating constitutional rights.[89]  But given that "Section 1983 claims necessarily involve the violation of a right, privilege, or immunity, attorney's fees are appropriate . . . only when the plaintiff's victory entails something more than merely a determination that a constitutional guarantee was infringed."[90]  Where, as here, this "something more" is lacking, attorney's fees should be denied.

Similarly, the Second Circuit has observed that "the vast majority of civil rights litigation does not result in ground-breaking conclusions of law, and therefore, will only be appropriate candidates for fee awards if a plaintiff recovers some significant measure of damages or other meaningful relief."[91]  Here, Plaintiff's Complaint can be said to have implicated an important interest.  But Plaintiff sought to redress his own alleged injuries without regard to other similarly situated employees.  He sought to vindicate only these interests as they applied to himself.  Because Plaintiff's lawsuit failed to advance a public purpose, this factor, like others, weighs against a fee award.[92]

The application of the Third Circuit's three-part test demonstrates the unavailability of fees to Plaintiff in this case.  Plaintiff's relief was not based on the merits of his

---

[88] Briggs, 93 F.3d at 361.

[89] Id.

[90] Id.

[91] Pino v. Locascio, 101 F.3d 235, 237, 239 (2d Cir. 1996).

[92] See, e.g., Petrunich, 2008 U.S. Dist. LEXIS 28188, at *24.

claim. Instead, Defendants settled this case for its nuisance value and not because they had done anything for which they were liable. Moreover, the offer of judgment specifically states that nothing therein should be taken as an admission of liability.[93]

The Seventh Circuit's decision in <u>Fisher v. Kelly</u> provides guidance on this set of set of facts and supports this conclusion that no fees are warranted.[94] In <u>Fisher</u>, the petitioning party initially demanded $80,000 and rejected a $10,000 settlement offer.[95] But she later accepted an offer of judgment for a lesser amount ($7,500). She did not accept this offer until the defendant indicated that he planned to move for summary judgment.[96]

The court held that the plaintiff did not show "that the settlement had anything to do with the underlying issues in the case."[97] Instead, the settlement was wholly gratuitous, resolved for a nuisance value.[98] The court found further support for this conclusion in the fact that the language of the offer explicitly disclaimed any liability.[99]

The court held that, given the circumstances surrounding the Offer of Judgment and its acceptance by Plaintiff, the plaintiff was ineligible for prevailing party status. A fee award was therefore unavailable. Here, under similarly compelling facts, the same result is warranted.

---

[93] <u>See</u> <u>Pigeaud</u>, 699 F.2d at 402 (holding that the plaintiff cannot be considered a prevailing party because the offer of judgment specified that nothing therein "shall be construed as an admission of liability"); (D.I. 26, Ex. A).

[94] 105 F.3d 350.

[95] <u>Id.</u> at 354.

[96] <u>Id.</u>

[97] <u>Id.</u>

[98] <u>Id.</u> at 354.

[99] <u>Id.</u> at 353.

### III.    IF ANY FEE AWARD IS GRANTED, ALL ENTRIES THAT ARE NON-COMPENSABLE, EXCESSIVE, DUPLICATIVE, AND UNSPECIFIC REQUESTS MUST FIRST BE ELIMINATED

If the Court were to find that Plaintiff is entitled to some award of fees, such an award should be in an amount substantially less than the $70,000.00 requested.  To determine the lodestar amount, the court employs an objective calculation of the amount of hours claimed multiplied by the hourly rates claimed.  But before this initial calculation is performed, the court will deduct all time that was not reasonably spent.  Unreasonable time entries subject to removal include activities that are not compensable, that took excessively long to complete, that are duplicative of other entries, and that are not sufficiently supported by the evidentiary submissions.

Defendants set forth below the entries on Plaintiff's time submission that are most obviously characterized as non-compensable, excessive, duplicative and unspecific.[100] Defendants also provide the reasons for  selecting these entries as supported by case law in every instance.  These entries should be eliminated from a fee award, if any is made at all.

Once these entries are removed from the equation, the court has great discretion in determining whether further reductions to the lodestar are appropriate.  As set forth above, the relative success of the petitioning party is the critical factor in determining the amount to be awarded.[101]  In this case, an across-the-board reduction in a significant amount is supported both

---

[100] Plaintiff's submissions to the Court did not contain any documents that reflect the identity of the attorney responsible, the date for the time entry, the length of the entry, date on which the entry occurred, *and* a description of the activity.  At Defendants' request, though, this information was supplied previously.  That data, separated by firm, was combined into a single, sortable, worksheet.  A copy of the worksheet is provided to the Court in two forms.  Attached as Exhibit 3 are all entries sorted chronologically.  Exhibit 4 are all entries sorted by attorney.

[101] Marek, 473 U.S. at 9; see also Sampson, 1998 U.S. Dist. LEXIS 16646, at *11 (reducing the requested award first by the amount of hours unreasonably incurred and then by 50% of the

by the nuisance value of the settlement and by numerous cases in which similar reductions were made.

### A.    Activities That Are Ineligible for Compensation

Certain activities are not compensable in a fee award as a matter of law.  Costs incurred that did not advance Plaintiff's claims will not be awarded in a fee petition.  The following categories constitute non-compensable activities for which no award should be made.

### 1.  No Fees Should be Awarded for Herzog and Warner

Plaintiff seeks reimbursement for 2.5 and 2.2 hours incurred by Cheryl Herzog and Raeann C. Warner, respectively.[102]  The only information provided about either attorney is the year of their respective law-school graduations and years of admissions to various bars.

Plaintiff did not submit any affidavits to support the requested hourly rate of $170.00 for these attorneys either by local counsel or the attorneys themselves.  Both are required.  The burden is on the party moving for fees to support his requested rates with satisfactory evidence "in addition to the attorney's own affidavits."[103]  Nor did Plaintiff submit any information about their areas of specialty, or the manner in which their time is normally billed to clients.

There is evidence neither of their historical billing rates nor any measure of their experience in employment discrimination cases.  Indeed, Ms. Hertzog is not even admitted to

---

remaining amount on account of the plaintiff's limited success despite entry of judgment pursuant to Rules 58 and 68).

[102] See Exhibit 4.

[103] Connolly v. Nat'l Sch. Bus Serv., Inc., 177 F.3d 593, 596 (7th Cir. 1999).

practice in this state.[104]  Nor was she admitted *pro hac vice* in this case.  It is difficult to imagine how her rate is equal to an attorney who is able to lawfully practice in Delaware.  Because Plaintiff has failed to meet his burden, all time recorded to Herzog and Warner should be eliminated from any award.

### 2.  Clerical Activities Are Non-Compensable

Time spent by a lawyer performing purely clerical matters that do not call for the exercise of legal expertise or judgment and which could be equally well performed by clerical staff are not recoverable.[105]  Prior court decisions have held the following activities to be clerical in nature: (1) checking the docket;[106] (2) generating an expense report;[107] (3) organizing documents or case files;[108] (4) routine correspondence such as forwarding an order from the court;[109] (5) preparation of subpoenas;[110] (6) filing;[111] (7) scheduling;[112] and (8) serving or filing pleadings.[113]  These activities are not subject to reimbursement in a fee petition, and should be

---

[104] (D.I. 42-2 at ¶ 27).

[105] Pretlow v. Cumberland County Bd. of Soc. Servs., No. 04-2885, 2005 U.S. Dist. LEXIS 35547, at *19-20 (D.N.J. Dec. 20, 2005) (internal citations omitted).

[106] Id.

[107] Id. at *20.

[108] Eruv Assn., Inc. v. Borough of Tenafly, 195 Fed. App'x 93, 100 (3d Cir. 2006) (quoting Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 942 (3d Cir. 1995)).

[109] Id.

[110] Mango v. Commc'ns Workers, Local 1105, 765 F. Supp. 152, 154-55 (S.D.N.Y. 1991).

[111] Missouri, 491 U.S. 274, 288 n.10.

[112] Id.

[113] Cook v. Block, 609 F. Supp. 1036, 1041-42 (D.D.C. 1985).

eliminated from any potential award.[114]  Similarly, time spent reviewing a file or reviewing

pleadings is also non-compensable.[115]

### 3. Any Time Spent on Activities Relating to the Press or the EEOC are Non-Compensable

Time claimed for work on administrative proceedings relating to Plaintiff's

charge of discrimination filed with the EEOC are not compensable.[116]  These administrative

proceedings were unnecessary as Section 1983 does not require an administrative exhaustion.

Therefore this time cannot be said to have contributed to the recovered relief and therefore

should be properly exhibited from any award.[117]

### 4. Matters Unrelated to the Present Case Should Be Eliminated

There are also numerous entries that appear not to be related to the present

matter.[118]  These are not compensable and should be eliminated from any award.

---

[114] See Exhibit 5.

[115] See Lowe v. UNUM Life Ins. Co., No. 05-00368, 2007 U.S. Dist. LEXIS 94300, at *12 (E.D. Cal. Dec. 14, 2007) (disallowing compensation for file review by attorney and paralegal for 15 minutes per month during the two years that the case was stayed).

[116] See Exhibit 5.

[117] Sampson, 1998 U.S. Dist. LEXIS 16646, at *8; see also Webb v. Bd. of Educ., 471 U.S. 234 (1985); N.Y. Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980); Manders v. Okla. ex rel. Dep't of Mental Health, 875 F.2d 263, 266-67 (10th Cir. 1989); Monahan, 575 F. Supp. 132, 137; Maldonado v. Neb. Dep't of Pub. Welfare, 223 Neb. 485, 490 (Neb. 1986); Rock Creek Ltd. v. State Water Resources Control Bd., 972 F.2d 274, 277-79 (9th Cir. 1992); Lundin v. Mecham, 980 F.2d 1450, 1462-63 (D.C. 1992).

[118] See Exhibit 7.

**B.      Excessive Time Should Be Reduced or Eliminated**

**1.   Time Billed for the Complaint Is Unreasonable and
        Should Be Significantly Reduced If Awarded at All**

In his Petition, Plaintiff seeks reimbursement for 25.5 hours for drafting of the

Complaint and Amended Complaint.[119]  As set forth in the attached Exhibits, Plaintiff actually

seeks recovery for 24 hours relating to the Complaint and an additional 6.6 hours for the

Amended Complaint.[120]  This amount defies all reason.  An example demonstrating the

outrageousness of the time sought can be seen in line entry 49, which is an entry dated July 28,

2004, by Mr. LaRosa.  In this single entry, Mr. LaRosa claims to have expended 1.5 hours to

draft the caption, the jurisdictional statement and the Wherefore clause of the Complaint.

The expenditure of nearly 30 hours on a 27-page Complaint, nearly half of which

was boilerplate language used in other cases, is simply unreasonable.  Similarly unreasonable is

the expenditure of 6.6 hours to alter the approximately twelve sentences that were changed for

the Amended Complaint.  Under similar facts, the District of New Jersey agreed that this request

could not be awarded, explaining:

> "Much of the language in the Complaint in this matter is taken,
> *verbatim*, from a complaint filed by [the lawyer] in [another case].
> . . . Despite counsel's familiarity with the legal issues presented
> here and his extensive knowledge of labor law, [the attorney] spent
> 30.3 hours on the Complaint.  In light of his professed expertise in
> these areas, the Court finds this amount of time unreasonable."[121]

A similarly significant reduction is appropriate here, as well.  The outrageousness of the time

claimed can be seen in line entry 49, which is an entry by Mr. LaRosa on July 28, 2004.  This

---

[119] <u>Id.</u> at ¶¶ 12-14.

[120] <u>See</u> Exhibit 8.

[121] <u>Pretlow</u>, at *15-16.

entry shows that Mr. LaRosa billed 1.5 hours to draft the caption, the jurisdictional statement and the "wherefore" clause.  This is beyond explanation.

### 2. Time Spent Drafting the 2005 and 2006 Demands Is Unreasonable and Should Be Significantly Reduced If Awarded at All

Plaintiff has requested reimbursement for an outrageous number of hours identified as time spent drafting the 2005 and 2006 Demands.[122]  For the 2005 Demand, there are more than 40 hours of time charged.  Given the boilerplate language and the experience and expertise of Plaintiff's counsel, this is unreasonable.  Even more unreasonable, though, is the 20 hours of time claimed for a single 3-page demand letter.  Such time should be eliminated altogether for excessiveness.

### C. Time Compensable at a Paralegal's Rate Must Be Reduced to Reflect the Proper Rate

Further, between work that is purely clerical for which no fees are recoverable and duties that are the function of the attorney, are duties that lie within the exclusive responsibility of paralegals.[123]  These activities, if charged by the attorney, will be reimbursable but only at the prevailing rate for paralegals similarly situated.[124]  Paralegals must be delegated duties such as factual investigation, including locating and interviewing witnesses,[125] preparing affidavits and memoranda;[126] fact compilation;[127] and routine or extensive client communications.[128]

27

### D.    Entries That Lack the Requisite Specificity Must Be Eliminated

Specificity is critical when requesting fees.  A request for fees must be accompanied by "fairly definite information as to hours devoted to general activities."[129]  And where documentation of hours is inadequate, the district court may reduce the award accordingly.[130]  Examples of entries that fail to set forth the proper level of specificity include entries for "e-mails," "conference call," "correspondence," and "review papers" that do not also indicate the subject of the attorney's actions.[131]

As set forth in the attached Exhibit 10, the Neuberger Firm is attempting to claim 10.7 hours of time, spread out over more than 200 entries, each of which fail to supply the most basic information required by the court as described above.

---

[122] See Exhibit 9.

[123] See In re Fine Paper, 751 F.2d 562, 597, 599 (3d Cir. 1984).

[124] See, e.g., Blum, 829 F.2d 367, 378-79.

[125] See Missouri, 109 S. Ct. at 2471-72 n.10.

[126] Jacobs v. Mancuso, 825 F.2d 559, 563 (1st Cir. 1987).

[127] Cruz, 762 F.2d at 1235.

[128] Starnes v. Hill, 589 F. Supp. 341, 346 (W.D.N.C. 1984), aff'd in relevant part, 790 F.2d 1071 (4th Cir. 1986).

[129] UAW Local 529 v. Metro Auto Ctr., 501 F.2d 283 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)).

[130] Id. (citing Hensley, 461 U.S. at 433).

[131] Tenafly Eruv Ass'n, 195 Fed. Appx. at 101.

### E.     Reduction to the Reduced Lodestar

A reduction of an award is warranted when the success achieved is limited.[132] While the fee award need not be proportional to the damages recovered, a comparison of the amount requested and the amount obtained, as discussed above, is an appropriate consideration.[133]

---

[132] <u>Farrar</u>, 506 U.S. at 114-15.

[133] <u>Washington v. Phila. County Court of Common Pleas</u>, 89 F.3d 1031, 1042 (3d Cir. Pa. 1996).

## CONCLUSION

For the reasons set forth in the brief above, Defendants respectfully request that Plaintiff's petition for Attorney's fees be denied or that, if any award is made at all, that it be significantly reduced in light of the minimal success achieved by Plaintiff and the excessive, duplicative, and noncompensable time entries submitted to the Court.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Margaret M. DiBianca, Esq.

William W. Bowser, Esq. (Bar I.D. 2239)
Margaret M. DiBianca, Esq. (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 571-3476
Email: mdibianca@ycst.com
Attorneys for Defendant New Castle County

and

CHARLES E. BUTLER, ESQUIRE

/s/ Charlie E. Butler, Esq.

Charles E. Butler, Esq. (Bar I.D. 2349)
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com
Attorneys for Defendants Sherry Freebery, Thomas P. Gordon, and Colonel David F. McAllister, each in their individual capacity

and

{Signatures continued on following page}

WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP

*/s/ Kathleen M. Jennings, Esq.*
Kathleen M. Jennings, Esquire (Bar I.D. 913)
1220 North Market Street, Suite 710
P.O. Box 2054
Wilmington, Delaware 19899-2054
Telephone: (302) 777-6926
Facsimile: (302) 778-7906
E-mail: kjennings@wolfblock.com
*Attorneys for Defendant John L. Cunningham*

Dated:  June 2, 2008