```
 1                IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -
     CHIEF HENRY V. TOBIN, III,              CIVIL ACTION
 4                                         :
                   Plaintiff,              :
 5         v.                              :
                                           :
 6   THOMAS P. GORDON, individually and in :
     his official capacity; SHERRY FREEBERY,:
 7   individually and in her official capacity;:
     COLONEL JOHN L. CUNNINGHAM, RETIRED,   :
 8   individually; COLONEL DAVID F. McALLISTER,:
     individually and in his official capacity;:
 9   and NEW CASTLE COUNTY, a municipal     :
     corporation,                           :
10                                           NO. 04-1211 (MPT)
                   Defendants.
11                              - - -

12                       Wilmington, Delaware
                 Wednesday, April 16, 2008 at 8:30 a.m.
13                       TELEPHONE CONFERENCE

14                              - - -

15   BEFORE:    HONORABLE MARY PAT THYNGE, Magistrate Judge

16                              - - -
     APPEARANCES:
17

18            LAW OFFICE OF JOHN M. LAROSA
              BY:  JOHN M. LAROSA, ESQ.
19
                     and
20
              THE NEUBERGER FIRM, P.A.
21            BY:  STEPHEN J. NEUBERGER, ESQ.

22                       Counsel for Plaintiff

23

24
                                  Brian P. Gaffigan
25                                Registered Merit Reporter
```

```
 1    APPEARANCES: (Continued)

 2

 3              OBERLY JENNINGS & RHODUNDA, P.A.
                By:  KATHLEEN JENNINGS, ESQ.
 4
                     Counsel for Colonel
 5                   John L. Cunningham, Retired

 6
                YOUNG CONAWAY STARGATT & TAYLOR, LLP
 7              BY:  MARGARET M. DiBIANCA, ESQ.

 8                   Counsel for New Castle County and
                     Colonel David F. McAllister
 9

10

11

12

13

14

15

16

17

18                           - oOo -

19                   P R O C E E D I N G S

20              (REPORTER'S NOTE:  The following telephone

21    conference was held in chambers, beginning at 8:30 a.m.)

22              THE COURT:  Good morning.

23              MS. DIBIANCA:  Good morning, Your Honor.  This

24    is Molly DiBianca calling.

25              THE COURT:  Hi.
```

```
 1                  MS. DIBIANCA:  I'm going to connect everyone in
 2     I hope here.
 3                  THE COURT:  Molly, we'll tell you if you don't.
 4                  MS. DIBIANCA:  You sure will.  Stand by.
 5                  Hello.  Is anyone else on the line?
 6                  MS. JENNINGS:  Hi, it's Kathy Jennings.
 7                  MS. DIBIANCA:  Hi, Kathy.  Judge Thynge is on
 8     the line also.
 9                  Do we have Tom Neuberger?
10                  MR. NEUBERGER:  Tom Neuberger is here and John
11     LaRosa.
12                  MS. DIBIANCA:  Fantastic.
13                  And Your Honor still is there?
14                  THE COURT:  Yes, I am.  You didn't lose me.
15                  MS. DIBIANCA:  That is success.
16                  MR. NEUBERGER:  Good morning, Your Honor.
17                  THE COURT:  Good morning.
18                  MR. LAROSA:  Good morning, Your Honor.
19                  THE COURT:  The purpose I understand of this
20     call is to find out how successful the parties have been in
21     trying to negotiate the final leg of this settlement and
22     whether we need to have some type of mini briefing on this
23     and an actual hearing.
24                  MR. NEUBERGER:  Okay.  Your Honor, this is Tom
25     Neuberger for the plaintiff.  Your Honor, we weren't able to
```

1    resolve the matter of fees.  We just need to get the matter
2    moving forward.  We're prepared to file a motion and the
3    supporting documentation in 10 business days if that is
4    okay.  And I suggest 10, 20, and 10-day briefing.  I would
5    need that time to get affidavits on my hourly rate and of
6    that my co-counsel.  That's basically where we're at.  I
7    did, when it all failed, I did serve some requests for
8    production of documents asking for data on their hourly
9    rates and their time and billing records.  That need not
10   delay my opening papers.  As long as I get that by the time
11   of my reply memo, that would close the matter out.
12             THE COURT:  Well, let me ask you, Tom, do you
13   really need a reply in this circumstance or can we just
14   leave the reply as such so that we can just set up a date;
15   and the replies would be for both of you, any argument that
16   you wish to present to the court.
17             MR. NEUBERGER:  Are you saying simultaneously,
18   Your Honor?
19             THE COURT:  No, no, no.  I'm not saying
20   simultaneous briefing.  I'm saying your opening their
21   answering and then let's put the reply off.  This is my
22   suggestion.  Put a reply off but allow you to make
23   additional argument as well as the fact they'll be able to
24   make argument at the hearing.
25             MR. NEUBERGER:  I don't want to have a hearing.

1  After 34 years, I hope we don't have to have a hearing here.
2  It's a waste of judicial resources. But if you want to
3  schedule it for a hearing, fine. I'm just thinking to take
4  it under submission.
5          THE COURT: That is what you are suggesting?
6          MR. NEUBERGER: If they file counter-affidavits
7  on my hourly rate, then maybe you would have to have a
8  hearing, but I would hope you don't have to have a hearing.
9          THE COURT: Okay. What your suggesting is not
10 having an argument on this.
11         MR. NEUBERGER: Of course not. The tail
12 shouldn't wag the dog, Your Honor. We would just put it in
13 the right posture and then when the court gets around to
14 it -- and we know how busy the court is -- you will rule.
15 We tried to work it out. I think our hourly rates are in
16 dispute so I'd have to do that. Other than that, it's
17 putting it in front of you, here is what the time was and
18 here is what it was intended on; and they can say what they
19 want in response to that; and I'll cite a little authority.
20 It shouldn't become a huge mountain, Your Honor.
21         THE COURT: Okay. I understand what your
22 position is. What is the position of the defense?
23         MS. DIBIANCA: I think we actually agree.
24         THE COURT: Okay. Good.
25         MS. DIBIANCA: I don't think a hearing would be

```
 1   necessary.  I think it can be decided on the law and the
 2   facts.  I doubt that a hearing would be necessary.  As far
 3   as discovery goes, I'm not sure, if we didn't have reply
 4   briefing, what Mr. Neuberger's position would be on the
 5   discovery; but I would just ask that discovery not start --
 6   the clock on that not start to run until a petition has at
 7   least been filed.  Right now, none has been filed; so the
 8   discovery was a little bit premature, I think.
 9             MS. JENNINGS:  That would be my application,
10   too, Your Honor, because I believe discovery was served on
11   all defendants.
12             THE COURT:  All right.  What I'm going to do is
13   this:  We'll have the standard opening, answering and reply
14   briefs.  We'll have the discovery begin running when you
15   file your petition, Tom, but we'll make certain that when
16   that discovery would be due would be prior --
17             MR. NEUBERGER:  To my reply?
18             THE COURT:  -- prior to your reply.
19             MR. NEUBERGER:  Yes, that would be fine.
20             THE COURT:  That's how we'll do it.
21             MR. NEUBERGER:  I guess I filed it late last
22   week, something like that, just to get it on the record.
23             THE COURT:  Sure.
24             MR. NEUBERGER:  As long as the court issues an
25   order that it is 10, 20, and then reply, you know, 5 days
```

1   after the discovery issue is resolved or complied with, that
2   would work, something like that.
3           MS. DIBIANCA:  And would defendants have enough
4   time to file discovery response and have it returned before
5   the answering brief is due?
6           MR. NEUBERGER:  Yes.
7           MS. DIBIANCA:  Okay.
8           MR. NEUBERGER:  If you want more time, if you
9   want to file your discovery response before you do your
10  answering brief, that's fine with me.  I'm not trying to
11  rush you.  The court can issue a briefing schedule that says
12  I filed mine on such-and-such a day and you do your
13  discovery responses and then file your answering brief,
14  that's fine.  I don't have any problem with that.
15          MS. DIBIANCA:  We can shorten the length of
16  discovery, which is fine with me, too.  If we want to agree
17  it wouldn't be due in 30 days, it would be 20 days, that's
18  fine.
19          MR. NEUBERGER:  Yes, that's fine.  Why don't we
20  put a stipulation in front of the court.
21          THE COURT:  That's a very good idea. Let me put
22  it this way, Tom.  Hopefully, all four of you can agree to a
23  stipulation.
24          MR. NEUBERGER:  Yes, I think we can probably
25  agree.

1          MS. DIBIANCA: Yes, I think we can, too.

2          THE COURT: That, I'm hoping you can do. I
3   didn't find this was necessarily contentious. I'm not
4   suggesting that the discussions of counsel are contentious
5   on the fee applications. I understand there are differences
6   in opinion. So get the stipulation over. If I don't find
7   it offensive, I'll sign off on it. If I do, I'll make
8   modifications but I doubt it will happen. I would hope I
9   would see it within the next week, please.

10         MS. DIBIANCA: Oh, certainly. Yes.

11         THE COURT: So we can get this on some type of
12  schedule.

13         MS. DIBIANCA: Yes.

14         THE COURT: And get it moving forward. And I'm
15  not a big fan about having hearings. It's just that on some
16  of the fee applications that have been presented to me, and
17  I recognize this is not a patent case. All patent cases
18  want to have the hearing.

19         MR. NEUBERGER: Okay. I can understand that.
20  But this is a relatively smaller amount of money than a
21  patent case, Your Honor.

22         THE COURT: I don't know, Tom. Sometimes some
23  of those patent cases, I settled one not too long ago for
24  under $25,000.

25         MR. NEUBERGER: And they had a hearing? And

1   they wanted a hearing?

2              THE COURT:  And they wanted a hearing on their
3   fees.

4              MS. DIBIANCA:  Which probably costs more.

5              THE COURT:  Absolutely.  One attorney alone
6   costs more than what the case settled for.

7              MR. NEUBERGER:  We'll try to save your time
8   there, Your Honor.

9              THE COURT:  Okay.  And save your own time as
10  well.  All right.  I'll just look forward to your
11  stipulation and we'll go from there.

12             MR. NEUBERGER:  Thank you, Your Honor.

13             MS. DIBIANCA:  Thank you, Your Honor.

14             MS. JENNINGS:  Thank you, Your Honor.

15             THE COURT:  Take care.  Good-bye now.

16             (Telephone conference ends at 8:37 a.m.)

17

18

19

20

21

22

23

24

25