# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON

ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN
EDMON L. MORTON
JOHN E. TRACEY

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE  19801

P.O. BOX 391
WILMINGTON, DELAWARE  19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE  19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-5008
DIRECT FAX: (302) 576-3476
mdibianca@ycst.com

JOSEPH M. BARRY
RYAN M. BARTLEY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
DOUGLAS T. COATS (MD ONLY)
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
KERRIANNE MARIE FAY
IAN S. FREDERICKS
JAMES J. GALLAGHER
WILLIAM E. GAMGORT
SEAN T. GREECHER
NATHAN D. GROW
STEPHANIE L. HANSEN
JAMES L. HIGGINS
PATRICK A. JACKSON
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
SETH J. REIDENBERG
PATRICIA A. WIDDOSS

EDWARD J. KOSMOWSKI
EVANGELOS KOSTOULAS
JOHN C. KUFFEL
TIMOTHY E. LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B. LUNN
ADRIA B. MARTINELLI
KATHALEEN MCCORMICK
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
D. FON MUTTAMARA-WALKER
MICHAEL S. NEIBURG
    (PA & NJ ONLY)
JENNIFER R. NOEL
ADAM W. POFF
ROBERT F. POPPITI, JR.
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
RICHARD J. THOMAS
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND
JOSY W. INGERSOLL

June 12, 2008

**BY E-FILE**

The Honorable Mary Pat Thynge
District of Delaware
844 North King Street
Room 4209
Lock Box 8
Wilmington, DE 19801

   Re:  *Tobin v. Gordon, et al.*, C.A. No. 04-1211-MPT

Dear Judge Thynge:

   On April 16, 2008, the Court held a teleconference with the parties in the above-referenced matter to address the status of negotiations relating to Plaintiff's fee application. At that time, the parties had not resolved the matter independently and, with the Court's guidance, discussed how to proceed. (D.I. 47). During the teleconference, briefing and discovery schedules were discussed and agreed upon with the Court's approval.[1]

   Counsel for Plaintiff, Thomas S. Neuberger, Esquire, represented to the Court that his amenability to a brief schedule was dependent on the timeliness of Defendants' responses to Plaintiff's previously served discovery requests. (D.I. 36). He stated, "As long as I get [discovery responses] by the time of my reply memo, that would close the matter out." (D.I. 47 at 4:10-11). The undersigned requested the same courtesy—that Plaintiff's responses to

---

[1] These requests, which were served a week earlier, were premature, as no fee petition had yet been filed.

Y‌OUNG C‌ONAWAY S‌TARGATT & T‌AYLOR, LLP
The Honorable Mary Pat Thynge
June 12, 2008
Page 2

Defendants' discovery requests be returned in time for them to be used in preparing Defendants' answer.  (D.I. 47 at 7:3-5).  Plaintiff's counsel agreed.[2]  (D.I. 47 at 7:6).

The parties submitted a stipulation setting deadlines for Plaintiff's petition, Defendants' answer, and Plaintiff's reply, as well as Defendants' discovery responses.  (D.I. 38).  The stipulation did not contain a deadline for Plaintiff's discovery responses because, at that time, Defendants had not yet served their requests.  (D.I. 38).

Plaintiff timely submitted his fee petition on May 1, 2008.  (D.I. 40-42).  Defendants served discovery less than two weeks later.  (D.I. 39).  Pursuant to the Stipulation and Order, Defendants' answer was due on or before June 2, 2008.  (D.I. 38, 39).  And, for the reasons set forth above and discussed during the teleconference, Defendants' discovery responses were due at the same time, thereby enabling Plaintiff to utilize the responses in preparing his reply.  Defendants served their responses and all responsive documents on June 2, 2008, prior to the close of business.  (D.I. 43).

Plaintiff filed his Notice of Service of discovery responses at 11:44 p.m. on June 2, 2008.  (D.I. 44).  Plaintiff objected to each discovery request and produced no responsive documents.  (D.I. 44, attached as Exhibit 1).  Instead of having the documents needed to prepare their answer in a timely fashion, as the parties had agreed, Defendants were forced to delay the drafting of their answer until the last possible minute.  And even then, they could finalize their answer only after 11:44 p.m., when the deficient "responses" were filed.

Putting aside the baseless nature of Plaintiff's objections and the questionable rationale of demanding information that he now claims is not discoverable, Plaintiff's conduct has prejudiced substantially Defendants' efforts to prepare and submit a properly supported answer.  Defendants were able to prepare only the portions of their answer that did not require the information that should have been contained in Plaintiff's discovery responses.  When no responses were forthcoming, Defendants had to prepare the answer without the requested (and essential) information.  And, at sixteen minutes before midnight on the due date, upon receiving Plaintiff's filing, Defendants had to return to their answer and revise it accordingly to exclude the portions of the argument that relied upon the expected responses.

There can be no dispute that Plaintiff agreed to provide its discovery responses in time for Defendants to incorporate them into their answer.  But Plaintiff provided no responses at all.  Instead, he waited until, literally, the eleventh hour, and filed a document containing nothing more than baseless objections.[3]  Plaintiff's discovery "strategy" did not comply with the

---

[2] "MS. DIBIANCA:  And would defendants have enough time to file discovery response and have it returned before  the answering brief is due?
   MR. NEUBERGER:  Yes."

[3] One of the General Objections made by Plaintiff in his "Responses" is the unfounded claim that Defendants "waived" their right to discovery during the April 16, 2008, teleconference.  As the transcript of the teleconference makes clear, Defendants made no such waiver but specifically preserved their right

Y<small>OUNG</small> C<small>ONAWAY</small> S<small>TARGATT</small> & T<small>AYLOR</small>, LLP

The Honorable Mary Pat Thynge
June 12, 2008
Page 3

representations made to the Court and to Defendants.  It has also caused Defendants unfair prejudice in preparing their submission.

   Plaintiff's reply is due to be filed on or before June 18, 2008.  Due to the procedural posture of this matter, a motion to compel does not appear to be the most appropriate course of action.  If the Court determines otherwise, Defendants stand prepared to file such a motion supported by legal authority.

   Most important to Defendants is that they be afforded the opportunity to respond to the fee petition in the same manner agreed upon during the April 16 teleconference.  Defendants respectfully request that they be provided this opportunity by being permitted to file a sur-reply to the petition.  Plaintiff has declined to stipulate to this request.  (<u>See</u> Exhibit 2).

   In short, it is Defendants' position that they have been denied the right to fully respond and, as a result, would be unduly prejudiced in the matter of Plaintiff's fee petition.  To prevent such prejudice, Defendants respectfully request that the Court order whatever remedy it deems just in light of the earlier agreement of the parties.

   Counsel is, as always, available at the Court's convenience to provide additional information or to otherwise assist the Court in the resolution of this matter.

              Sincerely yours,

              */s/ MMDiBi*

              Margaret M. DiBianca, Esq. (No. 4539)

MMD:sec

cc: All Counsel of Record (via CM/ECF)

---

to seek discovery and notified Plaintiff of their intent to do so.  Further, if Plaintiff believed that Defendants' requests were improper in some way, the appropriate course of action would have been to file a motion for a protective order and alert the Court immediately of his intention not to respond..  Plaintiff waited 34 days and then, just before the stroke of midnight, served responses that object to the discovery in its entirety.  This "strategy" is difficult to understand.

# EXHIBIT

# 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHIEF HENRY V. TOBIN III,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 04-1211 MPT |
| : | |
| **THOMAS P. GORDON,** individually : | |
| and in his official capacity; : | |
| **SHERRY FREEBERY,** individually : | |
| and in her official capacity; : | |
| **COLONEL JOHN L. CUNNINGHAM,** : | |
| **RETIRED,** individually; : | |
| **COLONEL DAVID F. MCALLISTER,** : | |
| individually and in his : | |
| official capacity; and : | |
| **NEW CASTLE COUNTY,** : | |
| a municipal corporation, : | |
| : | |
| Defendants. : | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
<u>IN THE MATTER OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES</u>**

Plaintiff, by his attorneys, hereby objects to Defendants' First Request For Production of Documents in the Matter of Plaintiff's Application for Attorneys' Fees ("Discovery") in accordance with the numbered paragraphs as set forth below. Plaintiff reserves the right to amend or supplement the responses contained herein as may be necessary or appropriate in the future.

## **GENERAL OBJECTIONS**

    1.   Plaintiff objects generally to Discovery on the grounds of waiver.  Defendants did not request discovery at the Scheduling Conference with the Court on April 16, 2008.  At that time, Plaintiff's counsel informed the Court that because Defendants had refused to agree to any of their hourly rates, Plaintiff would need limited discovery in advance of his Reply Memorandum in support of his motions for reasonable attorneys' fees and costs.  Defense counsel did not make a similar request for discovery at that appropriate time.  Thus, the Jointly Stipulated Scheduling Order for Plaintiff's Fee Petition filed by the parties and issued by the Court on April 17, 2008, does not provide for Discovery by Defendants.  So Defendants have waived any right they had to discovery, and they cannot now commence a whole new litigation at this late date.  "A request for attorneys' fees should not result in a second major litigation." Hensley v. Eckerhart, 462 U.S. 424, 437 (1983).  "[T]he Supreme Court has . . . admonished that a fee petition should not mushroom into [a] second major litigation with a life of its own." Finch v. Hercules Inc., 941 F.Supp. 1395, 1422 (D.Del. 1996)(citing Hensley, 462 U.S. at 437); accord Board of Pub. Educ. in Wilmington v. DiGiacomo, 1986 WL 9934, at *2 (Del. Super. Sept. 4, 1986)("Court will not reward obstinacy nor encourage a fee application taking on a life of its own[]").

Therefore, Defendants have waived any right to Discovery.

    2.   Plaintiff objects generally to Discovery insofar as it requests information or documents which are subject to the attorney-client privilege, or which constitute trial preparation materials or attorney-client work product, or which are otherwise privileged or protected and not subject to discovery.

    3.   Plaintiff objects generally to Discovery to the extent that it seeks information not relevant to the limited remaining issue in this action or that does not appear reasonably calculated to lead to the discovery of admissible evidence.

    4.   Plaintiff objects generally to Discovery insofar as it requests information or documents which constitute or contain sensitive and non-public medical, business, personal or other confidential information. Plaintiff will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

    5.   Plaintiff objects generally to Discovery insofar as it does not specify a reasonable time or place of production or the manner of making the inspection in accordance with Fed.R.Civ.P. 34(b). Plaintiff will produce the indicated documents for inspection and copying at a time and location to be agreed upon by the parties.

    6.   Plaintiff objects generally to Discovery insofar as it seeks discovery of agreements with strangers to this action which

may be subject to non-disclosure and either cannot be produced without agreement of a stranger or cannot be produced without an appropriate stipulation and order of confidentiality.

    7.    Plaintiff's responses that follow are without prejudice to and are not a waiver of the foregoing general objections.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

    1.    Plaintiff objects to Defendant's definitions and instructions insofar as they impose burdens on Plaintiff beyond that required by the Federal Rules of Civil Procedure or the case law in the Third Circuit, including but not limited to the duty to supplement responses or to provide information that is not in the possession, custody or control of a party.

### RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS
### (IN ADDITION TO AND SUBJECT TO ALL THE FOREGOING OBJECTIONS)

    *1.  Any and all documents that contain or memorialize any fee agreement between Plaintiff and Plaintiff's counsel. The phrase "fee agreement" as used in this Request shall, without limitation, include (a) any contract, promise, or written arrangement; (b) between Plaintiff and any Plaintiff's Counsel (c) which sets forth the conditions and terms of the attorney-client relationship or other legal representation as described by Rule 1.5 of the Delaware Rules of Professional Conduct; and (d) relates to this Litigation.*

    <u>Answer</u>:    Objection. This request seeks information or documents which are subject to the attorney-client privilege. Plaintiff is aware of no Third Circuit authority which authorizes the discovery of this written communication between the attorneys and their client. Also, this seeks information or documents

4

which constitute work product and seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence.

> 2.   Any and all affidavits (in draft and final form) or other written statements, which were(a) made during the course and in support of this Litigation; (b) obtained or retained for the purpose of ths Litigation; (c) and the time expended by Plaintiff's Counsel on obtaining, reviewing or otherwise having to do with such statements is included as compensable time in the Fee Petition.

Answer:   Objection.  This request seeks information or documents which constitute trial preparation materials or work product.  See Smith ex. rel. Smith v. U.S., 193 F.R.D. 201, 213 n.39 (D.Del. 2000)(noting that the work product privilege extends protection to "synopses of witnesses' statements . . . prepared by an attorney 'with an eye to litigation,' unless substantial good cause can be shown for its production[]"); Hercules v. Exxon Corp., 434 F.Supp. 136 (D.Del. 1977); Ideal Elec. Co. v. Flowserve Corp., 230 F.R.D. 603, 609-10 (D.Nev. 2005)(holding that drafts of affidavits to be signed by witnesses prepared by counsel protected by work-product privilege since they often contain handwritten notes that are indicative of the attorney's thought processes regarding relevant facts and trial strategy); Bloch v. Smithkline Beckman Corp., 1987 WL 9279, at *1 (E.D.Pa. Apr. 9, 1987)(a final draft of a witness affidavit is protected by the work product privilege even though the affidavit was ultimately signed by the witness); Kyoei Fire & Marine Ins. Co.

5

Ltd. v. M/V Maritime Antalya, 248 F.R.D. 126, 155 (S.D.N.Y. 2007)(a witness affidavit prepared by counsel is protected by the work product privilege because it inherently includes the "mental processes and opinion of counsel."); and A.F.L. Falck S.p.A. v. E.A. Karay Co., Inc., 131 F.R.D. 46, 49 (S.D.N.Y. 1990)(an affidavit prepared by counsel to be signed by a witness is protected under work-product privilege).  This request also seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence and violates the requirements of Rule 26 of the Federal Rules of Civil Procedure. Certainly, there is no contention in this case that Plaintiff's counsel has lied in their billing records about their work related to this case.

    3.    *Any and all documents, including without limitation, documents obtained via a FOIA request and those obtained from Plaintiff, relating to any Charge of Discrimination filed by Plaintiff with the Delaware Department of Labor, the Equal Employment Opportunity Commission ("EEOC"), or any other state or federal administrative agency designated to address civil rights in the workplace.*

    Answer:  Objection.  This request seeks information or documents which constitute work product; seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence; and poses an undue burden on Plaintiff.  By way of further answer and without waiving any of the aforementioned objections, no such documents ever were obtained via a FOIA request.

6

>    4.    *Any and all documents prepared by Expert Witness(es) retained by Plaintiff's Counsel for the purpose of this Litigation, including without limitation, reports in draft or final form relating to this Litigation, correspondence to Plaintiff's counsel about this Litigation, bills, invoices, statements, and receipts generated by such Expert Witness(es) for his or her services related to this Litigation, and proof of payment, if any, made by Plaintiff's Counsel to any and all Expert Witnesses for any and all maters related to this Litigation.*

   <u>Answer</u>:    Objection.  This request seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence because Plaintiff is not seeking reimbursement for the costs of his trial expert witness; seeks consultation with consultation experts and is overbroad under Rule 26; seeks discovery of agreements with a stranger to this action which may be subject to non-disclosure and either cannot be produced without agreement of a stranger or cannot be produced without an appropriate stipulation and order of confidentiality; is overbroad; poses an undue burden on Plaintiff; and is harassing because Defendants already were provided the trial expert report.

>    5.    *All documents that have not already been produced that refer or relate to time spent by Plaintiff's Counsel related to this Litigation at any time during the period beginning on June 1, 2004, through and until the date such documents are produced and continuing as necessary through proper supplementation.*

   <u>Answer</u>:    Objection.  This request seeks counsel's entire file and information or documents which are subject to the attorney-client privilege; information or documents which

7

constitute trial preparation materials or work product; and information that does not appear reasonably calculated to lead to the discovery of admissible evidence in this limited proceeding. If not subject to any other objection, should the Court rule that this information is reasonably calculated to lead to the discovery of admissible evidence, an appropriate privilege log will be provided. For now, this request is overbroad, poses an undue burden on Plaintiff and is harassing. Are Defendants actually seeking Plaintiff's counsel's entire correspondence file and every other piece of paper generated or received during this four year litigation? This request also does not specify a reasonable time or place of production or the manner of making the inspection in accordance with Fed.R.Civ.P. 34(b); Plaintiff will produce the indicated documents for inspection and copying at a time and location to be agreed upon by the parties if not subject to any other objections.

  6. *Any and all "health status report(s)" as that term is used in the time and billing records for this Litigation previously provided by Plaintiff's Counsel to Defendants' Counsel, and specifically, as used in a time entry by John M. LaRosa, Esq., dated November 15, 2004, which states, "E-mail to client regarding health status report."*

  <u>Answer</u>:   Objection. The report consists only of an e-mail from Plaintiff to Attorney LaRosa dated November 15, 2004, regarding confidential communications between Plaintiff and his physician made for the purposes of diagnosis and treatment of Plaintiff's physical condition. As such, this request seeks

8

information or documents which are subject to the attorney-client privilege and the physician-patient privilege; is overbroad; and seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence in this limited proceeding.

| **THE NEUBERGER FIRM, P.A** | **LAW OFFICE OF JOHN M. LaROSA** |
|---|---|
| /s/ Thomas S. Neuberger | /s/ John M. LaRosa |
| **THOMAS S. NEUBERGER, ESQ. (#243)** | **JOHN M. LaROSA, ESQ. (#4275)** |
| Two East 7th Street, Suite 302 | Two East 7th Street, Suite 302 |
| Wilmington, DE 19801 | Wilmington, DE 19801-3707 |
| (302) 655-0582 | (302) 888-1290 |
| TSN@NeubergerLaw.com | JLR@LaRosaLaw.com |

Attorneys for Plaintiff

Dated: June 2, 2008

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CHIEF HENRY V. TOBIN III,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1211 MPT |
| | : | |
| **THOMAS P. GORDON, individually** | : | |
| **and in his official capacity;** | : | |
| **SHERRY FREEBERY, individually** | : | |
| **and in her official capacity;** | : | |
| **COLONEL JOHN L. CUNNINGHAM,** | : | |
| **RETIRED, individually;** | : | |
| **COLONEL DAVID F. MCALLISTER,** | : | |
| **individually and in his** | : | |
| **official capacity; and** | : | |
| **NEW CASTLE COUNTY,** | : | |
| **a municipal corporation,** | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF SERVICE

I, John M. LaRosa, being a member of the bar of this Court do hereby certify that on June 2, 2008, I electronically filed this **NOTICE OF SERVICE** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and caused three copies of PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS IN THE MATTER OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES to be sent via electronic mail to the following:

> William W. Bowser, Esq.
> Margaret M. DiBianca, Esq.
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899
>
> Charles E. Butler, Esq.
> 1224 North King Street
> Wilmington, DE 19801

```
Kathleen M. Jennings, Esq.
Oberly Jennings and Rhodunda, P.A.
1220 North Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899
```

    /s/ John M. LaRosa
    **JOHN M. LaROSA, ESQ. (#4275)**

# EXHIBIT

# 2

## DiBianca, Margaret

**From:** John M. LaRosa, Esquire [JLR@LaRosaLaw.com]
**Sent:** Wednesday, June 04, 2008 11:54 AM
**To:** DiBianca, Margaret
**Cc:** Neuberger, Esq. Thomas S.; Neuberger, Esq., Stephen
**Subject:** Tobin v. Gordon: Stipulation

Molly:

We do not need a stipulation.  We intend to file our Reply Memo on June 18th.

We will not consent to a surreply.

Very truly yours,

John M. LaRosa

*******************************************
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)

> ----- Original Message -----
> **From:** DiBianca, Margaret
> **To:** John M. LaRosa, Esquire
> **Sent:** Wednesday, June 04, 2008 12:39 AM
> **Subject:** RE: Activity in Case 1:04-cv-01211-MPT Tobin v. Gordon, et al CORRECTING ENTRY:
>
> John:
>
> Attached is a copy of the corrected memo. Please advise as to the date you would like to move the brief to.  I'll include in the Stip a paragraph regarding a surreply, which I will plan to file given Plaintiff's failure to reply to discovery.
>
> Sincerely,
>
> Molly DiBianca

**From:** John M. LaRosa, Esquire [mailto:JLR@LaRosaLaw.com]
**Sent:** Tuesday, June 03, 2008 5:07 PM
**To:** DiBianca, Margaret
**Cc:** Neuberger, Esq. Thomas S.
**Subject:** Fw: Activity in Case 1:04-cv-01211-MPT Tobin v. Gordon, et al CORRECTING ENTRY:

Molly:

In addition to the corrected Answering Memo, you also should send us a Stipulation with the new due date to file the Answering Brief because the June 2nd deadline for Defendants' Answering Memo has passed, the

incomplete and since removed docket item was filed after midnight, and Plaintiff still have not received Defendants' corrected entry.

Very truly yours,

John M. LaRosa

*********************************************
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)
----- Original Message -----
**From:** John M. LaRosa, Esquire
**To:** DiBianca, Margaret Esq.
**Cc:** Neuberger, Esq. Thomas S.
**Sent:** Tuesday, June 03, 2008 3:21 PM
**Subject:** Fw: Activity in Case 1:04-cv-01211-MPT Tobin v. Gordon, et al CORRECTING ENTRY:

Molly:

Please e-mail us the corrected document referenced below in a .pdf.

Very truly yours,

John M. LaRosa

*********************************************
Law Office of John M. LaRosa
Two East 7th Street, Suite 302
Wilmington, Delaware 19801-3707
(302) 888-1290
(302) 655-9329 (fax)
www.LaRosaLaw.com (website)
----- Original Message -----
**From:** ded_nefreply@ded.uscourts.gov
**To:** ded_ecf@ded.uscourts.gov
**Sent:** Tuesday, June 03, 2008 3:17 PM
**Subject:** Activity in Case 1:04-cv-01211-MPT Tobin v. Gordon, et al CORRECTING ENTRY:

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Delaware**

**Notice of Electronic Filing**

The following transaction was entered on 6/3/2008 at 3:17 PM EDT and filed on 6/3/2008
**Case Name:**       Tobin v. Gordon, et al
**Case Number:**     1:04-cv-1211
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**CORRECTING ENTRY: the pdf document attached to DI 45 was removed and replaced with a corrected document due to formatting problems with footnotes (per request of counsel). (ntl)**


**1:04-cv-1211 Notice has been electronically mailed to:**

William W. Bowser  wbowser@ycst.com, dcoles@ycst.com, employmentcmecf@ycst.com, fbarbera@ycst.com, kyuen@ycst.com, rruggieri@ycst.com

Thomas S. Neuberger  tsn@neubergerlaw.com, Research@NeubergerLaw.com, SJN@NeubergerLaw.com, Wade@NeubergerLaw.com

Charles E. Butler  ceb@cebutler.com

Kathleen Jennings  kjennings@wolfblock.com, avari@wolfblock.com

John M. LaRosa  JLR@LaRosaLaw.com

**1:04-cv-1211 Notice has been delivered by other means to:**