IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHIEF HENRY V. TOBIN III,          :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :    C.A. No. 04-1211 MPT
                                   :
THOMAS P. GORDON, individually:
and in his official capacity; :
SHERRY FREEBERY, individually :
and in her official capacity; :
COLONEL JOHN L. CUNNINGHAM,    :
RETIRED, individually;        :
COLONEL DAVID F. MCALLISTER,   :
individually and in his       :
official capacity; and        :
NEW CASTLE COUNTY,             :
a municipal corporation,       :
                               :
        Defendants.            :

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
HIS MOTIONS FOR REASONABLE ATTORNEYS' FEES AND COSTS OF
THE NEUBERGER FIRM, P.A. AND THE LAW OFFICE OF JOHN M. LaROSA,
PURSUANT TO 42 U.S.C. § 1988 AND FED.R.CIV.P. 54

I.   PLAINTIFF IS A PREVAILING PARTY.

Plaintiff is a prevailing party.  Defendants' contention to
the contrary is without merit.  The Court has entered judgment
against the defendants.  (D.I. 32).  The only condition precedent
to determining the lodestar is a determination under 42 U.S.C. §
1988 whether plaintiff is a prevailing party, which in light of
the judgment in this case is self evident.  "To qualify as a
prevailing party, a civil rights plaintiff . . . must obtain an
enforceable judgment against the defendant from whom fees are
sought." Farrar v. Hobby, 506 U.S. 103, 111 (1992).  That

enforceable judgment already has been obtained. (D.I. 32).
Accordingly, plaintiff is a prevailing party.

The primary purposes of this lawsuit are found in the
Wherefore Clause of the First Amended Complaint.  (D.I. 14).
Among other things, plaintiff sought a declaration that his
Constitutional rights had been violated and also compensatory
damages.  (D.I. 14).  Here, the Supreme Court has adopted what it
has termed a "generous formulation," and it has held that parties
may be considered "prevailing parties" for attorneys' fees
purposes if they succeed on any significant issue in litigation
that advances all or some of the benefits they seek to achieve.
Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[1]  This includes
"some relief on the merits of [the] claim[,]" Hewitt v. Helms,
482 U.S. 755, 760 (1987), which "*affects the behavior of the
defendant toward the plaintiff[,]*" Rhodes v. Stewart, 488 U.S. 1,
4 (1988) (emphasis in original), and which "changes the legal
relationship between [the parties]." Texas State Teachers Ass'n
v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989).  All that
has been accomplished herein.  The "actual relief" obtained in
this lawsuit thus was "substantial" and "materially alter[ed] the

---

[1] "The Third Circuit Court of Appeals, while not adopting
this standard verbatim, has adopted an equivalent standard–
whether the plaintiff achieved some of the benefit sought and
whether there is a causal connection between the litigation and
the benefit." Spruill v. Winner Ford of Dover, Ltd., 1998 WL
186895, at *1 (D.Del. Apr. 6, 1998)(quoting Institutionalized
Juveniles v. Secretary of Pub. Welfare, 758 F.2d 897, 910–911 (3d
Cir. 1985)).

legal relationship between the parties" by financially "modifying the defendant's behavior in a way that directly benefit[ted] the plaintiff" and the community.  <u>Farrar</u>, 506 U.S. at 111–12.

Defendants cite no Third Circuit or Supreme Court cases to the contrary.  Present plaintiff has obtained a judgment against defendants.  This is more than sufficient to achieve prevailing party status.  <u>Farrar</u>, 506 U.S. at 111; <u>see</u> <u>Barber v. T.D. Williamson, Inc.</u>, 254 F.3d 1223, 1234 (10th Cir. 2001) ("[u]sually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)(1)") (quoting Wright & Miller, Federal Practice & Procedure, § 2667).

**A.    The Offer of Judgment Makes Plaintiff a Prevailing Party.**
The defense argues under foreign case law that plaintiff is not a prevailing party because judgment was obtained pursuant to their Rule 68 Offer of Judgment and not by a jury verdict or other judgment by the Court after a ruling on the merits.  But again, all that is required for plaintiff to be considered a "prevailing party" for attorneys' fees purposes is success on any significant issue in litigation that advances all or some of the benefits he seeks to achieve.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).

"Though the Third Circuit's jurisprudence regarding Rule 68 offers is limited[,]" <u>Lazarska v. County of Union</u>, 2006 WL 2264455, at *2 (D.N.J. Aug. 8, 2006), at least one Supreme Court Justice has expressly recognized that "[a] Rule 68 Offer of

Judgment is a proposal of settlement that, by definition, stipulates that the plaintiff shall be treated as the prevailing party." Delta Air Lines, Inc. v. August, 450 U.S. 346, 363 (1981)(Powell, J. concurring).  In adopting Justice Powell's statement, this Court has held that a plaintiff who accepts an offer of judgment is the prevailing party as a matter of law. See Alberston v. Winner Automotive, 2004 WL 2435290, at *5 (D.Del. Oct. 27, 2004)(reasoning that "Plaintiff is clearly the 'prevailing party' by virtue of his acceptance of [Defendant]'s Offer of Judgment[])(citing Delta Air Lines, Inc., 450 U.S. at 363).

Other courts in this Circuit have held the same.  See, e.g., Lazarska v. County of Union, 2006 WL 2264455, at *2 (D.N.J. Aug. 8, 2006)("[I]n a matter where one party is awarded judgment as a result of a Rule 68 offer [of judgment], case law suggests that party should be deemed 'prevailing[]'") (interpreting Delta Air Lines, 450 U.S. at 363); David v. AM Intern., 131 F.R.D. 86, 89 (E.D.Pa. 1990)(offer incorporating and settling all of plaintiff's claims, except fees and costs, and not distinguishing between or omitting any causes of action)("There can be no question . . . that by accepting the offer of judgment plaintiff has won "substantial" relief on "major" issues and is a prevailing party within the meaning of 42 U.S.C. §§ 1988 and 2000e-5(k); Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (1983)[]").

Other circuit, district and state courts confronted with this issue also have ruled that an accepted offer of judgment qualifies plaintiff as a prevailing party.  See, e.g., Utility Automation 2000 v. Chocawhatchee Elec. Coop., 298 F.3d 1238, 1248 (11th Cir. 2002)(accepted Rule 68 offer of judgment can qualify plaintiff as a prevailing party because it has "necessary judicial imprimatur"); Lasswell v. City of Johnston City, 436 F.Supp.2d 974 (S.D.Ill. 2006)(accepted offer of judgment qualified plaintiff as prevailing party even though offer disclaimed both wrongdoing by defendant and injury to plaintiffs); Daffron v. Snyder, 856 N.E.2d 1245 (Ind. Ct. App. 2006)(holding that plaintiff's acceptance of $3,000 offer of judgment for § 1983 claims rendered plaintiff prevailing party).

**B.    The Amount of the Judgment is Not a Nuisance Value, and Alleged Disproportionality of Fees is Irrelevant.**  Defendants also argue that plaintiff's counsel's fees should be reduced because the result obtained for plaintiff himself was just $25,000.  But "the threshold determination of prevailing party status that serves to entitle a plaintiff to a reasonable award of attorney's fees may not be jettisoned by the assertion of a nuisance settlement[.]" Ashley v. Atlantic Richfield Co., 794 F.2d 128, 134 (3d Cir. 1986); see Daffron v. Snyder, 856 N.E.2d 1245 (Ind. Ct. App. 2006)(acceptance of $3,000 offer of judgment for § 1983 claims was significant and not merely a "nuisance settlement").  Thus, despite defendants' unsupported contention

to the contrary, plaintiff's $25,000 damages award here is not a nuisance value.

Furthermore, "the Third Circuit Court of Appeals has expressly forbidden a reduction in counsel fees in a § 1983 action to maintain a particular ratio between the fees and the damages awarded[.]" Omari v. Waste Gas Fabricating Co., Inc., 2005 WL 851345, at *3 (E.D.Pa. Apr. 13, 2005)(interpreting Washington v. Philadelphia Cty. Ct. of Common Pleas, 89 F.3d 1031, 1041–42 (3d Cir. 1996)). See City of Riverside v. Rivera, 477 U.S. 561, 586 (1986)(holding that a § 1988 fee award of more than seven times the amount of damages recovered is not subject to reduction because it is disproportionate to the damages recovery, provided that the vindication of the constitutional right underlying the damages recovery substantially serves a "public interest[]"); cf. Cunningham v. City of McKeesport, 807 F.2d 49, 53–54 (3d Cir. 1986)(stating that "the facts in many if not most § 1983 cases should [justify a disproportionate fee award]"). Thus, "[m]ost lower courts similarly have concluded that statutory fee awards significantly in excess of the damages awards in civil rights cases are sustainable under Rivera." 2 SECTION 1983 LITIGATION STATUTORY ATTORNEY'S FEES at 343, § 6.7 (3d ed. 1997)(citing, e.g., Starks v. George Court Co., 937 F.2d 311, 316 (7th Cir. 1991)(upholding fee award more than four times the money judgment obtained by plaintiff in employment discrimination suit, "[c]onsidering the significant but

unquantifiable value of successful civil rights suits");
Hernandez v. Hill Country Tel. Coop., Inc., 849 F.2d 139, 144
(5th Cir. 1988)(noting that fee award was "substantially less
disproportionate" to underlying damages recovery than was fee
award upheld in Rivera); Thorne v. City of El Segundo, 802 F.2d
1131, 1142-43 (9th Cir. 1986)(suggesting approval of Title VII
fee award substantially in excess of back pay award in employment
discrimination case); Thomas v. National Football League Players
Assoc'n, 273 F.3d 1124 (D.C. Cir. 2001)(Title VII)(fact that fees
awarded were nearly five time the amount of plaintiff's recovery
did not make them excessive); Garmong v. Montgomery Cty., 668
F.Supp. 1000, 1007-08 (S.D. Tex. 1987)(rejecting defendants'
contention that plaintiff's fee request should be reduced because
it amounted to more than three times money damages recovery in
suit).

In Omari, the Court rejected the defendant's argument that
the lodestar should be adjusted downward to take into account the
amount involved in the case and the results obtained.  See Omari,
2005 WL 851345, at *3-5.  Instead, it awarded counsel $73,837.75,
after previously entering judgment for plaintiff in the amount of
$58,680.  Id. at *1.

In so doing, the Court noted that plaintiff was successful
on all of his claims.  Id. at *4.  It distinguished such success
from a case where a plaintiff obtained "only a token recovery [of
$1,000]."  Id. (citing Sheffer v. Experian Info. Solutions, Inc.,

290 F.Supp.2d 538 (E.D.Pa. 2003)).  Thus, it reasoned that
"[a]lthough [plaintiff]'s recovery was not enormous, [it could]
not reduce counsel's fee award for lack of success." Omari, 2005
WL 851345, at *4.  It also looked favorably on the fact that in
petitioning for $73,837.75 in fees, plaintiff "did not seek a
large recovery." Id.  Finally, in making the award, the Court
noted that it is "not entitled to reduce counsel's fee in a
spirit of compromise[, but rather] only upon an appropriate
basis." Id. (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183
(3d Cir. 1990)).

Here too, plaintiff was successful on all of his claims.
Like the plaintiff in Omari, he did not receive only a token
recovery of $1,000.  Rather, he was awarded a judgment of
$25,000.  Though this amount is not enormous, the Court here
cannot reduce counsel's fee award because there was success.
Also, like plaintiff in Omari who sought and was awarded
$73,837.75 in fees, plaintiff does not seek a large fee recovery.
Excluding the work done in seeking fees, the total fee award
sought here is $70,465.  See Pl. Op. Memo at 36.
Furthermore, the Court is not entitled to reduce counsel's fee in
a spirit of compromise.  In sum, plaintiff is a prevailing party,
and there is no appropriate basis to reduce his fee petition.
Therefore, he is entitled to the entire amount of fees sought.

## II.  THE HOURLY RATES OF ATTORNEYS RAEANN WARNER AND CHERYL HERTZOG ARE REASONABLE AND SUPPORTED BY UNREBUTTED RECORD EVIDENCE.

**A.  The Basics.**  "A district court may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather *must* rely upon the record." Smith v. Philadelphia Hous. Auth., 107 F.3d 223, 225 (3d Cir. 1997) (emphasis in original) (internal bracketing omitted); accord Evans v. Port Auth. of N.Y. and N.J., 273 F.3d 346, 361 (3d Cir. 2001) (same).  A record is required because such a determination is a question of fact.  See Smith, 107 F.3d at 225 (noting that an "attorney's marketplace billing rate is a factual question"); Bell v. United Princeton Properties, Inc., 884 F.2d 713, 715 n.1 (3d Cir. 1989) (when factual accuracy of a representation is at issue, an affidavit is required).

**B.  Plaintiff Has Met His Prima Facie Burden.**  "The party seeking fees bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." Lanni v. N.J., 259 F.3d 146, 149 (3d Cir. 2001).  As set forth in great detail in plaintiff's Opening Memorandum of Law and its numerous attachments, plaintiff has proven a prima facie case of the reasonableness of counsels' hourly rates.  Specifically, Attorney Thomas Neuberger has submitted a declaration attesting to the reasonableness of Attorney Raeann Warner and Attorney Cheryl Hertzog's market

9

rates.  See Pl. Op. Memo Ex. 1 at ¶ 39.[2]  Accordingly, Plaintiff
has made his prima facie case.

   **C.  The Defense Has Defaulted and Failed to Carry Its**

**Burden.**  "If the prima facie case has been made, the opposing
party bears the burden of producing *record evidence* that will
contest this rate." Id. (emphasis added).  In other words,
"[o]nce the plaintiff has made the prima facie showing with
respect to the appropriate hourly rate, that rate may be
contested, but only with appropriate *record evidence*.  In the
absence of such evidence, the plaintiff *must* be awarded
attorneys' fees at [his] requested rate." Evans, 273 F.3d at 361
(internal punctuation omitted)(emphasis added).[3]

   In the face of this burden, the defense offers only rhetoric
instead of the required record evidence.  (See DAB at 23).
Previously, when counsel was ordered by the Court to attempt to
resolve the fee issue themselves, defendants, because of their

_____

   [2]  Though not contested by Defendants in their Answering
Brief, attorneys also have attested to the reasonableness of
plaintiff's other attorneys' market rates.  Specifically,
Attorneys William Ewing, Alan Epstein and Karen Turner have
attested to Thomas S. Neuberger's market rate, Attorneys William
Ewing and Thomas S. Neuberger have attested to Stephen J.
Neuberger's market rate and Attorneys Thomas S. Neuberger and
Martin Haverly have attested to John M. LaRosa's market rate. See
Pl. Op. Memo Exs. 1, 3-6.

   [3]  See also Washington v. Philadelphia Cty. Ct. of Common
Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996) ("district court is not
free to disregard attorney's affidavit when the other party
'filed no affidavit and offered no testimony contesting the
accuracy of the attorney's statement with respect to charges by
comparable practitioners.'") (quoting Black Grievance Comm. v.
PECO, 802 F.2d 648, 652-53 (3d Cir. 1986)).

obstinacy, explicitly refused to agree to Attorney Thomas S. Neuberger's hourly rate. Furthermore, despite repeated requests by plaintiff's counsel, the defense tacitly refused even to take a position on any of the hourly rates of plaintiff's other attorneys. Now, in their Answering Brief, defendants have abandoned their opposition of the hourly rates of Thomas Neuberger, Stephen Neuberger and John LaRosa and instead have attacked Attorneys Raeann Warner and Cheryl Hertzog, plaintiff's counsel with the lowest hourly rates of $170. Defendants have contested these rates and alleged that these attorneys should have billed at paralegal rates, but they provided no evidentiary support for their contention. They completely defaulted and have waived the issue by failing to meet their required evidentiary burden. Lanni, 259 F.3d at 149; Evans, 273 F.3d at 361. No declarations, affidavits or other sworn testimony were submitted. The defense has offered *no record evidence whatsoever* to contest the reasonableness of plaintiff's hourly rates. Furthermore, their contention that "Plaintiff did not submit any affidavits to support the requested hourly rates of $170.00 for [Attorneys Warner and Hertzog]" is a false statement. (See DAB at 23). In reality, Attorney Thomas Neuberger has provided a Declaration in support of their hourly rates. (See Pl. Op. Memo Ex. 1 at ¶ 39). Accordingly, because the defense has failed to meet its burden, and "plaintiff has made the prima facie showing with respect to the appropriate hourly rate . . . plaintiff must be awarded

attorneys' fees at [his] requested rate[,]" <u>Evans</u>, 273 F.3d at 361 (internal punctuation omitted), which is $170 each for Attorneys Raeann Warner and Cheryl Hertzog.

**III. THE NUMBER OF HOURS EXPENDED ARE REASONABLE.**

    **A.  Introduction**.  "[A] court may not reduce counsel fees *sua sponte* as excessive, redundant, or otherwise unnecessary in the absence of a sufficiently specific objection to the amount of fees requested." <u>U.S. v. Eleven Vehicles, Their Equipment and Accessories</u>, 200 F.3d 203, 211 (3d Cir. 2000) (internal punctuation omitted).  The activities which are the chief targets of the defense's objections here are the EEOC Charge, the Complaints, the demand packages and the declarations of fact witnesses.  In calculating the lodestar, "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request." <u>Id.</u>  As the Third Circuit has stated,

> when an opposing party has been afforded the
> opportunity to raise a material fact issue as
> to the accuracy of representations as to
> hours spent, or the necessity for their
> expenditure, and declines to do so, no reason
> occurs to us for permitting the trial court
> to disregard uncontested affidavits filed by
> a fee applicant.

<u>Id.</u> at 212; <u>see also</u> <u>McDonald v. McCarthy</u>, 966 F.2d 112, 119 (3d Cir. 1992) ("We hold that where a party fails to challenge the accuracy of representations set forth in a fee petition, the current submissions provide the necessary record basis for the district court's fee determination . . . [the Court may not]

disregard the uncontested affidavits filed by the plaintiff.")
(internal punctuation omitted).  "A district court may not
'decrease a fee award based on factors not raised at all by an
adverse party.'"  Eleven Vehicles, 200 F.3d at 212 (quoting Rode
v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).  "The
rationale for this prohibition is . . . twofold.  First, *sua
sponte* reduction deprives the applicant of the right 'to offer
evidence in support of the reasonableness of the request.'"
Eleven Vehicles, 200 F.3d at 212 (quoting Bell, 884 F.2d at 719).
"Second, 'because statutory fee litigation is adversarial
litigation, there is no need to allow the district court to
reduce a fee award on its own initiative.'"  Id.

Accordingly, because defendants' objections are without
merit, the Court need only multiply the total number of hours by
the market rate.  As stated in plaintiff's Opening Memorandum on
this issue, the total number of hours after the exercise of
billing judgment was 104.8 for The Neuberger Firm and was 138.7
for the Law Office of John M. LaRosa.  Excluding time spent
seeking fees, the total amount of fees that should be awarded is
$35,781 to The Neuberger Firm and $34,675 for the Law Office of
John M. LaRosa.  (D.I. 42 at 14–16).

**B.  The Time Spent on the EEOC Charge, the Complaints, the
Demand Packages and the Declarations Was Reasonable and Necessary
to the Successful Litigation of This Case and So is Compensable.**

**1.  The Law.**  "The purpose of [42 U.S.C.] § 1988 is to

ensure effective access to the judicial process for persons with civil rights grievances." Hensley, 461 U.S. at 429 (internal punctuation omitted). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Id. (internal punctuation omitted).

Putting to the side the cases from the foreign circuits, districts and states cited by the defense (DAB at 23-28), under governing Third Circuit authority the critical issue is whether the hours spent were reasonable for the case. Blum v. Witco Chemical Corp., 829 F.2d 367, 378 (3d Cir. 1987) (citing Hensley, 461 U.S. at 435). Thus, it is immaterial that some attorney time by The Neuberger Firm related to a U.S. EEOC charge filed on plaintiff's behalf for the denied promotions which gave rise to his claims in this lawsuit.[4] The Third Circuit approach is in accord with existing U.S. Supreme Court precedent on the topic. In Commissioner, INS v. Jean, 496 U.S. 154, 161-62 (1990), the Supreme Court noted that "fee-shifting statutes . . . favor[] treating a case as an inclusive whole, rather than as atomized line-items." Id.[5] "[T]he Supreme Court has rejected the notion

---

[4] The County and its Police Department apparently were not represented by counsel at that stage of the litigation. Nevertheless, that work by plaintiff's attorneys ultimately contributed to the final result of this case.

[5] The District of Delaware has held the same. See Ballen v. Martin Chevrolet-Buick of Del., 1998 WL 1013874, at *2 (D.Del. Sept. 17, 1998) ("Section 1988 rewards a plaintiff who ultimately

14

that the fee award should be reduced "simply because the plaintiff failed to prevail on every contention raised . . . ." Hensley, 461 U.S. at 435; accord Blum, 829 F.2d at 378.[6]

Even where plaintiff fails to succeed on some claims, he is entitled to fees for time pursuing such claims where they "involve a common core of facts or [are] based on related legal theories[, or where m]uch of counsel's time w[as] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). In such a case, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id.

Here, both plaintiff's abandoned EEOC claims and his successful § 1983 claims involved a common core of facts:

1.   On March 3, 2003, the County announced that it was taking applications for two Police Captain positions.

---

prevails – – who wins the war – – without deducting for lost battles along the way").

[6] The Third Circuit has gone so far as to hold that the time spent on an unsuccessful summary judgment motion and brief is compensable even if it was never filed or considered on the merits, if it was later "relied" on in the course of the litigation. Planned Parenthood of Central N.J. v. Attorney General of the State of N.J., 297 F.3d 253, 271 (3d Cir. 2002). In Planned Parenthood, the Court found that since "the summary judgment brief was eventually submitted in lieu of a pre-trial brief, and a post-trial brief, the work was certainly 'necessary' and 'useful,'" and that a fee award was appropriate. Id.

2.    Plaintiff applied for those two positions before the
      application period ended on March 17, 2003.

3.    The application process consisted of an oral board
      interview examination before three board members.

4.    The board consisted of Major James R. Hedrick, then
      Captain Stuart Snyder, and Captain Debra Rees.

5.    On March 18, 2003, plaintiff tested for the positions
      before the oral board.

6.    Major Hedrick and Captain Snyder ranked plaintiff
      first for promotion to Captain.

7.    Overall, the board ranked plaintiff first for
      promotion to Captain.

8.    But on May 12, 2003, one promotion went to Lieutenant
      Quinton Watson, and another to Lieutenant Scott
      McLaren, who were lesser ranked candidates.

9.    As a direct and proximate result of the actions of the
      defendants in denying plaintiff these promotions,
      plaintiff suffered pecuniary and non-pecuniary losses
      and injuries.

(See D.I. 14 at ¶¶ 76-78, 90-94, 124).

In sum, plaintiff's EEOC claims and his § 1983 claims
involved a common core of facts.  Thus, the district court should
focus on the significance of the overall relief obtained by the
plaintiff in relation to the hours reasonably expended on the
litigation.  Therefore, plaintiff should be compensated for the
time spent on the EEOC claims.

The defense claims that attorney time spent on the EEOC
Charge is not compensable.  (DAB at 25).  This argument is
remarkably similar to a claim the Seventh Circuit rejected in
Uniroyal Goodrich Tire Co. v. Mutual Trading Corp., 63 F.3d 516

(7th Cir. 1995).  There, the defendants argued that fees should be denied for time spent on allegedly "failed and useless activities." Id. at 526.  The Seventh Circuit rejected this approach, stating that

> Common sense . . . informs us that such a rule is inappropriate.  There is a significant difference between frivolous claims and colorable but unsuccessful claims. Were we to deem unreasonable the reimbursement of fees incurred for the latter, we would be discouraging the type of representation attorneys are duty-bound to provide.  So long as statutes allow prevailing parties to recover attorneys' fees "reasonable" in amount, we are not prepared to link our definition of "reasonable" to whether the fees are incurred in pursuit of a successful task.

Id.; see also Aston v. Secretary of Health and Human Services, 808 F.2d 9, 11-12 (2d Cir. 1986) (finding that time spent "unnecessarily moving for summary judgment" was recoverable); Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1313, 1321 (M.D.Fla. 2001) (citing Hensley, 461 U.S. at 440, and noting that "time is not excluded simply because . . . a task proves unsuccessful"). In Planned Parenthood of Cent. N.J. v. Attorney General of State of N.J., 297 F.3d 253 (3d Cir. 2002), the Third Circuit found that because an unsuccessful summary judgment brief was "relied" on during a later part of the case, it was "necessary" and "useful," and thus, the time spent on it was fully compensable. Id. at 271.  This Circuit precedent is decisive for our current issue.

17

**2.   The Time Spent on the EEOC Charge, the Complaints, the Demand Packages and the Declarations of Fact Witnesses Was Both Useful and Necessary To Other Parts of the Litigation.**

Unfortunately for defendants, the work done by plaintiff on the EEOC Charge, both Complaints, the demand packages and the declarations was "relied" upon during several later stages of the case and thus was both "necessary" and "useful" to the successful completion of this litigation.  Accordingly, it is fully compensable under Planned Parenthood.  Id.

First, the very same factual record regarding the denied promotions, which was compiled by plaintiff in support of his EEOC Charge, was necessary to draft the Complaint and the First Amended Complaint in this lawsuit.

Second, the hours spent preparing the Complaint and the First Amended Complaint were reasonable under the circumstances, and not excessive as defendants claim.  This case was filed after Reyes and Hernandez v. Freebery, Cunningham and New Castle County, C.A. No.02-1283-KAJ (D.Del.).  During that litigation, the County already had made it clear that it would spend enormous amounts of money defending employment cases against it.  Over $700,000 has been spent to date in that case alone in defense among several law firms.  In fact, in even older cases brought during defendant Gordon's first administration, such as Downs v. Gordon, Freebery and New Castle County, C.A. No.99-210-MMS

18

(D.Del.), the County hired multiple outside law firms to zealously represent itself and its officers.  So certainly more than 20 hours had to be spent framing a Complaint which would withstand repeated meritless motions by the defense.

Furthermore, our case here was so complex that it necessitated excessive briefing by the County of twelve issues in its attempt to defeat plaintiff's claims.  In fact, defendants even argued in the briefing that the Complaint had been carelessly framed and was not fact specific enough.  (See, e.g., D.I. 23 at 7 (stating that "Plaintiff's claimed adverse employment actions are somewhat unclear as presented in the Amended Complaint[]")).  But if plaintiff's counsel had spent more time on framing it, defendants now would be claiming the time was unnecessary.  Consequently, the Complaint and the First Amended Complaint had to be very carefully drafted to withstand defendants' Motion to Dismiss.  See Burston v. Virginia, 595 F.Supp. 644, 653 (E.D. Va. 1984) (noting that although monetary relief may be limited in a civil rights case, number of hours required to litigate claims successfully may be substantial because "defendant may litigate case vigorously").

Third, it was useful and necessary for plaintiff's counsel to interview fact witnesses Lynda Maloney and Maria Rendina and obtain declarations from them to preserve evidence during the stay obtained by defendants in this case.  Defendants argue that plaintiff should have devoted only "minimal efforts" to discovery

and fact-finding during the three year stay.  However, this
argument is self-serving and ignores the commonly accepted
notions that memories fade over time and people do not live
forever.  Therefore, it was useful and necessary for plaintiff's
counsel to interview these crucial fact witnesses and obtain
declarations from them.  See also Burston, 595 F.Supp. at 653
(noting that although monetary relief may be limited in a civil
rights case, number of hours required to litigate claims
successfully may be substantial because "problems of prevailing
. . . may require extensive discovery").  Thus, all time by
Attorney LaRosa preparing these declarations and communicating
with the declarants is compensable.[7]

Fourth, the demand packages were "necessary" and "useful"
for the successful resolution of the litigation.  Plaintiff made
multiple efforts to resolve this case short of trial from the
outset even during the stay and before formal discovery began.
As a result, defendants eventually responded by making the offer
of judgment to end the case.  So plaintiff's demands were useful
and necessary to end the litigation.

Finally, all the aforementioned time spent on the
Complaints, the demand packages and the declarations was devoted
generally to the litigation as a whole.  It was not on any claim

---

[7]  Lynda Maloney and Maria Rendina re referred to by their
initials, "LM" and "MR" respectively in Attorney LaRosa's billing
records.  See Def. Answ. Brf. Ex. 7.

for which there was limited or no success in the case.  Instead,
it was devoted to the denied promotions for which plaintiff
obtained the judgment.  This work and time was completely related
to the successful claims in the case.  It is not separable from
the claims on which plaintiffs were successful and is fully
compensable.  See Ballen, 1998 WL 1013874, *2 ("Section 1988
rewards a plaintiff who ultimately prevails – – who wins the war
– – without deducting for lost battles along the way").

       **3.    Plaintiff's Time and Fees are Reasonable in Light
of the Excessive Number of Hours Billed by Defense Counsel and
Amount of Fees Spent by Defendants in Litigating the Case.**
Perhaps the most compelling reason why the Court should reject
defendants' argument that plaintiff's time and fees are
excessive, is that defendants have spent far more time and money
in litigating this case than plaintiff.  Specifically,
Defendants' four attorneys and two paralegals at Young Conway
Stargatt & Taylor have billed a grand total of 410.2 hours.  See
Ex. 7.  This excludes the unspecified number of hours billed
which plaintiff requested but which were not produced nor
objected to by defendants other two attorneys, Charles Butler and
Kathleen Jennings.  Yet, the defense total for one law firm
exceeds the number of hours of 243.5 for plaintiff's two law
firms and five attorneys by more than 150 hours! Cf. Pl. Op. Memo
Ex. 1 at 23 and Ex. 2 at 7.  Furthermore, the total fees for all

three of defendants' law firms including six attorneys and two paralegals is $117,362.  This is nearly $50,000 more than plaintiff's total fee for just two firms and five attorneys of $70,456.  Id.[8]  Thus, in light of the excessive number of hours billed by defense counsel and amount of fees spent by defendants in litigating the case, plaintiff's time and fees are clearly reasonable.

 **C.  Billing Judgment Was Exercised.**

  **1.  Foregoing Payment For Nearly 15 Hours of Attorney Time.**  The defense also claims that plaintiff's counsel did not exercise billing judgment in preparing their fee application. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434.  Despite the defense contention to the contrary, plaintiff's counsel did exercise billing judgment in preparing their fee submission. Specifically, plaintiff's counsel explained in its Opening Memorandum that Attorney LaRosa only was billing for 138.7 of his 153.5 hours spent on the case.  Determining in retrospect that some of this time was excessive, redundant, or otherwise

---

 [8]  Defendants' total expenses of $2,077.21 is 4.6 times more than plaintiff's total expenses sought of $450.98.

unnecessary, he decided not to seek payment for the other 14.8 hours in the exercise of billing judgment.  <u>See</u> Pl. Op. Memo. at 15, n.13.  The Neuberger Firm also eliminated 3.7 hours for media related activity.  (<u>See</u> Pl. Op. Memo at 23, n.13).

**D.  Plaintiff is Entitled to Compensation for Work Done in Seeking Fees**.  Plaintiff also is entitled to compensation for his counsel's work done in seeking fees.  In order to receive § 1988 compensation for work done in requesting statutory attorneys' fees, a prevailing party must succeed on the underlying fee application.  2 SECTION 1983 LITIGATION STATUTORY ATTORNEY'S FEES § 2.8 at 40 (3d ed. 1997); <u>see, e.g.</u>, <u>Maldonado v. Houstoun</u>, 256 F.3d 146, 188 (3d Cir. 2001)(applying <u>Hensley</u> to "fees generated in the litigation of a fee petition").  "[P]laintiffs should be considered to have prevailed on their fee request if they establish their entitlement to statutory fees and obtain an award of <i>some fees</i>."  2 SECTION 1983 LITIGATION STATUTORY ATTORNEY'S FEES § 2.8 at 40 (3d ed. 1997)(emphasis added)(citing <u>Muscare v. Quinn</u>, 680 F.2d 42, 44 (7th Cir. 1982)).  Here, even the defense, in their prior written correspondence, have conceded that plaintiff undoubtedly will be entitled to some fees.  Therefore, he is entitled to compensation for his counsel's work done in seeking those fees as well.[9]

---

[9] The lodestar data for the time spent seeking fees will be submitted in a supplemental declaration after this Reply Memorandum and any other related matter.

**IV.  PLAINTIFF IS ENTITLED TO REIMBURSEMENT FOR REASONABLE COSTS.**

Defendants do not challenge that plaintiffs are entitled to reimbursement for the reasonable costs incurred through March 13, 2008, in the amount of $450.98.  See Pl. Op. Memo at 34-35. In addition to the costs incurred through March 13, 2008, plaintiff is entitled to the reasonable costs incurred in seeking his fees.  See Abrams, 50 F.3d at 1225.[10]

<u>CONCLUSION</u>

For the reasons discussed above and in plaintiff's opening memorandum, it is respectfully requested that up through June 18, 2008, the Court: (a) make an award of attorneys' fees to The Neuberger Firm in the amount of $35,781 plus time spent seeking fees, (b) make an award of attorneys' fees to the Law Office of John M. LaRosa in the amount of $34,675 plus time spent seeking fees and (c) make an award of expenses and costs for this case in the amount of $450.98 plus reasonable costs spent in seeking fees.[11]

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

---

[10] These additional expenses will be submitted in a supplemental declaration.

[11] After briefing and any discovery practice is completed, plaintiff will submit a supplemental affidavit for the attorney time and reasonable costs related to seeking his fees.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Thomas S. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com


**LAW OFFICE OF JOHN M. LaROSA**

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ. (#4275)**
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
(302) 888-1290
JLR@LaRosaLaw.com


Dated: June 18, 2008       Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I, John M. LaRosa, being a member of the bar of this Court do hereby certify that on June 18, 2008, I electronically filed this **PLEADING** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> William W. Bowser, Esq.
> Margaret M. DiBianca, Esq.
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899
>
> Charles E. Butler, Esq.
> 1224 North King Street
> Wilmington, DE 19801
>
> Kathleen M. Jennings, Esq.
> Wolf, Block, Schorr and Solis-Cohen LLP
> 1220 North Market Street, Suite 710
> P.O. Box 2054
> Wilmington, DE 19899-2054

> /s/ John M. LaRosa
> **JOHN M. LaROSA, ESQ. (#4275)**