**EXHIBIT A**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIEF HENRY V. TOBIN III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No. 04-1211 MPT<br>THOMAS P. GORDON, individually and )<br>in his official capacity; SHERRY )<br>FREEBERY, individually and in her )<br>official capacity; COLONEL JOHN L. )<br>CUNNINGHAM, RETIRED, individually; )<br>COLONEL DAVID F. MCALLISTER, )<br>individually and in his official capacity; and )<br>NEW CASTLE COUNTY, a municipal )<br>corporation, )<br>)<br>Defendants. ) | |

### DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS IN THE MATTER OF PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES

Pursuant to Federal Rule of Civil Procedure 34, Defendants hereby request that Plaintiff Henry V. Tobin III produce to the offices of Young Conaway Stargatt & Taylor, LLP on or before thirty days from the date of receipt of this Request, the documents identified herein.

### DEFINITIONS AND INSTRUCTIONS

A. The word "document" or "documents" as used herein is employed in the broadest possible sense under Rule 34 and shall include without limitation the original and any non-identical copy of any written, printed, typed, photographic, recorded or graphic matter, however produced or reproduced, including but not limited to, any correspondence, memoranda, notes, logs, telegrams, videotapes, audiotapes, tape recording, reports, diaries, transcripts of telephone or other conversations or any other writings of any nature whatsoever, other photographic and retrievable matter (whether taped or coded, electrostatically,

MAY 01 2008

electromagnetically, or otherwise) in possession, custody or control of the above-named Plaintiff and/or his attorneys.

      B.    "Person" refers to the plural as well as the singular of any natural person, firm, corporation, association, group, partnership or organization, unless specifically stated otherwise.

      C.    "You" and "your," as used in this Request, shall mean the Plaintiff, his agents, and all other persons acting on his behalf, including his attorneys.

      D.    "Plaintiff's Counsel," as used in this Request, shall mean the law firms of John LaRosa and The Neuberger Firm, any and all counsel of record in the matter captioned above, any attorneys who participated in the matter who were not identified as counsel of record, as well as any law clerk, intern, research assistant, paralegal, administrative aide or other personnel who provided legal assistance or support to the counsel of record in this matter.

      E.    "This Litigation," as used in this Request, shall mean the legal action filed in the United States District Court in and for the District Court, captioned as <u>Tobin v. Gordon, et al.</u>, No. 04-1112-MPT, including the current fee petition and matters related to the case prior to the institution of the fee petition.

      F.    "Expert Witness," as used in this Request, shall mean any witness a party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

G. If you claim that the attorney-client, attorney work product, or any other privilege applies to any document which is sought by this Request, then with respect to that document:

(1). State the date of the document;

(2). Identify the author(s) of the document;

(3). Identify each and every person who prepared or participated in the preparation of the document;

(4). Identify each and every person for whom the document was intended as either an addressee or the recipient of a copy;

(5). Identify each and every person who has ever had possession of the document if other than the person identified in the preceding paragraph (4); and

(6). State the factual and legal basis for the claimed privilege, or specific statutory authority which provides the claimed ground for non-production.

H. This Request shall be deemed continuing so as to require further supplemental production in the event Plaintiff, or any attorney, agent, representative or professional employed by Plaintiff in connection with this fee petition obtains or discovers additional documents between the time of initial production and the time of hearing or trial.

## REQUESTS

1. Any and all documents that contain or memorialize any fee agreement between Plaintiff and Plaintiff's counsel. The phrase "fee agreement" as used in this Request shall, without limitation, include (a) any contract, promise, or written arrangement; (b) between Plaintiff and any Plaintiff's Counsel, (c) which sets forth the conditions and terms of the attorney-client relationship or other legal representation as described by Rule 1.5 of the Delaware Rules of Professional Conduct; and (d) relates to this Litigation.

2. Any and all affidavits (in draft and final form) or other written statements, which were (a) made during the course and in support of this Litigation; (b) obtained or retained for the purpose of this Litigation; (c) and the time expended by Plaintiff's Counsel on obtaining, reviewing or otherwise having to do with such statements is included as compensable time in the Fee Petition.

3. Any and all documents, including without limitation, documents obtained via a FOIA request and those obtained from Plaintiff, relating to any Charge of Discrimination filed by Plaintiff with the Delaware Department of Labor, the Equal Employment Opportunity Commission ("EEOC"), or any other state or federal administrative agency designated to address civil rights in the workplace.

4. Any and all documents prepared by Expert Witness(es) retained by Plaintiff's Counsel for the purpose of this Litigation, including without limitation, reports in draft or final form relating to this Litigation, correspondence to Plaintiff's counsel about this Litigation, bills, invoices, statements, and receipts generated by such Expert Witness(es) for his or her services related to this Litigation, and proof of payment, if any, made by Plaintiff's Counsel to any and all Expert Witnesses for any and all matters related to this Litigation.

5. All documents that have not already been produced that refer or relate to time spent by Plaintiff's Counsel related to this Litigation at any time during the period beginning on June 1, 2004, through and until the date such documents are produced and continuing as necessary through proper supplementation.

6. Any and all "health status report(s)" as that term is used in the time and billing records for this Litigation previously provided by Plaintiff's Counsel to Defendants' Counsel, and, specifically, as used in a time entry by John M. LaRosa, Esq., dated November 15, 2004, which states, "E-mail to client regarding health status report."

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca*
William W. Bowser, Esquire (Bar I.D. 2039)
Margaret M. DiBianca Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com
*Attorneys for Defendants*

DATED: April 29, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2008, I electronically filed NOTICE OF DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS with the Clerk of Court using CM/ECF, and, on the same day, caused two (2) copies of such Notice to be deposited in United States Mail, postage prepaid to the following counsel of record:

| | |
|---|---|
| John M. LaRosa, Esq. | Thomas S. Neuberger, Esq. |
| Law Office of John M. LaRosa | The Neuberger Firm, P.A. |
| Two East Seventh Street, Suite 302 | Two East Seventh Street, Suite 302 |
| Wilmington, DE  19801-3707 | Wilmington, DE  19801-3707 |

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Margaret M. DiBianca, Esq.*
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com
*Attorneys for Defendants New Castle County*

DATED: April 29, 2008