**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHIEF HENRY V. TOBIN III, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 04-1211 MPT |
| | : |
| THOMAS P. GORDON, individually | : |
| and in his official capacity; | : |
| SHERRY FREEBERY, individually | : |
| and in her official capacity; | : |
| COLONEL JOHN L. CUNNINGHAM, | : |
| RETIRED, individually; | : |
| COLONEL DAVID F. MCALLISTER, | : |
| individually and in his | : |
| official capacity; and | : |
| NEW CASTLE COUNTY, | : |
| a municipal corporation, | : |
| | : |
| Defendants. | : |

## NOTICE OF SERVICE

I, John M. LaRosa, being a member of the bar of this Court do hereby certify that on June 2, 2008, I electronically filed this **NOTICE OF SERVICE** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following and caused three copies of PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS IN THE MATTER OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES to be sent via electronic mail to the following:

> William W. Bowser, Esq.
> Margaret M. DiBianca, Esq.
> Young Conaway Stargatt & Taylor LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899
>
> Charles E. Butler, Esq.
> 1224 North King Street
> Wilmington, DE 19801

Kathleen M. Jennings, Esq.
Oberly Jennings and Rhodunda, P.A.
1220 North Market Street, Suite 710
P.O. Box 2054
Wilmington, DE 19899


/s/ John M. LaRosa
**JOHN M. LaROSA, ESQ. (#4275)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHIEF HENRY V. TOBIN III, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1211 MPT |
| | : | |
| THOMAS P. GORDON, individually | : | |
| and in his official capacity; | : | |
| SHERRY FREEBERY, individually | : | |
| and in her official capacity; | : | |
| COLONEL JOHN L. CUNNINGHAM, | : | |
| RETIRED, individually; | : | |
| COLONEL DAVID F. MCALLISTER, | : | |
| individually and in his | : | |
| official capacity; and | : | |
| NEW CASTLE COUNTY, | : | |
| a municipal corporation, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
<u>IN THE MATTER OF PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES</u>**

Plaintiff, by his attorneys, hereby objects to Defendants' First Request For Production of Documents in the Matter of Plaintiff's Application for Attorneys' Fees ("Discovery") in accordance with the numbered paragraphs as set forth below. Plaintiff reserves the right to amend or supplement the responses contained herein as may be necessary or appropriate in the future.

## **GENERAL OBJECTIONS**

1. Plaintiff objects generally to Discovery on the grounds of waiver. Defendants did not request discovery at the Scheduling Conference with the Court on April 16, 2008. At that time, Plaintiff's counsel informed the Court that because Defendants had refused to agree to any of their hourly rates, Plaintiff would need limited discovery in advance of his Reply Memorandum in support of his motions for reasonable attorneys' fees and costs. Defense counsel did not make a similar request for discovery at that appropriate time. Thus, the Jointly Stipulated Scheduling Order for Plaintiff's Fee Petition filed by the parties and issued by the Court on April 17, 2008, does not provide for Discovery by Defendants. So Defendants have waived any right they had to discovery, and they cannot now commence a whole new litigation at this late date. "A request for attorneys' fees should not result in a second major litigation." Hensley v. Eckerhart, 462 U.S. 424, 437 (1983). "[T]he Supreme Court has . . . admonished that a fee petition should not mushroom into [a] second major litigation with a life of its own." Finch v. Hercules Inc., 941 F.Supp. 1395, 1422 (D.Del. 1996)(citing Hensley, 462 U.S. at 437); accord Board of Pub. Educ. in Wilmington v. DiGiacomo, 1986 WL 9934, at *2 (Del. Super. Sept. 4, 1986)("Court will not reward obstinacy nor encourage a fee application taking on a life of its own[]").

Therefore, Defendants have waived any right to Discovery.

2. Plaintiff objects generally to Discovery insofar as it requests information or documents which are subject to the attorney-client privilege, or which constitute trial preparation materials or attorney-client work product, or which are otherwise privileged or protected and not subject to discovery.

3. Plaintiff objects generally to Discovery to the extent that it seeks information not relevant to the limited remaining issue in this action or that does not appear reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects generally to Discovery insofar as it requests information or documents which constitute or contain sensitive and non-public medical, business, personal or other confidential information. Plaintiff will only produce such information, if not subject to any other objections, pursuant to an appropriate stipulation and order of confidentiality.

5. Plaintiff objects generally to Discovery insofar as it does not specify a reasonable time or place of production or the manner of making the inspection in accordance with Fed.R.Civ.P. 34(b). Plaintiff will produce the indicated documents for inspection and copying at a time and location to be agreed upon by the parties.

6. Plaintiff objects generally to Discovery insofar as it seeks discovery of agreements with strangers to this action which

may be subject to non-disclosure and either cannot be produced without agreement of a stranger or cannot be produced without an appropriate stipulation and order of confidentiality.

7.  Plaintiff's responses that follow are without prejudice to and are not a waiver of the foregoing general objections.

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Plaintiff objects to Defendant's definitions and instructions insofar as they impose burdens on Plaintiff beyond that required by the Federal Rules of Civil Procedure or the case law in the Third Circuit, including but not limited to the duty to supplement responses or to provide information that is not in the possession, custody or control of a party.

### RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS (IN ADDITION TO AND SUBJECT TO ALL THE FOREGOING OBJECTIONS)

1.  Any and all documents that contain or memorialize any fee agreement between Plaintiff and Plaintiff's counsel. The phrase "fee agreement" as used in this Request shall, without limitation, include (a) any contract, promise, or written arrangement; (b) between Plaintiff and any Plaintiff's Counsel (c) which sets forth the conditions and terms of the attorney-client relationship or other legal representation as described by Rule 1.5 of the Delaware Rules of Professional Conduct; and (d) relates to this Litigation.

Answer:  Objection. This request seeks information or documents which are subject to the attorney-client privilege. Plaintiff is aware of no Third Circuit authority which authorizes the discovery of this written communication between the attorneys and their client. Also, this seeks information or documents

4

which constitute work product and seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence.

    2. *Any and all affidavits (in draft and final form) or other written statements, which were(a) made during the course and in support of this Litigation; (b) obtained or retained for the purpose of ths Litigation; (c) and the time expended by Plaintiff's Counsel on obtaining, reviewing or otherwise having to do with such statements is included as compensable time in the Fee Petition.*

    <u>Answer</u>: Objection. This request seeks information or documents which constitute trial preparation materials or work product. <u>See</u> <u>Smith ex. rel. Smith v. U.S.</u>, 193 F.R.D. 201, 213 n.39 (D.Del. 2000)(noting that the work product privilege extends protection to "synopses of witnesses' statements . . . prepared by an attorney 'with an eye to litigation,' unless substantial good cause can be shown for its production[]"); <u>Hercules v. Exxon Corp.</u>, 434 F.Supp. 136 (D.Del. 1977); <u>Ideal Elec. Co. v. Flowserve Corp.</u>, 230 F.R.D. 603, 609-10 (D.Nev. 2005)(holding that drafts of affidavits to be signed by witnesses prepared by counsel protected by work-product privilege since they often contain handwritten notes that are indicative of the attorney's thought processes regarding relevant facts and trial strategy); <u>Bloch v. Smithkline Beckman Corp.</u>, 1987 WL 9279, at *1 (E.D.Pa. Apr. 9, 1987)(a final draft of a witness affidavit is protected by the work product privilege even though the affidavit was ultimately signed by the witness); <u>Kyoei Fire & Marine Ins. Co.</u>

5

<u>Ltd. v. M/V Maritime Antalya</u>, 248 F.R.D. 126, 155 (S.D.N.Y. 2007)(a witness affidavit prepared by counsel is protected by the work product privilege because it inherently includes the "mental processes and opinion of counsel."); and <u>A.F.L. Falck S.p.A. v. E.A. Karay Co., Inc.</u>, 131 F.R.D. 46, 49 (S.D.N.Y. 1990)(an affidavit prepared by counsel to be signed by a witness is protected under work-product privilege). This request also seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence and violates the requirements of Rule 26 of the Federal Rules of Civil Procedure. Certainly, there is no contention in this case that Plaintiff's counsel has lied in their billing records about their work related to this case.

    *3.    Any and all documents, including without limitation, documents obtained via a FOIA request and those obtained from Plaintiff, relating to any Charge of Discrimination filed by Plaintiff with the Delaware Department of Labor, the Equal Employment Opportunity Commission ("EEOC"), or any other state or federal administrative agency designated to address civil rights in the workplace.*

    <u>Answer</u>:  Objection. This request seeks information or documents which constitute work product; seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence; and poses an undue burden on Plaintiff. By way of further answer and without waiving any of the aforementioned objections, no such documents ever were obtained via a FOIA request.

6

*4. Any and all documents prepared by Expert Witness(es) retained by Plaintiff's Counsel for the purpose of this Litigation, including without limitation, reports in draft or final form relating to this Litigation, correspondence to Plaintiff's counsel about this Litigation, bills, invoices, statements, and receipts generated by such Expert Witness(es) for his or her services related to this Litigation, and proof of payment, if any, made by Plaintiff's Counsel to any and all Expert Witnesses for any and all maters related to this Litigation.*

<u>Answer</u>: Objection. This request seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence because Plaintiff is not seeking reimbursement for the costs of his trial expert witness; seeks consultation with consultation experts and is overbroad under Rule 26; seeks discovery of agreements with a stranger to this action which may be subject to non-disclosure and either cannot be produced without agreement of a stranger or cannot be produced without an appropriate stipulation and order of confidentiality; is overbroad; poses an undue burden on Plaintiff; and is harassing because Defendants already were provided the trial expert report.

*5. All documents that have not already been produced that refer or relate to time spent by Plaintiff's Counsel related to this Litigation at any time during the period beginning on June 1, 2004, through and until the date such documents are produced and continuing as necessary through proper supplementation.*

<u>Answer</u>: Objection. This request seeks counsel's entire file and information or documents which are subject to the attorney-client privilege; information or documents which

7

constitute trial preparation materials or work product; and information that does not appear reasonably calculated to lead to the discovery of admissible evidence in this limited proceeding. If not subject to any other objection, should the Court rule that this information is reasonably calculated to lead to the discovery of admissible evidence, an appropriate privilege log will be provided. For now, this request is overbroad, poses an undue burden on Plaintiff and is harassing. Are Defendants actually seeking Plaintiff's counsel's entire correspondence file and every other piece of paper generated or received during this four year litigation? This request also does not specify a reasonable time or place of production or the manner of making the inspection in accordance with Fed.R.Civ.P. 34(b); Plaintiff will produce the indicated documents for inspection and copying at a time and location to be agreed upon by the parties if not subject to any other objections.

  6. *Any and all "health status report(s)" as that term is used in the time and billing records for this Litigation previously provided by Plaintiff's Counsel to Defendants' Counsel, and specifically, as used in a time entry by John M. LaRosa, Esq., dated November 15, 2004, which states, "E-mail to client regarding health status report."*

  <u>Answer</u>: Objection. The report consists only of an e-mail from Plaintiff to Attorney LaRosa dated November 15, 2004, regarding confidential communications between Plaintiff and his physician made for the purposes of diagnosis and treatment of Plaintiff's physical condition. As such, this request seeks

8

information or documents which are subject to the attorney-client privilege and the physician-patient privilege; is overbroad; and seeks information that does not appear reasonably calculated to lead to the discovery of admissible evidence in this limited proceeding.

| THE NEUBERGER FIRM, P.A | LAW OFFICE OF JOHN M. LaROSA |
|---|---|
| /s/ Thomas S. Neuberger | /s/ John M. LaRosa |
| THOMAS S. NEUBERGER, ESQ. (#243) | JOHN M. LaROSA, ESQ. (#4275) |
| Two East 7th Street, Suite 302 | Two East 7th Street, Suite 302 |
| Wilmington, DE 19801 | Wilmington, DE 19801-3707 |
| (302) 655-0582 | (302) 888-1290 |
| TSN@NeubergerLaw.com | JLR@LaRosaLaw.com |

Attorneys for Plaintiff

Dated: June 2, 2008

9