IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY V. TOBIN, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-1211-MPT |
| ) | |
| THOMAS P. GORDON, individually and in ) | |
| his official capacity; SHERRY FREEBERY, ) | |
| individually and in her official capacity; ) | |
| COLONEL JOHN L. CUNNINGHAM, ) | |
| RETIRED, individually; COLONEL ) | |
| DAVID F. MCALLISTER, individually and ) | |
| in his official capacity; and NEW CASTLE ) | |
| COUNTY, a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' SUR-REPLY BRIEF IN OPPOSITION OF
PLAINTIFF'S PETITION FOR ATTORNEY'S FEES**

William W. Bowser, Esq. (Bar I.D. 2239)
Margaret M. DiBianca, Esq. (Bar I.D. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail: mdibianca@ycst.com
Attorneys for Defendant New Castle County

and

Charles E. Butler, Esq. (Bar I.D. 2349)
1224 North King Street
Wilmington, Delaware 19801
Telephone: (302) 655-4100
Facsimile: (302) 655-4212
E-mail: ceb@cebutler.com
Attorneys for Defendants Sherry Freebery, Thomas P.
Gordon, and Colonel David F. McAllister, each in their
individual capacity

{Signatures continued on following page}

        Kathleen M. Jennings, Esquire (Bar I.D. 913)
        WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP
        1220 North Market Street, Suite 710
        P.O. Box 2054
        Wilmington, Delaware 19899-2054
        Telephone: (302) 777-6926
        Facsimile: (302) 778-7906
        E-mail: kjennings@wolfblock.com
        Attorneys for Defendant John L. Cunningham

Dated: July 25, 2008

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... v

ARGUMENT ........................................................................................................................... 1

I.    PLAINTIFF IS ENTITLED TO NO FEES ................................................................. 1

II.    PLAINTIFF IS ENTITLED TO NO FEES FOR NON-COMPENSABLE ACTIVITIES .................................................................................. 2

    A.    Time Billed by Attorneys Warner and Herzog Is Not Compensable ...................... 2

    B.    Time Billed as Clerical Activities Is Not Compensable .......................................... 3

    C.    Time Billed as Media-Related Activities Is Not Compensable ............................... 3

    D.    Time Spent on Other Cases Is Not Compensable ..................................................... 3

    E.    Unspecific Time Entries Are Not Compensable ...................................................... 5

III.    TIME ENTRIES THAT ARE EXCESSIVE AND DUPLICATIVE SHOULD BE REDUCED SIGNIFICANTLY .................................................................. 5

    A.    Time Spent On Paralegal Tasks Must be Compensated at a Paralegal Rate ........................................................................................................................ 5

    B.    The Excessive Amount of Time Billed as Drafting the Complaint and Amended Complaint Should Be Reduced by 85% ................................................. 5

    C.    The Excessive Amount of Time Billed as Drafting Settlement Packages Should Be Reduced by 85% ..................................................................... 6

    D.    The Amount of Time Billed for Unrelated Matters During the Judicial Stay Should be Reduced by 85%, If Awarded at All ............................................... 6

    E.    Time Spent Performing Redundant and Duplicative Tasks Should Be Reduced by 85% ..................................................................................................... 7

IV.    PLAINTIFF IS NOT ENTITLED TO THE FULL LODESTAR AMOUNT .................................................................................................................... 7

    A.    Plaintiff's Limited Success Warrants a Lodestar Reduction ................................... 8

    B.    The Unreasonableness of Plaintiff's Fee Petition Warrants a Lodestar Reduction .................................................................................................................. 8

      C.    Plaintiff's Attorneys' Conduct During the Litigation Warrants a Lodestar Reduction .................................................................................................. 9

V.    PLAINTIFF IS NOT ENTITLED TO UNDOCUMENTED COSTS ................................ 9

## TABLE OF AUTHORITIES

**Cases**

Access 4 All, Inc. v. HI 57 Hotel, LLC,
  No. 04-6620,
  2006 U.S. Dist. LEXIS 2695 (S.D.N.Y. Jan. 26, 2006) ................................................1

Blum v. Stenson,
  465 U.S. 886 (1984) ......................................................................................................2

Connolly v. Nat'l Sch. Bus. Servs., Inc.,
  177 F.3d 593 (7th Cir. 1999)........................................................................................2

Farrar v. Hobby,
  506 U.S. 103 (1992) ......................................................................................................1

Halderman v. Pennhurst State Sch. & Hosp.,
  49 F.3d 939 (3rd Cir. 1995) ..........................................................................................3

Hopwood v. Texas,
  236 F.3d 256 (5th Cir. 2000).........................................................................................8

In re Fine Paper,
  751 F.2d 562 (3d Cir. 1984)..........................................................................................5

Kelley v. Metro. County Bd. of Educ.,
  773 F.2d 677 (6th Cir. 1985)
  cert. denied, 474 U.S. 1083 (1986)...............................................................................5

Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Supply Corp.,
  540 F.2d 102 (3d Cir. 1976)..........................................................................................9

Petrunich v. Sun Bldg. Sys., Inc.,
  No. 04-2234,
  2008 U.S. Dist. LEXIS 28188 (M.D. Pa. Apr. 7, 2008)............................................1, 2

Pigeaud v. McLaren,
  699 F.2d 401 (7th Cir. 1983).........................................................................................1

Pretlow v. Cumberland County Bd. of Soc. Servs.,
  No. 04-2885,
  2005 U.S. Dist. LEXIS 35547 (D.N.J. Dec. 20, 2005)..............................................3, 6

Spencer v. Wal-Mart Stores, Inc.,
  469 F.3d 311 (3d Cir. 2006)..........................................................................................7

Tierney v. Toledo,
  No. 83-430,
  1989 U.S. Dist. LEXIS 10966 (N.D. Ohio Aug. 28, 1989) ..........................................3

UAW Local 259 v. Metro Auto Ctr.,
  501 F.3d 283 (3d Cir. 2007)..........................................................................................5

W. Va. Univ. Hosps., Inc. v. Casey,
   898 F.2d 357 (3d Cir. 1990) ................................................................................. 10

Z.A. v. San Bruno Park Sch. Dist.,
   165 F.3d 1273 (9th Cir. 1999) ................................................................................. 2

**ARGUMENT**

I.  **PLAINTIFF IS ENTITLED TO NO FEES**

The offer-of-judgment settlement obtained in this case does not constitute a victory so that Plaintiff can be considered a prevailing party. The offer was no more than a gratuitous nuisance settlement effected to avoid the costs of defending the taxpayers against a frivolous claim.[1] Nor was the offer causally linked to the merits of Plaintiff's claims.[2] This is evidenced, for example, by the fact that the offer of judgment extended to Plaintiff was identical to offers of judgment extended to the plaintiffs in two other, related cases.[3] The express denial of any wrongdoing by Defendants as provided in the offer further demonstrates that Plaintiff is not a prevailing party.[4]

And, even if Plaintiff could be considered a prevailing party, such status does not automatically *entitle* him to a fee award—it merely makes him *eligible* for an award.[5] The degree of his success, though not determinative of prevailing-party status, "bears directly on the size, if any, of a fee award."[6]

Because of the *de minimis* settlement, which was offered by Defendants without admission of liability and only to avoid further expense, Plaintiff, even if considered a "prevailing party," should be awarded no fees at all. Where the "victory" is technical or *de minimis*, "the only reasonable fee is usually no fee at all."[7] As explained just a few months ago by the Pennsylvania district court:

---

[1] See Access 4 All, Inc. v. HI 57 Hotel, LLC, No. 04-6620, 2006 U.S. Dist. LEXIS 2695, at *4 (S.D.N.Y. Jan. 26, 2006) (holding that prevailing-party status requires that (1) the defendant did not act gratuitously, i.e., that the lawsuit was not "frivolous, unreasonable, or groundless;" and (2) the relief obtained be causally linked to the merits of the claim).

[2] See id.

[3] Plaintiff's counsel was counsel in all three cases.

[4] (D.I. 26-2); See Pigeaud v. McLaren, 699 F.2d 401, 402 (7th Cir. 1983) (holding that the plaintiff cannot be considered a prevailing party when the offer of judgment disavowed liability).

[5] See Petrunich v. Sun Bldg. Sys., Inc., No. 04-2234, 2008 U.S. Dist. LEXIS 28188, at *12 (M.D. Pa. Apr. 7, 2008).

[6] Id.

[7] See Farrar v. Hobby, 506 U.S. 103, 115 (1992).

> [W]here the purpose of the litigation is to recover damages, district courts, before calculating the lodestar, are "obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." The difference between the two may be such as to justifiably dispense with the lodestar calculation and simply award low fees or no fees.[8]

Here, Plaintiff's "victory" amounts to no more than ***one-tenth of one percent*** of the damages initially sought.[9] There can be no disputing the purely technical nature of this "victory."

## II.   PLAINTIFF IS ENTITLED TO NO FEES FOR NON-COMPENSABLE ACTIVITIES

Of the requested fees, more than sixteen thousand dollars represent activities that are not compensable as a matter of law.[10] These noncompensable activities can be divided into six types of time entries, including entries that are: (1) submitted without the requisite supporting evidence; (2) billed by an individual not admitted to practice in the State; (3) for clerical activities; (4) for press-related activities; (5) not related to the present matter; and (6) documented without the requisite specificity. These entries should be excluded from the lodestar calculation.[11]

### A.   Time Billed by Attorneys Warner and Herzog Is Not Compensable

The 4.4 hours of time submitted for Attorneys Warner and Herzog are not properly supported. Neither individual submitted the required declaration attesting to the reasonableness of their fees.[12] Their hourly rate is mentioned in only two paragraphs in one of the exhibits to the fee petition.[13] Seemingly, Plaintiff understood this burden with regard to the three other

---

[8] See Petrunich, 2008 U.S. Dist. LEXIS 28188, at *13-14 (quoting Farrar, 506 U.S. at 115).

[9] (D.I. 45 at 4).

[10] See Exhibit A, Table of Fees Requested compared to Fees To Be Rewarded.

[11] See Blum v. Stenson, 465 U.S. 886, 888 (1984). Time entries need only be removed once, even though many of them qualify for elimination on multiple grounds. To avoid confusion, entries that are part of an exhibit previously discussed are removed from the time and dollar calculations for subsequent exhibits.

[12] See Connolly v. Nat'l Sch. Bus. Servs., Inc., 177 F.3d 593, 596 (7th Cir. 1999) (requiring submission of evidence "in addition to the attorney's own affidavits").

[13] (D.I. 42-2 at ¶ 27). See Z.A. v. San Bruno Park Sch. Dist., 165 F.3d 1273, 1276 (9th Cir. 1999) ("the equities favor application of the law forbidding the unauthorized practice of law and denying recovery of attorney fees to those lawyers unauthorized to practice in state proceedings"); See also Exhibit C.

2

attorneys in the case. For example, Attorney Thomas S. Neuberger submitted a twenty-seven page affidavit in which he sets forth in great detail his many professional accolades.[14]

### B. Time Billed as Clerical Activities Is Not Compensable

Plaintiff seeks compensation for performing 1.5 hours of tasks of a purely clerical nature, such as preparing a Civil Cover Sheet.[15] Although these tasks should be performed by clerical or secretarial staff, Plaintiff seeks rates of up to $450 for this time.[16] These fees should be excluded from the lodestar amount because may not be recovered for tasks, "which could be equally well performed by clerical staff[.]"[17]

### C. Time Billed as Media-Related Activities Is Not Compensable

The 3.8 hours billed for communicating with and preparing communications to the press should be excluded from any award.[18] The Third Circuit prohibits the recovery of fees for time spent in publicity efforts.[19] To permit otherwise would be to reward Plaintiff for litigating his case in the media.

### D. Time Spent on Other Cases Is Not Compensable

Plaintiff seeks compensation for an incredulous 33 hours of time spent on other cases but improperly billed to this case.[20] Presumably, counsel was paid for that time by the clients who

---

[14] (D.I. 42-2 at 6-17). Mr. Neuberger also submitted three supporting affidavits. Two were signed by attorneys who practice outside the jurisdiction and one by a Delaware attorney who practices exclusively in the area of Bankruptcy litigation. (D.I. 42-12, -13, -14). These may not be used to support the requested hourly rate. Defendants do not object to the $250 hourly rate sought for work performed by Stephen N. Neuberger or John M. LaRosa. Defendants do find objectionable the $450 hourly rate submitted by Thomas S. Neuberger but have not disputed it in this petition in the interest of judicial efficiency.

[15] Exhibit B, Tab 3.

[16] Exhibit B, Tab 3.

[17] See Pretlow v. Cumberland County Bd. of Soc. Servs., No. 04-2885, 2005 U.S. Dist. LEXIS 35547, at *19-20 (D.N.J. Dec. 20, 2005) (quoting Tierney v. Toledo, No. C 83-430, 1989 U.S. Dist. LEXIS 10966, at *31-32 (N.D. Ohio Aug. 28, 1989).

[18] Exhibit B, Tab 4.

[19] See Halderman v. Pennhurst State Sch. & Hosp., 49 F.3d 939, 941-42 (3rd Cir. 1995) ("The fact that private lawyers may perform tasks other than legal services for their clients, with their consent and approval, does not justify foisting off such expenses on an adversary under the guise of reimbursable legal fees")).

[20] Exhibit B, Tab 5.

retained his services in those matters. Defendants cannot be charged with expenses not incurred in connection with this case.

For example, there are multiple entries relating to another case against Defendants that also was litigated by Plaintiff's counsel, the settlement in that case included attorney's fees.[21] Plaintiff's counsel has been fully compensated for that time and may not now seek double reimbursement.[22]

Plaintiff's petition also includes several entries relating to a charge of discrimination filed with the EEOC.[23] As an initial matter, this time is not compensable in a case brought pursuant to Section 1983, which does not require the exhaustion of administrative remedies as a prerequisite to filing suit.[24] Plaintiff's only response to this well-settled principle is that the charge and the suit involved "a common core of facts."[25] He fails to mention that the Charge was dismissed as untimely filed, because, with counsel's help, Plaintiff filed *more than six months* after the expiration of the 180-day filing period.[26] Defendants cannot be charged for time wasted in pursuit of what should have been an obviously untimely claim by counsel at a rate of $250 per hour.[27]

There are numerous entries that appear to have no connection with this case. These include time spent in discussions with witnesses whose testimony would have been frivolous to

---

[21] Maloney v. Gordon, et al., No. 03-999 (D. Del); Riddell v. Gordon, et al., No. 04-1201 currently being litigated by Plaintiff's counsel but appears as an entry in the fee request.

[22] See Exhibit B, Tab 1 at line 338 ("Review Complaint and deposition testimony of LM [Linda Maloney] in County case"); line 364 ("Review Riddell original and first amended complaints for our first amended complaint").

[23] See Exhibit B, Tab 1 at lines 26, 27, 35, 36, 40, 41.

[24] See (D.I. 45 at 32, n.117) (collecting cases).

[25] (D.I. 50 at 15).

[26] See Exhibit E (dismissing the Charge as untimely, as opposed to it being "abandoned" by Plaintiff).

[27] Notably, the Charge asserts claims for race, color, and age discrimination. Perhaps remarkably, Plaintiff did not pursue any of these three bases when he filed his suit.

4

this case and time spent attending proceedings on behalf of clients in other cases.[28]  These unrelated matters are not compensable and should be stricken from the requested fees.

       **E.**     **Unspecific Time Entries Are Not Compensable**

Approximately one-sixth of the entries are unspecific and non-descript.[29]  There are phone calls, meetings, and conferences that do not identify the attendees or the topics discussed.  There are also letters and e-mails that do not identify the recipient or the subject matter.  This repeated lack of specificity and the omission of necessary details precludes Plaintiff from recovering fees for these items.[30]

**III.**    **TIME ENTRIES THAT ARE EXCESSIVE AND DUPLICATIVE SHOULD BE REDUCED SIGNIFICANTLY**

       **A.**     **Time Spent On Paralegal Tasks Must be Compensated at a Paralegal Rate**

Plaintiff seeks compensation for 16.4 hours spent by his attorneys performing such delegable work that should have been delegated to a paralegal.[31]  Charging as much as $450 per hour for work which should have been delegated to paralegals is excessive and should be reduced to a paralegal's hourly rate.[32]  Recalculating these hours at an appropriate paralegal rate of $70 per hour amounts to a reduction of $3,832 from the total requested fees.

       **B.**     **The Excessive Amount of Time Billed as Drafting the Complaint and Amended Complaint Should Be Reduced by 85%**

Plaintiff seeks compensation for a stammering 29.5 hours billed for preparing the Complaint and Amended Complaint.[33]  The excessiveness of these charges is magnified by the significant amount of boilerplate language that was copied from other complaints filed by

---

[28] See Kelley v. Metro. County Bd. of Educ., 773 F.2d 677, 684 (6th Cir. 1985) (*en banc*), cert. denied, 474 U.S. 1083 (1986).

[29] Exhibit B, Tab 6.

[30] See UAW Local 259 v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007) (finding that "specificity is critical") (internal citations omitted).

[31] Exhibit B, Tab 7.  See (D.I. 45 at 27) (collecting cases that consider paralegal work to include fact investigation, locating and interviewing witnesses, preparing affidavits and memoranda, fact compilation, and routine or extensive client communication).

[32] See, e.g. In re Fine Paper, 751 F.2d 562, 574, 583 (3d Cir. 1984).

[33] Exhibit B, Tab 8.

Plaintiff's counsel and merely pasted into a new document. Similarly implausible is the attempt to charge Defendants 7.8 hours for altering a total of twelve sentences to create an Amended Complaint. Under nearly identical facts, the District of New Jersey reduced the amount of time compensable for drafting a complaint from 30.3 hours to 5 hours.[34] A similar reduction of 85% here would properly reduce the fees sought to $7,580.[35] In light of the billing excess shown by these time entries, a significant reduction is appropriate.[36]

### C. The Excessive Amount of Time Billed as Drafting Settlement Packages Should Be Reduced by 85%

Plaintiff seeks compensation for 62.1 hours, or $17,705, for the preparation of two settlement demands.[37] 41.6 hours is sought for time spent drafting one demand, revising it, and passing drafts back and forth among the attorneys for review.[38] Plaintiff seeks compensation for 62.1 hours, or $17,705, for the preparation of two settlement demands. An astonishing 41.6 hours is sought for time spent drafting one demand package, revising it, and passing drafts back and forth among counsel for review.[39] This request is so unreasonable that it merits the award of no fees at all. But, if fees were to be awarded, an 85% reduction is appropriate, reducing the total by $15,049, to $2,655.75.

### D. The Amount of Time Billed for Unrelated Matters During the Judicial Stay Should be Reduced by 85%, If Awarded at All

Prior to the start of discovery, this case was under stay for three years. Defendants' counsel billed no time during 2005 or 2006. Yet Plaintiff's counsel seeks compensation for 47.6 hours and, in support, claims that such activity was necessary because "memories fade over time

---

[34] Id.

[35] Exhibit B, Tab 8.

[36] See Pretlow, 2005 U.S. Dist. LEXIS 35547 at *15-16 (reducing the amount of time compensable for drafting a complaint from 30.3 hours to 5 hours, based on (1) the attorney's familiarity and professed expertise with labor law and (2) the amount of the language in the complaint which had been copied from another complaint).

[37] Exhibit B, Tab 9.

[38] Exhibit B, Tab 9.

[39] See Pretlow, 2005 U.S. Dist. LEXIS 35547 at *15-16.

6

and people do not live forever."[40] Contrary to this claim, nearly all of the time billed during the stay was either unrelated to this case or involved internal communications and review between Plaintiff's counsel.[41] Given the court-ordered hold on litigation, the expenditure of any time during the stay is unreasonable. If any award is made, though, it should be for no more than 15% of the requested amount, as is recommended in Sections B and C, above.

### E.  Time Spent Performing Redundant and Duplicative Tasks Should Be Reduced by 85%

Plaintiff is a single individual represented by five attorneys from two law firms. Counsel state that they established a division of labor to avoid "duplication of effort."[42] Pursuant to this submission , 61.9 hours of requested time that does not follow this assignment, and is presumptively duplicative and redundant. By performing overlapping tasks in each of the three areas, Plaintiff's counsel performed an extraordinary amount of duplicative and redundant work. This failure to monitor their work flow precludes the moving party from receiving any award at all. If any compensation is permitted, it should be for no more than 15% of the amount requested, in accordance with the standards above.[43]

## IV. PLAINTIFF IS NOT ENTITLED TO THE FULL LODESTAR AMOUNT

After removing all noncompensable time entries and reducing excessive, duplicative, and non-specific entries to a reasonable amount, further reduction by 75% of the lodestar total is appropriate.[44] Thus, if fees are appropriate at all, the proper award would be $5,147.

---

[40] (D. I. 50 at p. 20).

[41] Exhibit B, Tab 10.

[42] (D. I. 42 at ¶ 27) (LaRosa: draft pleadings, factual investigations, and communication between all counsel and the Court. S. Neuberger: legal research and briefing. T. Neuberger: oversight of co-counsel; legal strategy, Court appearances.).

[43] Exhibit B, Tab 11.

[44] See Spencer v. Wal-Mart Stores, Inc., 469 F.3d 311, 317-19 (3d Cir. 2006) (holding that a reduction of the lodestar amount by 75% was appropriate due to Plaintiff's recovery of only $12,000 out of her $500,000 in estimated damages, the failure of Plaintiff's attempts at injunctive recovery, and Plaintiff's success on only one of her claims).

### A.     Plaintiff's Limited Success Warrants a Lodestar Reduction

As previously noted, Plaintiff received only a fraction of the total amount of monetary damages initially sought.[45]  Even stronger evidence of the need to reduce the lodestar are the types of relief Plaintiff did *not* obtain.[46]  Plaintiff sought but did not receive: (1) a declaratory judgment that his rights had been violated; (2) promotion to the rank of captain; (3) an injunction adjusting Plaintiff's pension; (4) an injunction regarding Defendants' employment practices; (5) an injunction against Defendants' participation in the promotion of police officers; (6) modification of Plaintiff's personnel file; and (7) an injunction against any form of retaliation.[47]

### B.     The Unreasonableness of Plaintiff's Fee Petition Warrants a Lodestar Reduction

Defendants offered to settle the matter of fees for $60,000—a reduction of less than 15% of the full amount of fees originally sought.[48]  Plaintiff rejected the offer out of hand and has persisted in a lengthy and costly fee dispute.  Not only did Plaintiff unreasonably reject a generous settlement offer but he has also demonstrated an unreasonable lack of billing judgment.[49]  Plaintiff fails to account for any billing judgment on the part of Attorney LaRosa, except to say that it was exercised.[50]  Although The Neuberger Firm alleges billing judgment, the meager 3.7 hours cited are media-related entries, none of which are compensable anyway.[51]

Plaintiff's 2005 Settlement Demand further calls his billing judgment into doubt.[52]  In the Demand, Mr. Neuberger stated that, as of April 26, 2005, both his and Mr. LaRosa's firms had expended a total of "approximately $25,000 in attorneys' time."[53]  Yet, now that he stands to

---

[45] Supra, p.3.

[46] See Hopwood v. Texas, 236 F.3d 256 (5th Cir. 2000) (allowing a fee reduction based on the plaintiff's failure to obtain specific relief).

[47] (D.I. 1. at pp. 27-28).

[48] Exhibit D.

[49] See (D. I. 42).

[50] (D. I. 50 at p. 22-23).

[51] (D. I. 50 at p. 23).

[52] See (D. I. 46).

[53] (D. I. 46 at 21).

8

receive fees ordered by the Court, the amount of fees requested for this *same time period* has jumped to $38,280—an increase of *more than 50%*.[54] Due to Plaintiff's rejection of a reasonable fee settlement offer and unreasonable lack of billing judgment, the lodestar amount should be reduced.

### C. Plaintiff's Attorneys' Conduct During the Litigation Warrants a Lodestar Reduction

Counsel's representation must be "undertaken with a degree of skill" and level of professionalism expected for lawyers "of the caliber reflected in the hourly rates" charged.[55] This standard has not been satisfied here. In addition to the limited recovery obtained for their client, Plaintiff's attorneys ignored several key purposes of the litigation. For example, no counter-offer was ever made in response to the offer of judgment. Instead, it was accepted hastily and a press release issued immediately.[56] In their haste, Plaintiff's wish for increased pension benefits was overlooked, forcing counsel to make such requests *after* they had already accepted Defendants' first offer.

Early in the litigation, Mrs. Neuberger and LaRosa directed several personal attacks against the character of one of Defendants' counsel, accusing her of blackmail, alleging that she had violated the Federal Rules, and calling her "the fall guy" for criminals.[57] This type of conduct towards members of the bar should not be tolerated, and, certainly should not be condoned or rewarded *vis a vis* a fee petition. Given the conduct of Plaintiff's counsel during this litigation, any fees awarded should be substantially reduced.

## V. PLAINTIFF IS NOT ENTITLED TO UNDOCUMENTED COSTS

Plaintiff has failed to submit any documentation in support of the requested costs. Without itemized receipts or contemporaneous records, no inference can be drawn that the costs

---

[54] Exhibit B, Tab 12.

[55] See Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Supply Corp., 540 F.2d 102, 118 (3d Cir. 1976).

[56] Exhibit G.

[57] Exhibit F.

9

sought are directly attributable to the present action.  As is well-settled in this Circuit, "bare descriptions" like those submitted by Plaintiff for telephone calls and photocopying costs should be denied in full.[58]  These costs should not be awarded to Plaintiff.

                                                                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                                                    */s/ Margaret M. DiBianca, Esq.*
                                                                   William W. Bowser, Esq. (Bar I.D. 2239)
                                                                  Margaret M. DiBianca, Esq. (Bar I.D. 4539)
                                                                  The Brandywine Building, 17th Floor
                                                                  1000 West Street
                                                                  P.O. Box 391
                                                                  Wilmington, Delaware 19899-0391
                                                                  Telephone: (302) 571-5008
                                                                  Facsimile: (302) 576-3476
                                                                  E-mail: mdibianca@ycst.com

                                                                  Charles E. Butler, Esq. (Bar I.D. 2349)
                                                                  1224 North King Street
                                                                  Wilmington, Delaware 19801
                                                                  Telephone: (302) 655-4100
                                                                  Facsimile: (302) 655-4212
                                                                  E-mail: ceb@cebutler.com
                                                                  Attorneys for Defendants Sherry Freebery,
                                                                  Thomas P. Gordon, and Colonel David F.
                                                                  McAllister, each in their individual capacity

                                                                  Kathleen M. Jennings, Esquire (Bar I.D. 913)
                                                                  WOLF, BLOCK, SCHORR AND SOLIS-
                                                                  COHEN LLP
                                                                  1220 North Market Street, Suite 710
                                                                  P.O. Box 2054
                                                                  Wilmington, Delaware 19899-2054
                                                                  Telephone: (302) 777-6926
                                                                  Facsimile: (302) 778-7906
                                                                  E-mail: kjennings@wolfblock.com
                                                                  Attorneys for Defendant John L. Cunningham

Dated:  July 25, 2008

---

[58] See W. Va. Univ. Hosps., Inc. v. Casey, 898 F.2d 357, 366 (3d Cir. 1990).