IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHIEF HENRY V. TOBIN III,** | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No. 04-1211 MPT |
| | : |
| **THOMAS P. GORDON, individually** | : |
| **and in his official capacity;** | : |
| **SHERRY FREEBERY, individually** | : |
| **and in her official capacity;** | : |
| **COLONEL JOHN L. CUNNINGHAM,** | : |
| **RETIRED, individually;** | : |
| **COLONEL DAVID F. MCALLISTER,** | : |
| **individually and in his** | : |
| **official capacity; and** | : |
| **NEW CASTLE COUNTY,** | : |
| **a municipal corporation,** | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MOTION TO STRIKE
OR IN THE ALTERNATIVE, TO REPLY TO DEFENDANTS' SUR-REPLY BRIEF**[1]

1.  Plaintiff Moves to Strike defendants' sur-reply brief in opposition to plaintiff's petition for attorneys' fees because it exceeds the scope of a proper sur-reply.  By merely re-raising arguments previously made in their answering brief, defendants simply have cheated in a veiled attempt to get the last word.  Alternatively, plaintiff moves to reply to defendants' brief to the limited extent that their lengthy submission of over 170

---

[1] Defendants filed their sur-reply brief on Friday, July 25, 2008, while Plaintiff's undersigned counsel was away for his wedding and honeymoon.  He is filing this motion within two days of his August 6th return to the office.

pages with exhibits contains new argument raised for the first time in the sur-reply.

**I.    Defendants' Sur-reply Brief Should Be Stricken**.

2.   Defendants' sur-reply brief should be stricken because 1) it exceeds the scope of a proper sur-reply, 2) addresses virtually none of the factual documents the Court compelled plaintiff to produce in granting the sur-reply and 3) cites to no new cases that have come down since their answering brief was filed.

**A.    The Brief Exceeds the Scope of a Proper Sur-reply.**

3.   Defendants' sur-reply brief exceeds the scope of a proper sur-reply.  Generally, a sur-reply is allowed only to rebut a new argument raised for the first time in a reply brief.  <u>See, e.g.</u>, <u>In re Valley Media, Inc.</u>, 338 B.R. 605, 608 n.2 (D.Del. 2006) (denying a request to file a sur-reply brief because new arguments were not raised for the first time in the reply brief); <u>In re Finova Group, Inc.</u>, 2007 WL 3238764, at *1 n.1 (D.Del. Oct. 31, 2007)(denying motion for leave to file a sur-reply because the sur-reply did not respond to new issues raised in the reply brief); <u>compare</u> <u>Davis v. Knox</u>, 1997 WL 240972, at *4 n.5 (Del. Ch.)(granting permission for a party to file a sur-reply after finding a new basis for attack included in a reply and concluding that the moving party would otherwise have no opportunity to respond to these new arguments).

4.    Here for the most part, defendants' sur-reply does not rebut any new argument raised for the first time in plaintiff's reply brief.  Rather, it merely re-raises arguments previously available to defendants and in fact already made in their answering brief.  These previously raised arguments include entitlement of plaintiff to fees (<u>compare</u> Sur-reply Argument § I with Answ. Brf. Argument § I), compensability of activities (<u>compare</u> Sur-reply §§ II.A-D with Answ. Brf. § II.A and Sur-reply § II.E with Answ. Brf. § II.D), applicability of paralegal rate (<u>compare</u> Sur-reply § III.A with Answ. Brf. § II.C), time spent on complaints and settlement demand packages (<u>compare</u> Sur-reply §§ III.B-C with Answ. Brf. § II.B), relatedness of time spent on the declarations and other matters during the stay (<u>compare</u> Sur-reply § III.D with Answ. Brf. § II.B) and entitlement to the full lodestar (<u>compare</u> Sur-reply §§ IV.A.-B with Answ. Brf. § II.D).  Thus, because it essentially rehashes their answering brief, defendants' sur-reply should be stricken in its entirety.

**B.    Virtually None of the New Documents Were Addressed.**

5.    In fee litigation, a court apparently also may allow a sur-reply in order for defendants to address factual documents it had not obtained before filing its answering brief.  This was the reason for the Court's July 1, 2008 oral bench ruling in which it ordered plaintiff to produce by July 11th 1) his fee agreement with his counsel, 2) two redacted declarations of his fact

witnesses Lynda Maloney and Maria Rendina and 3) all of his EEOC filings and ordered defendants to file a sur-reply two weeks after receipt of those documents.

6.   However, defendants wasted this accommodation made for them by the Court.  Nowhere in their ten page brief do they reference plaintiff's fee agreement.  Nowhere in their ten page brief do they mention either of the two redacted declarations.  Furthermore, none of their 162 pages of exhibits includes the fee agreement or the two redacted declarations.

7.   Instead, their brief's only reference to the three categories of documents which the court ordered produced in order for defendants to address them in a proper sur-reply is two sentences discussing one EEOC document.  <u>See</u> Def. Sur-reply Brf. at 4, ¶ 2, sentences 4-5 and Exhibit E.  This is the only material that could have been introduced as part of a proper and permissible sur-reply.

**C.   No New Cases Were Cited.**

8.   Furthermore, defendants's sur-reply cites to no new cases that have come down since its answering brief was filed on June 3, 2008.  <u>See</u> Def. Sur-reply Brf. at 1-10 nn.1-2, 4-9, 11-13, 17, 19, 21, 28, 30, 32, 36, 39, 44, 46, 55 and 58 (citing cases from Apr. 7, 2008 (n.5) and other older cases all available on June 3, 2008).

9.   Here, because defendants' sur-reply essentially

4

rehashes its old arguments rather than rebutting new ones first raised in the reply, addresses virtually none of the new factual documents the Court ordered produced for them to address in a proper sur-reply and cites to no new cases that have come down since its answering brief was filed on June 3, 2008, the sur-reply should be stricken in its entirety.

**II. Plaintiff is Entitled to Reply to Defendants' Brief**.

10. Alternatively, plaintiff is entitled to reply to defendants' brief to the limited extent that their lengthy submission contains new argument raised for the first time in the sur-reply.

11. Again, generally, a sur-reply is allowed only to rebut a new argument raised for the first time in a reply brief. See, e.g., In re Valley Media, Inc., 338 B.R. 605, 608 n.2 (D. Del. 2006) (denying a request to file a sur-reply brief because new arguments were not raised for the first time in the reply brief); In re Finova Group, Inc., 2007 WL 3238764, at *1 n.1 (D.Del. Oct. 31, 2007)(denying motion for leave to file a sur-reply because the sur-reply did not respond to new issues raised in the reply brief); compare Davis v. Knox, 1997 WL 240972, at *4 n.5 (Del. Ch.)(granting permission for a party to file a sur-reply after finding a new basis for attack included in a reply and concluding that the moving party would otherwise have no opportunity to respond to these new arguments).

12. Again, defendants' sur-reply essentially rehashes its old arguments and addresses virtually none of the new factual documents the Court ordered produced for them.

13. However, with a second bite at the apple, defendants have raised just a few new points to which plaintiff now should have an opportunity to respond under elementary principles of due process.

**A.   Plaintiff's Fee Petition is Reasonable.**

14. Defendants now argue for the first time that a lodestar reduction is warranted because plaintiff's fee petition is unreasonable. See Sur-reply Brf. at 8-9, §§ IV.B. In support of this argument, they note that plaintiff rejected defendants' offer to settle the fee litigation for $60,000. In reality, defendants rejected three offers to settle the fee litigation from plaintiff beginning with an offer of $72,121.00 back on February 25th, continuing with an offer of $68,514.00 on March 26th and ending with an offer of $64,908.90 on April 2, 2008. Plaintiff's last offer marked a reduction of a full 10% of the original amount of fees he originally sought. Furthermore, in his petition for fees, plaintiff reduced the amount originally sought from $72,121.00 to $70,906.98.

15. Furthermore, defendants imply that because the amount of fees requested through April 26, 2005, is significantly more than the total approximated in the 2005 demand letter,

6

plaintiff's counsel has somehow inflated their total hours. Defendants allege that the amount of fees requested for that time period is now $38,280,[2] and thus much greater than the $25,000 originally demanded. In reality, plaintiff's 2005 figure was merely an estimate in a settlement demand. More importantly, that 2005 estimate reflects the lodestar for plaintiff's attorneys at their then current 200**5** hourly rates. At that time on this case, Attorney LaRosa's rate was $125 – just 50% of his current rate in 2008. Attorney Neuberger's hourly rate also was lower. So the fact that the 2005 estimate of fees was 65% of what is sought now in 2008, for that same time period is not surprising, especially given the increase in Attorney LaRosa's rate over the past three years. So plaintiff's fee petition is reasonable, and his lodestar should not be reduced.

**B.   Plaintiff's Conduct Does Not Warrant a Lodestar Reduction.**

16.  Defendants argue for the first time that plaintiff's conduct during litigation warrants a lodestar reduction. They provided no legal authority for this contention. Instead, they complain that plaintiff's counsel has "directed several personal

---

[2] Plaintiff does not express any opinion as to the accuracy of defendants' calculation of $38,280 for plaintiff's fees as of April 26, 2005. However, plaintiff notes that counsel's characterization of the difference between that figure and $25,000 as "an increase of **more than 50%**" is misleading. More precisely stated, plaintiff's then estimate based on 2005 rates was 65% of the time now billed based on 2008 rates.

7

attacks against the character of one of Defendant's counsel . . . ." See Sur-reply Brf. at 9, § IV.C, ¶ 2.  In reality, it is defense counsel who has raised personal attacks against members of the Bar by contending that plaintiff's Attorneys Warner and Hertzog's time should be billed at paralegal rates.  So no reduction should be made based on the attorneys' conduct in the case.

    **C.    Plaintiff is Entitled to Reasonable Costs.**

    17.  Finally, defendants argue that plaintiff is not entitled to reimbursement for undocumented costs.  As with their arguments regarding the reasonableness of the fee petition and counsel's conduct, this new argument was first raised in the sur-reply.  However, defendants could have raised all of these arguments in their answering brief.  Thus as explained above, these arguments exceed the scope of a proper sur-reply.  See Part I.A, supra.  Thus, they again should be stricken.  Therefore, for the previously unrefuted reason in plaintiff's opening and reply memorandums, plaintiff is entitled to reimbursement for his reasonable costs.

    18.  Plaintiff waives an opening brief in support of this Motion.

**WHEREFORE,** plaintiff Moves to Strike defendants' sur-reply brief in opposition to plaintiff's petition for attorneys' fees, or in the alternative, plaintiff moves to reply to defendants' brief.

        Respectfully Submitted,

**THE NEUBERGER FIRM, P.A**
**THOMAS S. NEUBERGER, ESQUIRE (#243)**
**STEPHEN J. NEUBERGER, ESQUIRE (#4440)**
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**LAW OFFICE OF JOHN M. LaROSA**

/s/ John M. LaRosa
**JOHN M. LaROSA, ESQUIRE (#4275)**
Two East 7th Street, Suite 302
Wilmington, DE 19801-3707
(302) 655-0582
JLR@LaRosaLaw.com

Attorneys for Plaintiff

Dated: August 8, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CHIEF HENRY V. TOBIN III,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C.A. No. 04-1211 MPT |
| : | |
| **THOMAS P. GORDON,** individually : | |
| and in his official capacity; : | |
| **SHERRY FREEBERY,** individually : | |
| and in her official capacity; : | |
| **COLONEL JOHN L. CUNNINGHAM,** : | |
| **RETIRED,** individually; : | |
| **COLONEL DAVID F. MCALLISTER,** : | |
| individually and in his : | |
| official capacity; and : | |
| **NEW CASTLE COUNTY,** : | |
| a municipal corporation, : | |
| : | |
| Defendants. : | |

**ORDER**

At Wilmington this ____ day of _____, 2008.

Having reviewed defendants' sur-reply brief and plaintiff's motion to strike or in the alternative, to reply to defendants' sur-reply brief,

**IT IS ORDERED that** defendants' sur-reply brief is hereby stricken from the record.

**ALTERNATIVELY, IT IS ORDERED that** the Court will consider both defendants' sur-reply and plaintiff's reply thereto.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

i

## **CERTIFICATE OF SERVICE**

I, John M. LaRosa, being a member of the bar of this Court do hereby certify that on August 8, 2008, I electronically filed this **PLEADING** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>William W. Bowser, Esq.
>Young Conaway Stargatt & Taylor LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE 19899
>
>Charles E. Butler, Esq.
>1224 North King Street
>Wilmington, DE 19801
>
>Kathleen M. Jennings, Esq.
>Wolf, Block, Schorr and Solis-Cohen LLP
>1220 North Market Street, Suite 710
>P.O. Box 2054
>Wilmington, DE 19899

>/s/ John M. LaRosa
>**JOHN M. LaROSA, ESQ. (#4275)**