IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY V. TOBIN, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-1211-MPT |
| | ) |
| THOMAS P. GORDON, individually and in his official capacity; SHERRY FREEBERY, individually and in her official capacity; COLONEL JOHN L. CUNNINGHAM, RETIRED, individually; COLONEL DAVID F. MCALLISTER, individually and in his official capacity; and NEW CASTLE COUNTY, a municipal corporation, | ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN OPPOSITION OF
PLAINTIFF'S MOTION TO STRIKE**

    1.    This Court granted Defendants permission to file a sur-reply brief in its Order dated June 18, 2008, (D.I. 49), which it confirmed at the hearing held on July 1, 2008. (D.I. 59).

    2.    Defendants filed a sur-reply brief in compliance with the Court's Orders. (D.I. 70).

    3.    Plaintiff's claim that the sur-reply brief is somehow defective because it "merely re-raises arguments previously asserted" is without merit.

    4.    The Court granted permission to file a sur-reply only after Plaintiff failed to comply with the Court's previous order regarding service of Plaintiff's discovery responses. The Court did not order Defendants to limit their sur-reply to any type of argument in particular. Thus, the sur-reply brief was fully compliant with the Court's Orders.

5. The cases cited by Plaintiff are inapposite as they are limited to decisions on a party's request for a sur-reply. In the cases cited, the court declined the party's request because there was no grounds upon which a sur-reply could be granted, such as the development of new arguments, facts, or case law since the party's first filing. Here, the Court has already determined that there were grounds upon which a sur-reply would be proper and issued an Order to that effect. There need not be any additional grounds for a sur-reply—the Court has previously resolved this question in Defendants' favor.

6. Further, although Plaintiff repeatedly states that Defendants' sur-reply contains only previously-made arguments, he later changes this statement to claim that the sur-reply "essentially" contains previously-made arguments. He then states that the defendants have raised "just enough new points to which Plaintiff now should have an opportunity to respond." (D.I. 71 at ¶ 13).

7. Plaintiff complains that Defendants got a "second bite at the apple" and requests the right to file a sur-sur-reply brief. Apparently not inclined to await the Court's decision on his Motion, Plaintiff then takes his own "second bite," with three pages of argument unrelated to a motion to strike and, presumably, in support of his fee petition. Paragraphs 14-18 of Plaintiff's Motion to Strike are in violation of D. Del. LR 7.1.2, and should not be considered by the Court in deciding Plaintiff's fee petition.

[Continued on next page]

For the reasons set forth above, Defendants respectfully request that Plaintiff's Motion to Strike Defendants' Sur-Reply and Plaintiff's alternative request to Reply to Defendants' Sur-Reply (D.I. 71), both be denied in full.

Respectfully submitted,

*/s/ Margaret M. DiBianca*
William W. Bowser, Esquire (Bar I.D. 2239)
Margaret M. DiBianca, Esquire (Bar I.D. 4539)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-5008
Facsimile: (302) 576-3476
E-mail:  mdibianca@ycst.com
*Attorneys for Defendant New Castle County*

Dated: August 22, 2008