## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY V. TOBIN, III, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    C. A. No. 04-1211-MPT |
| | : |
| THOMAS P. GORDON, individually and in his | : |
| official capacity; SHERRY FREEBERY, | : |
| individually and in her official capacity; | : |
| COLONEL JOHN L. CUNNINGHAM, | : |
| RETIRED, individually; COLONEL DAVID F. | : |
| MCALLISTER, individually and in his official | : |
| capacity; and NEW CASTLE COUNTY, | : |
| a municipal corporation, | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

### Facts

This is a motion by plaintiff for reasonable attorney's fees for his counsel (the

Neuberger and LaRosa law firms) pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

Defendants argue, in the alternative, that neither law firm is entitled to fees and if fees

are awarded, plaintiff's demand should be reduced because it is unreasonable and

contains non-compensable items.

Plaintiff filed his complaint on September 2, 2004 against the following

defendants: Thomas P. Gordon, Sherry Freebery, John L. Cunningham, David F.

McAllister and New Castle County. After the complaint was filed, defendants moved to

stay the case until resolution of the pending criminal charges against Gordon and

Freebery. A stay was granted on December 15, 2004. During the stay, plaintiff made

settlement demands in April 2005 and October 2006. The 2005 demand sought

compensatory damages of $1.5 million plus legal fees and costs of $34,200. The 2006 demand sought $600,000. Both were rejected by defendants.

Plaintiff filed an amended complaint on July 24, 2007. The Neuberger firm was engaged in two other cases against the same defendants: *Riddell v. Gordon, et al.* and *Jamison v. Gordon, et al.* Amended complaints in those matters were filed July 13, 2007 and June 12, 2006 respectively. All three cases shared similar circumstances though different claims were raised in each. Plaintiff's amended complaint in the instant matter was the last to be filed. Since the three actions share similarities, defendants allege that only thirteen of the thirty-one pages of the complaint in the present action are unique, the remainder being merely boilerplate or a mirror of the *Riddell* and *Jamison* pleadings.

Defendants made an offer of judgment for $25,000 plus reasonable attorney's fees and costs in early February 2008. Plaintiff accepted the offer on February 9, 2008. Plaintiff's attorneys, the Neuberger and LaRosa firms, now seek a combined attorneys' fee of $70,456 based on a total of 243.5 hours. At the time of settlement, plaintiff's counsel had completed an original and an amended complaint, two answering briefs, and two settlement requests.

The motion for attorney's fees and memorandum in support thereof was filed on May 1, 2008. Defendants' answering brief was filed on June 3, 2008, and plaintiff's reply memorandum was filed on June 18, 2008. The defense sur-reply brief was filed on July 25, 2008.

2

## Attorney's Fees Under 42 U.S.C. § 1988

The right to reasonable attorney's fees is provided by the language of 42 U.S.C. § 1988: "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of public law 92-318 . . ., or title VI of the Civil Rights Act of 1964 . . ., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."[1] In order to qualify, a plaintiff must be designated a "prevailing party,"[2] a term which has been defined as any party that, "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."[3]

A key factor is that the plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."[4] Usually this is accomplished through a judgment on the merits, but settlement is equivalent to judgment under this determination.[5] Additionally, prevailing party status does not turn on the magnitude of the relief obtained.[6] However, satisfaction of the requirements to be a prevailing party only make one eligible for attorney's fees: it does not entitle a party to such fees.

In *Farrar*, the court determined that a one-dollar damage verdict meant that the plaintiff was a prevailing party, but because the recovery was nominal, attorney's fees

---

[1] 42 U.S.C. § 1988.

[2] *Farrar v. Hobby*, 506 U.S. 103, 109 (1992).

[3] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-279 (1st Cir. 1978) (overruled on other grounds).

[4] *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792 (1989)

[5] *Farrar*, 506 U.S. at 111. ("The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement." (internal citations omitted)).

[6] *Id.* at 114.

3

were not awarded.[7] In determining what is considered a reasonable fee, the court concluded that the only reasonable fee is no fee at all.[8] Thus, even though the plaintiff was the prevailing party and eligible for attorney's fees, none were awarded.[9] Since a one-dollar award in *Farrar* was sufficient to confer "prevailing party status," a settlement of $25,000 meets the requirements under *Farrar*.

Defendants counter with the Seventh Circuit case of *Fisher v. Kelly* which holds that a "nuisance settlement" does not confer prevailing party status.[10] *Fisher* is inapposite to the law of the Third Circuit which provides that "consistent with the case law in this circuit and the policy objectives of § 1988, the threshold determination of prevailing party status that serves to entitle a plaintiff to a reasonable award of attorney's fees may not be jettisoned by the assertion of a nuisance settlement."[11] Consequently, in the Third Circuit, a nuisance settlement can convey prevailing party status.

The "'most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"[12] Justice O'Connor, in an influential concurrence in *Farrar*, posited three factors to gauge the level of success: "the difference between the

---

[7] *Farrar*, 506 U.S. at 115-16.

[8] *Id.* at 115 ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.")

[9] *Id.* ("In some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party.").

[10] 105 F.3d 350, 353 (7th Cir. 1997) ("The court found that plaintiff's relief was not based on the merits of her claim. Instead, it found that defendant . . . 'settled this case for its nuisance value' and not because he had done anything for which he was liable.").

[11] *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 134-135, n. 9 (3d Cir. 1986) ("In our view, nuisance settlement is not a concept that is helpful in fee award analysis. Consequently, we decline to fashion a rule specifically directed to 'nuisance settlements.'").

[12] *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436.).

amount recovered and the damages sought"; "the significance of the legal issue on which the plaintiff claims to have prevailed"; "the public purpose served" by the litigation.[13]  The first factor is accorded the most weight.[14]

Defendants' attack plaintiff's request for attorney fees under all three factors. First, they argue that the significant difference between the amount sought and the amount accepted make the settlement amount *de minimis* and purely technical, a designation which forecloses an award of attorney fees under *Farrar*.  Defendants rely on *Petrunich v. Sun Building Systems, Inc.*, where the court found that the plaintiff's recovery of $1.00 compared to the $150,000 sought was *de minimis*.[15]  However, the court determined that *Farrar*, where $1.00 was awarded when $17,000,000 was sought, did not establish any standard to determine the discrepancy level required between amount sought and amount recovered to eliminate fees.[16]

Both *Petrunich* and *Farrar* involved a one dollar damage recovery, while in the instant matter, $25,000 was recovered.  Although *Farrar* does not establish 1/17,000,000 as a benchmark for disallowing attorney fees, a recovery of $25,000 on an initial demand of $1.5 million is only a 1:60 discrepancy as opposed to the 1:150,000 and 1:17,000,000 differences in *Petrunich* and *Farrar* respectively.  Moreover, an award of $1.00 is universally considered *de minimis*.  Therefore, the court cannot say plaintiff's settlement of $25,000, exclusive of attorneys' fees, is *de minimis*.

---

[13] *Id.* at 121-22 (O'Connor, J., concurring).

[14] *Id.* at 114.

[15] No. 3:CV-04-2234, 2008 WL 974574 (M.D. Pa. Apr. 7, 2008).

[16] *Id.* at *6, n. 8. (rejecting plaintiff's argument that the 1:150,000 discrepancy is not as extreme as the 1:17,000,000 difference in *Farrar*).

5

Regarding the second factor, which is accorded the least weight,[17] defendants maintain that in light of the offer of judgment, plaintiff did not prevail on any legal issue. Thus, the significance of the settlement is illusory. However, plaintiff pursued his action under the First Amendment and 42 U.S.C. § 1983: the significance of those rights protected thereunder is undisputed.[18]

Although the third factor was not addressed by plaintiff, the court finds that the resolution of constitutional rights renders an important public purpose beyond plaintiff's own rights.[19]

Thus, plaintiff has made a showing under all three factors and is entitled to reasonable attorney's fees.[20]

## Attorney Fee Amount

### Calculation of the Lodestar

The determination of the reasonable amount of counsel fees begins with the calculation of the lodestar amount which is equivalent to the appropriate hourly rate multiplied by the reasonable amount of hours expended.[21]

The reasonable rate is a factual question determined by the evidence in the

---

[17] *Petrunich*, 2008 WL 974574, at *6.

[18] Plaintiff did not address the second factor in his submissions.

[19] *Petrunich*, 2008 WL 974574, at *7 ("A case accomplishes a public purpose when it vindicates the rights of others, creates new precedent, deters future deprivations, and/or provokes a change in the defendant's behavior."); *Mercer v. Duke University*, 401 F.3d 199, 207 (4th Cir. 2005) ("The court must consider 'whether the litigation served a public purpose, as opposed to simply vindicating the plaintiff's individual rights.").

[20] Of note, defendants' offer of judgment, provided a "fixed amount of $25,000, *plus reasonable attorney's fees and costs*." (emphasis added). That offer is repeated in letters to the court, as well as, in the Order for Entry of Judgment. Thus, defendants offered to pay reasonable attorney's fees, but now argue that no fees should be awarded.

[21] *Hensley*, 461 U.S. at 433.

record[22] and subject to a "calculation according to prevailing market rates in the community."[23] Initially, the plaintiff has the burden of establishing the reasonable market rate with evidence beyond his attorney's affidavit.[24] Once the plaintiff has met his burden, the defendant may rebut the prima facie case "only with appropriate record evidence."[25] If the defendant fails to provide evidence which contests the plaintiff's record, then attorney's fees must be awarded at the plaintiff's requested rate.[26] Here, defendants have not contested the reasonableness of the requested rate for Thomas S. Neuberger, Steven J. Neuberger and John M. LaRosa.

Defendants argue, that a prima facie case has not been established for the hourly rate of Cheryl A. Herzog ("CAH") and Raeann C. Warner ("RCW), attorneys in the Neuberger firm, because the only evidence in support of their hourly rate are the assertions in Thomas S. Neuberger's declaration. However, the briefs and attachments therein provide a thorough explanation of the various factors incorporated into the Neuberger firm's rates. Six declarations as to the reasonableness of the hourly rate of the attorneys are included. Evidence of what other law firms were charging for similarly situated attorneys with the same level of experience and in the relevant geographical area are also provided.[27] Neuberger's affidavit detailing the credentials and experience of his firm combined with the comparative fees of another law firm provides the

---

[22] *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996).

[23] *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

[24] *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225, n. 2 (3d Cir. 1997) (quoting *Blum v. Stevenson*, 465 U.S. 886, 895 n. 11 (1984)).

[25] *Washington*, 89 F.3d at 1036.

[26] *Id.* at 1036.

[27] Specifically, Young, Conaway, Stargatt & Taylor bills $250/hour for second year associates in its labor department.

7

necessary evidence to determine the reasonable hourly rate for Herzog and Warner.

After the reasonable rate is determined, the appropriate hours for the work

performed is calculated through thorough and specific documentation of the hours and

activities.[28] Compensable activities may include such tasks as "background research

and reading complex cases, productive attorney discussions and strategy sessions,

negotiations, routine activities such as making telephone calls and reading mail related

to the case, monitoring and enforcing the favorable judgment, and even preparing and

litigating the request for attorneys' fees."[29]

Plaintiff requests payment for the following activities:

**Neuberger Firm**

| Activity | Hours | | |
|---|---|---|---|
| Complaint Drafting | 9.1 | | |
| Settlement Efforts | 7.5 | | |
| Telephone Conferences and Meetings | 28.0 | | |
| Fact Investigation | 10.2 | | |
| Pleadings and document preparation | 5.2 | | |
| Correspondence and file memos | 11.8 | | |
| Expert Witnesses | .9 | | |
| Briefing the stay motion and the motion to dismiss | 27.9 | | |
| Misc. | 4.2 | | |
| | | | |
| Total | 104.8 | | |

| Divided by Attorney: | | | | |
|---|---|---|---|---|
| Thomas S. Neuberger | 49.7 hours @ $450/hour | = | | $22,365.00 |
| Stephen J. Neuberger | 50.4 hours @ $250/hour | = | | $12,600.00 |
| Cheryl A. Herzog | 2.6 hours @ $170/hour | = | $ | 442.00 |
| Raeann C. Warner | 2.2 hours @ $170/hour | = | $ | 374.00 |

Lodestar amount requested for Neuberger firm = $35,781.00

**LaRosa Firm**

---

[28] *Evans v. Port Authority*, 273 F.3d 346, 361 (3d Cir. 2001).

[29] *Posa v. City of East Orange*, No 03-233, 2005 WL 2205786, *4 (D.N.J. Sept. 8, 2005).

| Activity | | **Hours** | |
|---|---|---|---|
| Complaint Drafting | | 16.5 | |
| Settlement Efforts | | 32.8 | |
| Meetings and preparation | | 15.0 | |
| Draft documents | | 14.2 | |
| Fact Investigation | | 13.8 | |
| Briefing | | 12.5 | |
| Telephone calls | | 16.4 | |
| Memorandums and e-mails | | 6.7 | |
| Legal and factual analysis | | 3.7 | |
| Damages preparation and experts | | 3.1 | |
| Legal research | | 2.3 | |
| Initial consultation | | 1.4 | |
| | | | |
| Total | | 138.7 | |
| | | | |
| John M. LaRosa | 138.7 hours @ $250/hour | = | $34,675.00 |

Lodestar amount requested for LaRosa firm = $34,675.00

In addition, both firms seek compensation for time spent on the present motion for attorney's fees.

However, the court's review and analysis of the time expended and the work performed is frustrated by the incongruity between plaintiff's and defendants' exhibits concerning the billing records. Plaintiff provides no single report from the Neuberger firm which contains the dates of service, a description of the work performed, the amount of time expended for that activity and the identity of the attorney who performed the professional services. Plaintiff only provides from that firm, in an understandable format, an alleged summary of the hours sought for each broad category of professional services performed, and the total hours expended, which are subdivided

9

among the attorneys and multiplied by that attorney's hourly rate.[30] The court cannot review for the Neuberger firm from a single source the work performed, who performed it and the amount of time expended for each service. Plaintiff submits for the Neuberger firm various charts, which provide the billing information in a piecemeal fashion, but nothing in an easily digestible format. Defendants, on the other hand, submit billing records allegedly reflecting the professional services provided, the hours expended for each service and the identity of the attorney who provided the service in the Neuberger and LaRosa firms, but these entries cannot be confirmed by comparison with plaintiff's attachments. In fact, there are numerous times when the information provided by both sides is not consistent; that is, plaintiff's time requested is different than what defendants argue it is. Further, defendants attack individual line items, which the court often cannot determine whether plaintiff is seeking compensation for them.

Therefore, based on the haphazard way the billing information has been presented, the court will analyze the materials as follows: the total amount of hours for the individual categories for which plaintiff is requesting compensation is the starting point because logic dictates that scrutiny of only the hours for which compensation is sought should occur. The court will then determine the reasonable fees considering the arguments of the parties and evidence provided.

## Discretion regarding Attorney's Fees Award

Despite the calculated lodestar amount, the court has discretion regarding the

---

[30] Moreover, plaintiff notes that 3.7 hours are eliminated from the summary for media related activity by the Neuberger firm, with a 14.8 hour reduction for the services of the LaRosa firm for representation before the EEOC, media related activity and other administrative matters. Again, for the Neuberger firm, the court cannot easily determine whose hours were eliminated for media related activity.

10

final award of fees.[31] That discretion extends to an independent review of the fees requested to determine if they were reasonably incurred: "[t]he district court should exclude from this initial fee calculation hours that were not 'reasonably expended.'"[32] The court should reduce the amount of attorneys' fees when they are excessive or unreasonable in light of the services provided.[33]

### Time Billed for Complaint and Amended Complaint

The Neuberger and LaRosa firms seek a combined 25.6 hours for drafting the complaint and amended complaint.[34] Defendants maintain that the hours spent on drafting the complaint and amended complaint are excessive because the resulting work is not commensurate with the compensation sought. Defendants rely on *Pretlow v. Cumberland County Board of Social Services* where the amount of attorney fees for drafting a complaint was reduced from 30.3 hours to 5 based on the attorney's own professed expertise in the area of law. There the court noted that counsel clearly had reused portions of previously work.[35] Defendants point to *Pretlow* as support that the hours claimed in the instant matter for drafting the complaint and amended complaint should be reduced, and specifically argue that the amended complaint, which took 7.8

---

[31] *Hensley*, 461 U.S. at 437.

[32] *Id.* at 434 (quoting S.Rep. No. 94-1011, p. 6 (1976)).

[33] The court looks at 12 factors: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the preclusion of alternative employment; (5) the customary fee for similar work; (6) the nature of the fee payment arrangement; (7) time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) fee awards in similar cases. *Johnson v. Georgia Highway*, 488 F.2d 714, 717-719 (5th Cir. 1974). The most important factor is the final result obtained. *Hensley*, 461 U.S. at 434.

[34] Plaintiff represents that 25.6 hours were expended in completing the complaint and amended complaint, while defendants argue that 29.5 hours is claimed.

[35] *Pretlow v. Cumberland County Bd. of Social Services*, No. 04-2885, 2005 WL 3500028 *5, n 5 (D.N.J. Dec. 20, 2005).

hours to complete, resulted in only minimal changes. They contend that only twelve sentences were altered. Defendants also maintain that plaintiff's counsel merely copied sections from the *Riddell* and *Jamison*'s complaints.

The Neuberger and LaRosa firms have professed significant expertise in constitutional law through their own extensive declarations.[36] In attempting to establish a basis for their hourly rate, they also created a threshold level for their expected performance.

The differences, however, among the three complaints in the allegedly related cases (*Tobin*, *Riddell*, and *Jamison*) are too numerous to suggest that plaintiff's counsel merely copied. However, the defendants in each of the matters and the general underlying circumstances are similar, and the plaintiffs were or are New Castle County employees. A review shows that approximately ten paragraphs out of thirty-one pages in the *Tobin* pleadings are the same. There is some of overlap among the complaints regarding the description of the parties and certain background information. Defendants present no significant evidence of alleged "boilerplate" language used among the three complaints.

Plaintiff filed his amended complaint under Fed. R. Civ. P. 15(a) before any responsive pleading was filed by defendants. Upon review, about fifteen sentences in total were either added or significantly altered in addition to a handful of minor corrections.

As best as the court can determine, Thomas S. Neuberger ("TSN") spent 7.1

---

[36] Neuberger provided a twenty-seven page declaration.

hours on the complaint at a rate of $450/hour for a charge of $3,195. Stephen J. Neuberger ("SJN") expended 2.0 hours at $250/hour for a fee of $500. John M. LaRosa ("JML") spent the remaining 16.5 hours at a rate of $250/hour for a bill of $4,125. The final total for the complaint and amended complaint is $7,820.

In light of the self-professed skill of the members of the Neuberger and LaRosa firms, 25.6 hours for a complaint and minimally altered amended complaint are unreasonable. As a result, the time for drafting such documents is reduced to ten hours, for a total of $3,060 in fees.[37]

### Time Billed for Settlement Efforts

The Neuberger and LaRosa firms also request a combined 40.3 hours for settlement related work. As noted herein, the court will apply its discretion to close the gap between fees sought and what is reasonable. The most important factor is the amount of success obtained.[38] In the present matter, plaintiff attempted to settle the case twice, initially in 2005 and again in 2006 while the stay was in place. Both attempts were unsuccessful. Settlement occurred when defendants filed an offer of judgment for $25,000, plus reasonable attorney's fees and costs.

Indeed, particularly in light of the final settlement amount, both settlement demands could be deemed as unrealistic. The 2005 demand sought $1.5 million plus

---

[37] In determining the appropriate fee for that service, the court calculated the percentage each attorney contributed to the original time claimed. That is, TSN's 7.1 hours equates to 28% of the total hours claimed of 25.6, while SJN's hours equal 8% and JML's hours calculate to 64%. The court then multiple those percentages by the total number of hours allowed, that is 10, to determine the reduced number of hours for each attorney. TSN's allowable hours are 2.8; SJN's hours are .8 and JML's hours equal 6.4. Each counsel's hours were then multiplied by that attorney's hourly rate: TSN $1,260.; SJN $200.; and, JML $1,600.

[38] *Hensley*, 461 U.S. at 434.

13

legal fees and costs of $34,200. The 2006 demand amount was reduced to $600,000.
The parties finally reached a settlement of $25,000, a significant reduction from what
was sought. Furthermore, the 2005 demand by the Neuberger firm consisted of sixty-
seven pages and included calculation data. The 2006 demand by the LaRosa firm was
a mere three pages accompanied by the same calculation data used in the 2005
demand.

The LaRosa firm now seeks 32.8 hours at $250/hour for its 2006 settlement letter
for a fee of $8,200. The 7.5 hours requested by the Neuberger firm for its 2005 demand
letter is divided as follows: 5.1 hours by TSN at $450/hour ($2,295) and 2.4 hours for
SJN at $250/hour ($600), for a total of $2,895. The amount requested for both firms
equals $11,095. Considering the purported expertise and experience of each firm, 40.3
hours spent on two improbable settlement offers is excessive. The court is particularly
concerned with the time expended by the LaRosa firm, especially since its demand
significantly relied on and was a regurgitation of the 2005 settlement demand. The time
expended by the LaRosa firm is reduced to 7.5 hours.[39] As a result, 15 hours is allowed
for the settlement efforts by the two firms calculated as follows: TNS $2,295 (5.1 hours
at $450/hour); SJN $600 (2.4 hours at $250/hour); and JML $1,875 (7.5 hours at
$250/hour) for a total of $4,770 for all time spent on settlement by plaintiff's counsel.

**Time Billed as Miscellaneous**

The Neuberger firm seeks 4.2 hours spent on "Misc." activity. Attorney's fees

---

[39] Although the court recognizes that preparation of the 2006 demand required the LaRosa firm to
review the original demand letter, recalculate the settlement offer and to explain the basis for any
modification, the time allowed is generous.

14

must be accompanied by "fairly definite information as to hours devoted to general activities."[40] Time for professional services may be eliminated for lack of specificity. In the absence of any elaboration regarding what "Misc." activity entails or the identity of the attorney, those hours will not be allowed. Therefore, the Neuberger firm's fee request is reduced by $1,470.[41]

### Time Billed for EEOC Claim

An attorney is entitled to fees for a claim as long as it "involve[s] a common core of facts or will be based on related legal theories."[42] Further, "litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee."[43] Thus, reasonable activities done pursuing a colorable, but unsuccessful claim, may be recoverable. However, the pursuit of frivolous claims is not compensable.

The evidence shows that the EEOC charge was untimely and dismissed as such, despite plaintiff's characterization that the charge was "abandoned". Furthermore, if the administrative proceeding provided no apparent benefit to the final result, then professional activities before the EEOC are not compensable.[44] In light of the evidence and Third Circuit precedent, the .9 hour spent by counsel on an EEOC matter that was

---

[40] *UAW Local 529 v. Metro Auto Center*, 501 F.3d 283, 291 (3d Cir. 2007) (quoting *Evans v. Port Auth.*, 273 F.3d 346, 361 (3d Cir. 2001).

[41] In calculating the reduction, the court applied the average of the hourly rate charged by TSN and SJN, the two attorneys in the Neuberger firm who expended the most and equal amount of hours on the case.

[42] *Hensley*, 461 U.S. at 435.

[43] Id.

[44] *Sampson v. Embassy Suites, Inc.*, No. 95-7794, 1998 WL 726649, *3 (E.D. Pa. 1998) (excluding compensation for administrative proceedings because they were "unnecessary and did not contribute to recovered relief."); *see also Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983).

not necessary is excluded. For the Neuberger firm, TSN's hours are reduced by $225 (.5 hours at $450/hour). JML's hours for his firm are reduced by $100 (.4 at $250/hour). The total reduction to plaintiff's fee request by eliminating all EEOC charges is $325.

### Hours Billed for Clerical and Unspecified Activities

Defendants maintain that any activity not requiring legal expertise be eliminated from the fee request as merely clerical services.[45] The hours identified by defendants as clerical are non-compensable and will be excluded from the fee amount.[46] As a result, the reduction for the Neuberger firm is $864.[47] The decrease in fees for the LaRosa firm is $225.[48]

Defendants similarly attack the time spent by plaintiff's counsel on unspecified activities[49] and file review.[50] The contested entries for file review fail to indicate what is being reviewed or the purpose for the review, and are properly excluded as inadequate and vague. For example, "review e-mail" provides no information regarding the content or purpose of the email. Similarly, an entry that merely states "fact investigation" does not indicate the purpose or content of the investigation. Therefore, the fee request for the Neuberger firm is reduced by $697.[51]

---

[45] *See Pretlow v. Cumberland*, No. 04-2885, 2005 WL 3500028 (D.N.J. Dec. 20, 2005).

[46] Those activities are described as "revise Civil Cover Sheet", "try to reach my client" , and "handle overbilling of conference call."

[47] TSN .9 hours at $450/hour ($405); SJN 1.7 hours at $250/hour ($425); CAH at .2 hour at $170/hour ($34).

[48] JML .9 hours at $250/hour ($225).

[49] *UAW Local 259*, 501 F.3d at 291 ("A request for fees must be accompanied by 'fairly definite information as to hours devoted to various general activities. . .' And '[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.'" (internal citation omitted)).

[50] *Lowe v. Unum Life Ins. Co. of America*, No. 05-00368, 2007 WL 4374020 (E.D. Cal. Dec. 14, 2007) (holding that "monthly file review" is too vague and is excluded as an insufficient description).

[51] For TSN .9 hours at $450/hour ($405); SJN 1.1 hours at $250/hour ($275); CAH .1 hour at $170/hour ($17).

**Hours Billed to Media Related Activities**

Plaintiff represents that, for the Neuberger firm, 3.7 hours for media related activity have already been eliminated from the hours requested. Regarding the LaRosa firm, purportedly 14.8 hours have been excluded for similar activities. Because the time at issue is not included in the fee request, defendants' argument is moot.

**Hours Billed for Unrelated Matters**

Defendants argue that hours spent on matters unrelated to this case should be excluded. Any activities that are not clearly connected with the current litigation are excludable. No information has been provided regarding the relevance or relationship of the other matters, *Wilmington Hospitality v. NCC* and *Maloney v. NCC*, for which professional time was expended to the present case. Entries which seem to have no link to the current case are rejected. From the information provided, the reduction for the Neuberger firm is $1,220.[52] The deduction for the LaRosa firm is $975.[53]

Furthermore, defendants contest hours spent by the LaRosa firm on preparing declarations which they claim are unrelated. Declarations apparently were prepared in the present matter. There is no evidence that they were used in opposition or in support of any motion fo brief filed on behave of plaintiff. Why the declarations were prepared for certain witnesses in the present matter is not entirely clear. Therefore, the hours incurred by the LaRosa firm for such activity will be reduced by $1,275.[54]

**Hours Billed for Paralegal Work**

---

[52] 1.9 hours by TSN at $450/hour ($855); 2 hours by RCW at $170/hour ($340); .1 hours by SJN at $250/hour ($25).

[53] 3.9 hours for JML at $250/hour ($975).

[54] 5.1 hours at $250/hour ($1275).

17

The rate at which an attorney bills for professional services may be reduced to reflect the reasonable charge for the type of work performed.[55] The court can determine that certain activities should garner a lesser rate.[56] Particular items do not require the expertise of a professional.[57] Since no hourly rate has been suggested by plaintiff for work not requiring the skillfulness of counsel, that time will be excluded. Therefore, the Neuberger firm's charges are reduced by $409.[58]

**Costs**

As part of the attorneys fees, a prevailing party is entitled to costs.[59] Plaintiff introduces a general accounting which covers four broad categories of expenditures that defendants argue is insufficiently vague.[60] However, when viewed in light of the dates of events or filings contained on the docket sheet, those categories are sufficient to determine for what activities the expenditures were incurred. For example, court costs and filing fees of $150 incurred on August 26, 2004 represent the standard civil filing fee; and, the billing for conference calls is linkable to the teleconferences plaintiff's counsel was ordered to initiate on December 7, 2007 and February 11, 2008. Since there appears to be a relationship between the costs incurred and certain events in the

---

[55] *In re Fine Paper Antitrust Litigation*, 751, F.2d 562, 583 (3d Cir. 1984) ("The court may find that the reasonable rate of compensation differs for different activities." ) quoting *Lindy Bros. Builders Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973).

[56] *Lining v. Temporary Personnel Services, Inc.*, No. 07-01724, 2008 WL 2996871 (W.D. Pa. July 31, 2008) ("the court has a 'positive and affirmative function in the fee-fixing process'") quoting *Catello v. Oriental Weavers Rug Mfg. Co., Inc.*, No. 01-1060 at 6 (W.D. Pa. 2003)).

[57] For example, descriptions such as "[t]ry to reach my client about filing the case, [t]elephone with client to set appointment," or "[g]ather facts on county finances."

[58] .4 hours by TSN at $450/hour ($180); .1 hour by SJN at $250/hour ($25); .8 hours by RCW at $170/hour ($136); .4 hours by CAH at $170/hour ($68).

[59] *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995).

[60] *West Virginia University Hospitals, Inc. v. Casey*, 898 F.2d 357, 366 (3d Cir. 1990) (denying costs for blanket descriptions such as "xeroxing" and "long distance").

18

docket index record, there is minimally sufficient information to support a demand of
$450.98 in costs for the Neuberger firm.[61]

## Attorneys Fees Incurred by this Fee Motion

A party who is awarded attorneys fees is entitled to recover time spent on the fee
application.[62] At present, no information has been provided in support of the request for
fees and costs associated with the fee petition; therefore, no analysis can occur
regarding the reasonableness of those fees and expenditures.

## Motion to Strike

Defendants' request to file a sur-reply brief was granted on June 18, 2008. The
sur-reply brief contained additional details which assisted the court on plaintiff's motion
for fees. Cases cited by plaintiff in support of his motion to strike emphasizes the initial
request for a sur-reply brief, rather than whether the brief filed was appropriate.[63]
Moreover, the order allowing defendants' sur-reply brief only specified the documents to
be produced to defendants. In any event, plaintiff's arguments in response to
defendants' sur-reply brief have been duly considered in the analysis herein. Therefore,
plaintiff's motion to strike is denied.

## Conclusion

---

[61] In the future, the court expects more detailed information regarding the purpose for such
expenses.

[62] *Planned Parenthood of Cent. New Jersey v. Attorney General of State of New Jersey*, 297 F.3d
253, 268 (3d Cir. 2002); *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978) ("Indeed, courts have
consistently held that attorneys may be awarded, under statutory fee authorizations, compensation for the
expenses of and time spent on the fee application and successful fee appeals.".

[63] *In re Finova Group, Inc.*, No. 07-480-JJF, 2007 WL 3238764, *1 (D.Del. Oct. 31, 2007) (denying
motion for sur-reply brief); *In re Valley Media, Inc.*, 338 B.R. 605, 608 n. 2 (D.Del. 2006) (denying request
to file a sur-reply); *Davis v. Knox*, No. 11413, 1997 WL 240972, *4 n. 5 (Del. Ch. April 10, 1997) (granting
permission to file sur-reply).

19

Consistent with the findings herein, plaintiff's request for attorneys' fees and expenses is granted in part. As a result, the fees for the Neuberger firm are reduced by $7,120, while a deduction of $11,425 is applied to the fee request for the LaRosa firm. Therefore, the total amount of fees and expenditures for the Neuberger firm are $29,111.98, and for the LaRosa firm are $23,250.00.

Further, plaintiff will be allowed *reasonable* fees and costs for the preparation and prosecution of this motion. Plaintiff is directed to file the appropriate submissions *consistent with* this opinion in the support of his request for those additional expenses. The court expects counsel to provide the billing information in a readable format that does not require the court to interpret , search for and compare various types of billing entries to extrapolate the professional services provided, the dates on which they were incurred and the identity of the attorney who provide the services. In other words, for each time charged, the court expects to be shown in a single location the following information: date of service, a more than general description of the work performed, the identity of the attorney who performed that work and the time expended for that service.[64] A general overview or summary of the hours expended for categories of work will not be accepted.

Therefore, IT IS ORDERED and ADJUDGED consistent with the opinion herein, that plaintiff's request for attorneys' fees and costs (D.I. 40, 41) is granted in part. The total amount of fees and costs awarded on behalf of plaintiff and against defendants are as follows: for the Neuberger firm $29,111.98; for the La Rosa firm $23,250.00.

---

[64] Obviously, since there are two law firms involved, the court does not require that the billing information for both firms be combined. In fact, the court expects that information to be separate.

IT IS FURTHER ORDERED that plaintiff's request for reasonable

attorneys' fees and costs to pursue the motion for fees is granted. Plaintiff is ordered to

file the appropriate submissions, consistent with the directions contained herein, on or

before April 28, 2009. Counsel for plaintiff are ordered to file a joint submission no

longer than fifteen (15) pages, exclusive of exhibits. Defendants shall file their response

on or before May 19, 2009 limited to fifteen (15) pages, exclusive of exhibits. No reply

submission is allowed.

April 7, 2009                              /s/ Mary Pat Thynge
                                           UNITED STATES MAGISTRATE JUDGE