IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY V. TOBIN, III, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 04-1211-MPT |
| : | |
| THOMAS P. GORDON, individually and in his : | |
| official capacity; SHERRY FREEBERY, : | |
| individually and in her official capacity; : | |
| COLONEL JOHN L. CUNNINGHAM, : | |
| RETIRED, individually; COLONEL DAVID F. : | |
| MCALLISTER, individually and in his official : | |
| capacity; and NEW CASTLE COUNTY, : | |
| a municipal corporation, : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

**Introduction**

Plaintiff filed a motion for reconsideration of the court's April 7, 2009 Memorandum Order,[1] in which he requests that the court reconsider page 17, paragraph 3 of its opinion and grant him reasonable attorneys' fees for the time spent preparing declarations of fact witnesses Lynda Maloney and Maria Rendina. In sole support for his request, plaintiff laches onto a single comment in the Memorandum Order wherein the court stated that "why the declarations were prepared for [these] witnesses in the present matter is not entirely clear."

The Memorandum Order of April 7, 2009 addressed plaintiff's motion for attorneys' fees and costs. Certain time spent in relation to those declarations was

---

[1] Since the filing of its original decision, the court issued a Corrected Memorandum Order correcting certain typographical errors. Those corrections had no effect on the prior decision and are not relevant to the issues involved in the present motion.

excluded from the final award for attorneys' fees. Plaintiff requests that the court perform an *in camera* review, which he maintains clearly shows the relevance of those declarations. He asserts that he is bringing his motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 60, the rule that addresses relief from a judgment or order. Defendants point out that despite captioning the motion as one for "reconsideration," plaintiff's reliance on Rule 60(b) is misplaced. Rather, defendants maintain that Rule 59(e) is the applicable standard, which differs from the requirements under Rule 60(b), that is, for relief from a final judgment. Defendants argue that plaintiff's motion fails on either standard.

**Applicable Standards**

### Standard under Rule 60

Rule 60(b) provides certain grounds when a court may relieve a party from final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or, applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[2]

Plaintiff does not advise which of the aforementioned grounds that he deems relevant to his motion. Nor does he discuss how the standard under Rule 60(b) applies to his motion. Further, plaintiff provides no reference to any facts which support his

---

[2] Fed. R. Civ. P. 60(b)

motion under subsections 1 through 5.  He merely contends that an *in camera* inspection "reveals that the declarations are related to the present action."

A motion under Rule 60(b) is "'addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'"[3] Rule 60(b), however, "does not confer upon the district court a standardless residual of discretionary power to set aside judgments."[4]  As a result, relief under Rule 60(b) is available only where the "'overriding interest in the finality and repose of judgments may properly be overcome.'"[5]  "The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'"[6]  According to the Third Circuit,

> Rule [60(b)] must be applied "[s]ubject to the propositions that the finality of judgments is a sound principle that should not lightly be cast aside, [and] that clause (6) is not a substitute for appeal . . . ."  It is intended to be a means for accomplishing justice in extraordinary situations; and so confined, does not violate the principle of the finality of judgments.[7]

Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment."[8]  It also requires that "a movant seeking relief . . . to

---

[3] *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981) (quoting 7 James Wm. Moore, et. al., *Moore's Federal Practice*, ¶ 60.42 (2d ed. 1979)).

[4] *Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977)) (internal quotation marks omitted).

[5] *Harris v. Martin*, 834 F.2d 361, 364 (3rd Cir. 1987) (*quoting Martinez-McBean*, 562 F.2d at 913).

[6] *Moolenaar*, 822 F.2d at 1346 (quoting *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986)).

[7] *Kock v. Government of the Virgin Islands*, 811 F.2d 240, 246 (3d Cir. 1987) (internal citations omitted).

[8] *United States v. Witco Corp.*, 76 F. Supp. 2d 519, 527 (D. Del. 1999)

show 'extraordinary circumstances' justifying the reopening of a final judgment."[9]

### Standard under Rule 59

The court may alter or amend its judgment if the party seeking reconsideration shows "(1) an intervening change in the controlling law;" (2) the availability of new evidence that was not available when the court issued its order; or "(3) the need to correct a clear error of law or fact or to prevent manifest injustice."[10]  "Although Rule 59 does not specifically mention a motion for reconsideration, such a motion is regarded as 'the functional equivalent of a Rule 59 motion.'"[11]  "[A] motion for [reconsideration] may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters not previously obtainable have been discovered since the issue was submitted to the Court[.]'"[12]  It is not intended merely to be an opportunity to "accomplish [the] repetition of arguments that were or should have been presented to the court previously."[13]  This court recognizes that meeting the standard for obtaining relief under Rule 59(e) is difficult.

**Analysis**

Plaintiff does not claim that there has been any change in the law.  He does not

---

[9] *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).
[10] *Max's Seafood Café, ex rel. Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[11] *Boyd v. Nannas*, C.A.No. 07-378-JJF, 2008 U.S. Dist. LEXIS 32177, at *1 (D. Del. Apr. 18, 2008) (quoting *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 348 (3d Cir. 1986)).
[12] *Lechliter v. Dept. of Defense*, C. A. No. 03-1016-KAJ, 2005 WL 3654213, at *1 (D. Del. Aug. 24, 2005) (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (citations omitted) (alteration in original)).
[13] *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

suggest that any new evidence has become available since the court issued its decision on April 7, 2009. He presents no evidence of manifest injustice.[14] He proffers no facts which supports any claim of inequity or hardship, nor does he make any such claim. He does not proffer any exceptional circumstances. Therefore, he fails to provide any proper basis to support reargument or reconsideration under Rule 59, or grounds to reopen a judgment under Rule 60(b).

Plaintiff spent considerable time arguing why the court should review the affidavits of the witnesses *in camera* and paraphrased in his brief why the declarations were relevant to the issues in his case.[15] He never addressed the standards for reconsideration nor propounded any facts, grounds or argument consistent with those standards. His excuse why he could not explain the alleged relevance of those documents at the time of the filing of his motion for attorneys' fees and costs was because he had been instructed to provide them under seal when they were used in a prior motion for reargument on a discovery dispute.

Although the declarations at issue were filed under seal in support of the present matter, the brief paraphrasing their relevance was not. Plaintiff could have provided a similar explanation for their alleged relevance in his original motion for attorneys' fees and costs, but did not.[16] The affidavits obviously existed prior to the court's decision.[17]

---

[14] Reconsideration of $1,275 in fees on a fee award of over $50,000 does not demonstrate manifest injustice.

[15] The court has performed an *in camera* review of those declarations for a second time – once when the affidavits were filed on reargument of a discovery order and again in support of the present motion for reconsideration.

[16] Plaintiff contends in his recent submission that the court's decision was in response to defendants' argument that the declarations were unrelated to the present case. Therefore, plaintiff was obviously aware of defendants' position and never

5

The declarations are not new evidence. Plaintiff has not established any grounds for relief under either Rule 59 or 60. For the reasons contained herein, plaintiff's motion for reconsideration is denied. Therefore,

IT IS ORDERED that plaintiff's motion for reconsideration (D.I. 74) is denied.

May 8, 2009                              /s/ Mary Pat Thynge
                                         UNITED STATES MAGISTRATE JUDGE

---

addressed it in his original briefing.

[17] Plaintiff points out that the declarations were originally filed on June 25, 2008 in support of his motion for reconsideration of the court's memorandum order relating to discovery issues. Further, the affidavits are dated in August 2007.