**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

HENRY V. TOBIN, III,                          :
                                              :
                          Plaintiff,          :
                                              :
              v.                              :    C. A. No. 04-1211-MPT
                                              :
THOMAS P. GORDON, individually and in his     :
official capacity; SHERRY FREEBERY,           :
individually and in her official capacity;    :
COLONEL JOHN L. CUNNINGHAM,                    :
RETIRED, individually; COLONEL DAVID F.       :
MCALLISTER, individually and in his official  :
capacity; and NEW CASTLE COUNTY,              :
a municipal corporation,                      :
                                              :
                          Defendants.         :

<u>**MEMORANDUM ORDER**</u>

**Background**

        Plaintiff moves for reasonable attorney's fees and costs for his counsel (the

Neuberger and LaRosa law firms) pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54,

which were incurred in the preparation and prosecution of his petition for attorneys' fees

and costs in the instant matter.  Defendants argue that neither law firm is entitled to

fees because plaintiff's fee petition was unsuccessful and under the *Hensley*[1] analysis,

his motion for fees should be denied.

        Plaintiff filed his complaint on September 2, 2004.  Defendants made an offer of

judgment for $25,000 plus reasonable attorney's fees and costs in early February 2008.

Plaintiff accepted the offer on February 9, 2008.  Despite the parties efforts to settle the

issue of attorneys' fees and costs, they were unsuccessful and sought court

_____

        [1] *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983).

intervention.  Plaintiff's counsel moved on May 1, 2008 seeking a combined attorneys'
fee of $70,456 based on a total of 243.5 hours, which defendants opposed.  In its
Memorandum Order of April 7, 2009, this court awarded attorneys' fees and costs in a
total amount of $52,361.98:  for the Neuberger firm $29,111.98; for the La Rosa firm
$23,250.00.  The Order also authorized plaintiff to move for reasonable attorneys' fees
and costs related to the filing and prosecution of the original fee petition.

**Applicable Standard**

In determining the fee to be awarded for time devoted to the preparation and
litigation of the fee petition, the fee petition litigation is treated "as a separate entity
subject to lodestar and *Hensley* reduction analysis."[2]  In that analysis, the lodestar fee
should be based on the "'results obtained,'" which is a "'particularly crucial [factor]
where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his
claims for relief.'"[3]  Since only an award of reasonable fees is allowed, "reduction of the
lodestar in cases of 'only partial or limited success' is necessary to ensure that a party
is not liable for 'excessive' attorney fees."[4]  Under the *Hensley* analysis, the court is
directed to eliminate hours which were not reasonably expended, or "are excessively
redundant, or otherwise unnecessary."[5]  Therefore, the *Hensley* rationale of an award
of a reasonable fee in light of the results obtained, applies equally to fees incurred in

---

[2] *Institutionalized Juveniles v. Secretary of Public Wlelfare,* 758 F.2d 897, 924
(3d Cir. 1985).
[3] *Id.* at 918 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 1940
(1983)).
[4] *Id.* (quoting *Hensley*,103 S. Ct. at 1941).
[5] *Id.* (quoting *Hensley*, 103 S. Ct. at 1939-40).

fee petition litigation.[6]  This circuit specifically recognizes that "the award of fees should

be tied to the results obtained," allowing only "for time spent on the fee application and

*successful* fee appeals."[7]  It has adopted the rationale applied in *Grendel's Den, Inc v.*

*Larkin*,[8] a First Circuit decision, where that court disallowed fees based on the time

spent litigating an unsuccessful portion of the fee petition.[9]  The Third Circuit

emphasized the reasoning in *Grendel's Den* that

> granting [fees] to his fees counsel [for hours spent on the unsuccessful
> claims] would stand the Fees Act on its head and encourage the filing of
> nonmeritorious claims for fees.[10]

*Institutionalized Juveniles* recognized, however, that *Hensley* did not "debar

recovery by a prevailing party because of the lack of complete success but requires that

the court ensure the award of reasonable fee in light of the results obtained . . . ."[11]

Since the award and reduction of fees is a matter of discretion for a district court, a

percentage reduction for lack of complete success may be applied.[12]  "A court has

discretion to decide whether it is proper to adjust the lodestar by a general reduction of

the lodestar, by the complete disallowance of hours spent litigating wholly unsuccessful

claims, or by use of both methods."[13]

---

[6] *Hensley* recognized that although a plaintiff "is a 'prevailing party' . . . may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved."  103 S. Ct. at 1939-40.
[7] *Prandini v. National Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978) (emphasis in original).
[8] 749 F.2d 945 (1st Cir. 1984).
[9] *Institutionalized Juveniles*, 758 F.2d at 924.
[10] *Id*. (quoting *Grendel's Den*, 749 F.2d at 958).
[11] *Id.* at 925 n.44.
[12] *Id.*
[13] *Id*. at 925.

3

**Parties' Positions**

Plaintiff relies on the court's prior decision in this matter which addresses the award of attorneys' fees. He points out that since he has already been found to be a prevailing party, he is entitled to recover reasonable fees and costs. He maintains, based upon the declarations of his attorneys, Thomas S. Neuberger ("TSN") and John LaRosa ("JLR"), that "all duplicative, extraneous or unnecessary time has been eliminated, and billing judgment . . . exercised by eliminating approximately 44.4 hours of time."[14] He contends that all work billed contributed "to the final result of the case and counsel is exercising billing judgment in making this fee application."[15] He argues that since he meets all the requirements for the recovery of attorneys' fees under 42 U.S.C. § 1988, he is entitled to an award of fees for the fee dispute portion.[16] Plaintiff notes that 13.5 hours were devoted by the Neuberger firm,[17] while 69.9 hours (after reduction of 44.4 hours from the original 114.3 hours) was incurred by the LaRosa firm for a total of 83.4 hours of fee dispute briefing in his case.[18] As a result, the

---

[14] Apparently, there was no reduction in time by the Neuberger firm. A total of 44.4 hours were eliminated from the LaRosa firm's time.

[15] Besides advising the court that counsel reduced his hours, no information is provided regarding why those hours were eliminated and the reasoning applied for the reduction.

[16] Plaintiff maintains that the attorneys' fees incurred were "reasonably expended" and are at the market rates. The rates involved are $450/hour for TSN, $250/hour for JLR and $250/hour for Stephen J. Neuberger ("SJN"), the same rates previously considered by the court in the original fee petition briefing. Defendants did not contest those hourly rates in the present briefing.

[17] According to the time sheets, the court calculates 13.5 hours. The hour difference is because on the Neuberger firm time sheets an hour is listed for charges by Parcels.

[18] Although plaintiff argues in the brief that 70.7 hours remain after 44.4 hours were deducted by the La Rosa firm from its bill, the billing records attached only confirm 69.9 hours. The court's math only substantiates 69.9 hours. Further, the fee amount

compensation being sought is $5,385.58 for the work of the Neuberger firm and $17,475 for the LaRosa firm for time through August 8, 2008.[19]  Plaintiff also requests reimbursement for expenses in the amount of $140.58 for photocopying and binding charges by Parcels for the fee briefing, which is included in the Neuberger firm's fees.

Defendants maintain that because plaintiff declined their multiple offers to settle the issue of fees and his award from the court was less than the amount offered by the defense, he is not entitled to recover any fees for his fee petition litigation.  Defendants describe the history of the unsuccessful negotiations between counsel regarding fees.[20] Defendants also point out that plaintiff's motion for reconsideration of the court's order to produce certain documents requested by the defense was denied.  Defendants argue that by filing his fee petition, plaintiff sought an award in an amount greater than the final amount offered by the defense, but was unsuccessful in that endeavor.  Since his fee petition was unsuccessful, the defense contends that the *Hensley* analysis requires his motion be denied.

**Analysis**

In analyzing the appropriate attorneys' fees, if any, for a fee petition, the court is guided by *Hensley* and Third Circuit application of that decision.

In the original fee petition, plaintiff sought all attorneys' fees incurred[21] and only

---

demanded by the LaRosa firm of $17,475 only supports 69.9 hours (69.9 x $250 = $17,475.)

[19] The time for the Neuberger firm begins from March 3, 2008 through August 8, 2008, while the time for the LaRosa firm runs from March 19, 2008 through August 8, 2008.

[20] The written communications between counsel were attached to defendants' brief as exhibits.

[21] The combined total of fees demanded was $70,456.

5

reduced his fee request by those hours expended on matters not compensable, such as, media related activity or administrative matters.[22]  In opposition to plaintiff's fee request, defendants initially argued that no fees were recoverable because plaintiff was not a prevailing party.  In addition, defendants disputed a number of the time entries and the fees incurred.  They also claimed that plaintiff failed to provide adequate support for the hourly rate of two associates of the Neuberger firm.  They did not dispute the hourly rate for the more senior counsel of both firms.  The defense further maintained that certain costs were not sufficiently documented.  In its decision of April 7, 2009, the court made the following determinations:  1) that plaintiff was a prevailing party, entitled to reasonable attorneys' fees; 2) that plaintiff had adequately supported the hourly rate for the two associates of the Neuberger firm; 3) that minimally sufficient confirmation was provided for the costs; 4) that the amount of hours expended for certain activities was either unreasonable, excessive or inadequately documented and therefore, the combined fee request should be reduced; and, 5) that plaintiff's motion to strike defendants' surreply brief be denied.  As a result, the combined fee award was reduced to $51,911, which is about a 26% overall reduction in the total fees demanded.[23]

Contrary to defendants' arguments, therefore, plaintiff was partially successful in his fee petition, particularly in light of the issues raised.  "A plaintiff prevails if s/he

---

[22] The Neuberger firm eliminated 3.7 hours while the LaRosa firm canceled out 14.8 hours, for a total of 18.5 hours.

[23] The Neuberger firm's attorneys' fees were reduced by 20%, while the reduction for the LaRosa firm was 33%.

achieves 'some of the benefit sought' in the suit."[24]  Although plaintiff did not recover the

amount of fees offered in settlement by the defense, defendants unsuccessfully

opposed any award of fees, the hourly rate of two attorneys and certain costs.

Modifications to plaintiff's fee request occurred, which warrant a reduction to the fees

for the fee petition litigation.  The time expended on a fee petition is compensable to the

extent that it results in the recovery of fees.[25]  Because plaintiff only achieved partial

success, a reduction in the lodestar is appropriate.[26]

As a result of the exhibits filed in the present briefing, the court learned, much to

its dismay, that limited fee negotiations occurred between March 26, 2008 and April 7,

2008 (a twelve day period containing two weekends).[27]  Those negotiations consisted of

an exchange of five letters and an email.  Plaintiff's opening demand of $72,121 was

essentially the same demand as in his motion for attorneys' fees and costs filed with the

court.  In the negotiations, that demand was eventually reduced to $64,908.90.[28]

Although defendants originally offered $47,000, their final offer before negotiations

ended was $60,000.  Because of a minor dispute of less than $5,000, the parties

proceeded to brief the fee issue.[29]  According to plaintiff, that briefing involved a total of

---

[24] *Durett v. Cohen*, 790 F.2d 360, 362 (3d Cir. 1986) (quoting *Institutionalized Juveniles*, 758 F.2d at 910).

[25] *Institutionalized Juveniles*, 758 F.2d at 924.

[26] *Durett*, 790 F.2d at 363.

[27] Based upon the dates of the correspondence, no negotiations occurred over any weekend.

[28] That amount was apparently a "drop dead" demand according to plaintiff's letter of April 2, 2008, confirmed in a subsequent email dated April 7, 2008 which rejected defendants' final offer of $60,000 on the same date.

[29] To suggest that the court is disappointed in counsel's judgment is an understatement.  That counsel chose to litigate over an amount which is palled by the extensive hours and filings devoted to the fee petition is irresponsible.

127.8 hours of his attorneys' time, *before* any reductions.  What those reductions were, the litmus test employed by plaintiff's counsel in making his determination and why certain items were deleted remain a mystery.[30]  Those hours, however, represent more than 50% of the hours initially spent on the entire case before the fee application litigation,[31] and more than 70% of the hours for which the court allowed reimbursement.[32]  In his present motion for recompense of 83.4 hours, plaintiff is suggesting that the fee petition constitutes about a third of all of the attorney time spent on his case.[33]  The amount of hours consumed for the fee petition litigation (before and after counsel's reduction) in relation to the amount of hours expended on the case[34] are excessive and not commensurate with the results obtained.  Contrary to the Supreme Court mandate, plaintiff's fee request petition resulted "in a second major litigation."[35]

Moreover, since the court denied plaintiff's motion to strike defendant's surreply

---

[30] The court suspects that the time deleted from mid-June to early July 2008 relates to certain discovery issues and plaintiff's motion for reargument of the Order of June 18, 2008.  The court advised during a hearing on July 1, 2008 addressing that discovery and the reargument motion that it would not allow fees or costs associated with either matter to be charged against the defendants.  The excluded time from June 18 to July 1, 2008 is 31.7 hours of the 44.4 hour reduction.

[31] In the original fee application, the Neuberger firm sought reimbursement for 104.8 hours and the LaRose firm sought payment for 138.7 hours.  Therefore, the amount of hours spent by plaintiff's counsel on the fee application litigation represents more than a third of the total hours expended in the case.

[32] In the April 7, 2009 decision, the award for fees to the Neuberger firm was based on 84 hours and for the LaRose firm, the hours allowed were 93, for a combined total of 177 hours.

[33] The reduced amount of 83.4 hours for which plaintiff is presently seeking compensation is an additional 47% of the hours for which the court granted reimbursement.

[34] Both the total amount of hours expended before and after the reduction by the court in the fee petition Memorandum Order.

[35] *Institutionalized Juveniles*, 758 F.2d at 924 n.42 (citing *Hensley*, 103 S. Ct. at 1941).

8

brief, any time expended for that motion is not recoverable.

Applying the *Hensley* rationale to the fee petition work requires decreasing the hours devoted to that litigation, to avoid "the seemingly inconsistent result of reducing the fees for work on the merits but granting the entire fee claimed for work on the fee petition."[36]  Although counsel unilaterally eliminated hours, as noted herein, the court was not informed of the rationale counsel applied, but suspects that certain of those hours were cut because of the verbal Order during a hearing.

Although there is no precise rule or formula for making lodestar reduction determinations, this court has discretion to decide whether and how to adjust the lodestar.[37]  Before a general reduction of the lodestar occurs, the court will first eliminate hours spent by the LaRosa firm on the motion to strike which reduces its requested amount to $16,737.50.[38]  Based on the modification to original lodestar fees in the fee petition decision and the analysis herein, the fees for the Neuberger firm are reduced to $4,196 plus costs of $140.98 for a total award of $4,336.98:  the fees for the LaRosa firm are reduced to $11,214.13.[39]  Therefore,

IT IS ORDERED and ADJUDGED, consistent with the findings herein, that plaintiff's supplemental memorandum in support of his motions for reasonable

---

[36] *Durett*, 790 F.2d at 363.

[37] *Institutionalized Juveniles*, 758 F.2d at 925.

[38] Based on the LaRosa firm's time sheets, 5.9 hours on August 7 and 8, 2008 were devoted to the motion to strike or in the alternative, reply to the defendants' surreply brief.  About half of the brief was devoted to responding to the defendants' surreply brief.  Therefore, only half of the total hours were eliminated or 2.95 hours from the total 69.9 hours (69.9 − 2.95 = 66.95 x $250 = $16,737.50).

[39] Neuberger firm calculations: $5,385.58 − 140.58 = $5,245 x .8 = $4,196 + $140.58 = $4,336.98.  LaRosa firm calculations: $16,737.50 x .67 = $11,214.13.

attorneys' fees and costs (D.I. 80) is GRANTED in part.  The total amount of fees and costs awarded on behalf of plaintiff and against defendants on his request for attorneys' fees and costs for the fee petition are as follows:  for the Neuberger firm $4,336.98; for the LaRosa firm $11,214.13.  Those amounts are in addition to the award of fees and costs in the Memorandum Order of April 7, 2009.

IT IS FURTHER ORDERED and ADJUDGED that defendants shall have until July 20, 2009 for payment of attorneys' fees and costs awarded herein and in the Memorandum Order of April 7, 2009 (D.I. 73) before interest will accrue.

June 4, 2009                              /s/ Mary Pat Thynge_____
                                          UNITED STATES MAGISTRATE JUDGE